IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IDA SMITH,<br><br>                Plaintiff,<br><br>v.<br><br>ALL PERSONS CLAIMING A<br>PRESENT OR FUTURE INTEREST<br>IN ESTATE 13, FRIIS, BAB<br>FRIIS NO. 1, ESTATE 15<br>CONCORDIA A. CORAL BAY<br>QUARTER, ST. JOHN, UNITED<br>STATES VIRGIN ISLANDS<br>EXCEPT THE UNITED STATES OF<br>AMERICA, NATIONAL PARK<br>SERVICE,<br><br>                Defendants. | CASE NO. 2011-41 |

REPORT AND RECOMMENDATION ON MOTION TO FILE
SECOND AMENDED COMPLAINT AND
FOR SERVICE BY PUBLICATION

Before the Court is plaintiff's motion for leave to file a second amended complaint and for service by publication. Plaintiff seeks to amend the Amended Complaint (ECF 4) to add specific named defendants, to assert a request for punitive damages, and to allow the "original survey Register No. 3783 by A.L. Shalowitz dated 1919" as an exhibit to the proposed second amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so

*Smith v. All persons claiming a present or future interest*
Civil No. 2011-41
Page 2 of 4

requires.[1]  A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile."[2] "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted"[3] or that "'the amendment will not cure [any] deficiency in the original complaint.'"[4]

Here, plaintiff alleges that the Court has subject matter jurisdiction of this action based on diversity of citizenship.  In order to invoke the Court's jurisdiction based on diversity of citizenship, however, plaintiff must allege the citizenship of all the parties to the action to demonstrate that the requirements of 28 U.S.C. § 1332 have been met.[5]  In plaintiff's proposed second complaint, plaintiff does not allege the citizenship of any of the

---

[1]  Fed. R. Civ. P. 15 (a).

[2]  *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa., Dec. 21, 2009) *(*citing *Foman v. Davis*, 371 U.S. 178 (1962)).

[3]  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

[4]  *Reszler v. Travelers Property Casualty Insurance*, 2007 U. S. Dist. LEXIS 24683, at *13 (D.N.J. April 3, 2007)(quoting *Onyiuke v. New Jersey State Supreme Court*, 435 F. Supp. 2d 394, 403 (D.N.J 2006)).

[5]  *Osthaus v. Button*, 70 F.2d 392, 393 (3d Cir. 1934)("Where the jurisdiction of the federal court is invoked on the basis of diversity of citizenship, the pleadings should affirmatively disclose that such diversity exists.").

*Smith v. All persons claiming a present or future interest*
Civil No. 2011-41
Page 3 of 4

parties.  As such, it would be futile to grant plaintiff's motion as the proposed Second Amended Complaint does not allege sufficient facts to support subject matter jurisdiction in this Court.

Accordingly, it is hereby

RECOMMENDED that plaintiff's motion to file a second amended complaint be DENIED without prejudice; it is further

RECOMMENDED that plaintiff have 21 days from the date of this Order to again seek for leave to amend; and it is further

RECOMMENDED that plaintiff's motion for service by publication be DENIED as plaintiff has not met the requirements of 5 V.I.C. § 112(a) such that the Court could grant the motion for service by publication.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

S_____

**RUTH MILLER**
United States Magistrate Judge

*Smith v. All persons claiming a present or future interest*
Civil No. 2011-41
Page 4 of 4