DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Civil No. 2011-41
                                    )
ALL PERSONS CLAIMING A PRESENT OR   )
FUTURE INTEREST IN ESTATE 13,       )
FRIIS, BAB FRIIS NO. 1, ESTATE 15,  )
CONCORDIA A., CORAL BAY QUARTER,    )
ST. JOHN, UNITED STATES VIRGIN      )
ISLANDS EXCEPT THE UNITED STATES    )
OF AMERICA, NATIONAL PARK SERVICE,  )
                                    )
            Defendants.             )
_____)

ATTORNEYS:

Ida Smith
New York, NY
      Pro se plaintiff.

Matthew J. Duensing, Esq.
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
      For the defendants all persons claiming a present or future
      interest and Clotte Diede.

Maria Takenson Hodge, Esq.
Hodge & Francois
St. Thomas, U.S.V.I.
      For the defendants Paul Hoffman; Jane Hoffman Walker; and
      David A. Bornn, Trustee of the GAF Trust.

Rafael F. Muilenburg, Esq.
Morrisette & Muilenburg
St. John, U.S.V.I.
      For the defendants William E. Smith; Eloise V. Smith;
      Deborah Pillorge; Claudette C. Hartshorn; Scott L.
      Hartshorn; Linda V. Smith-Francis; and George Pillorge.

Gloria McGowan
      Pro se defendant.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 2*


**Wayne Chesterfield**
*Pro se defendant and cross claimant.*


**Monique Francois**
*Pro se defendant.*
**Pedrito Francois**
*Pro se defendant.*


**Joseph Palminteri**
*Pro se defendant.*


**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
*For the defendants Carrie Glenn; Lori Jane Snack; William*
*B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis;*
*Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC;*
*Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G.*
*Fisher; Safia B. Durante; Donald Durante.*


**Marc Kave**
*Pro se defendant.*


**Emily J. Bratton**
*Pro se defendant.*


**Rick Hathaway**
*Pro se defendant.*


**Rene A. Servant**
*Pro se defendant.*


**Marie Therese Servant**
*Pro se defendant.*


**Brian K. Walden**
*Pro se defendant.*


**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
*For the defendant Stanley Selengut.*


**Mark D. Hodge, Esq.**
Hodge & Francois

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 3*

St. Thomas, U.S.V.I.
    *For the defendants Kevin M. Walsh and Treasure View LLC.*


**Scott E. Wilmoski**
    *Pro se defendant.*


**Jozef Nemeth**
    *Pro se defendant.*


**Nancy Nemeth**
    *Pro se defendant.*


**Fred S. Patterson**
    *Pro se defendant.*


**Margaret D. Patterson**
    *Pro se defendant.*


**John R. Perqulizzi**
    *Pro se defendant.*


**Terryhill Entrprises, II**
    *Pro se defendant.*


**Missouri LLC**
    *Pro se defendant.*


**Craig E. Mitchell**
    *Pro se defendant.*


**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For the defendant Alan Martin Kaufman.*


**Ann McCrave**
    *Pro se defendant.*


**Jeffrey J. McCrave**
    *Pro se defendant.*


**William R. Kincer**
    *Pro se defendant.*


**Susan B. Kincer**
    *Pro se defendant.*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 4*

**Susan Greer Littlefield**
    *Pro se defendant.*

**Kurt Shore**
    *Pro se defendant.*

**Suzanne L. Shore**
    *Pro se defendant.*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se defendant.*


<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

In March, 2011, Ida Smith ("Smith"), a New York resident, filed this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Smith asserted that this Court has subject matter jurisdiction based on diversity of citizenship. Smith brought this action against "all persons claiming a present or future interest" in the property.

Smith filed an amended complaint. Subsequently, Smith filed a motion for leave to file a second amended complaint. Smith did not allege the citizenship of each party. As such, the Magistrate Judge issued a report and recommendation which recommended that Smith's motion be denied as futile.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 5*

The Court adopted the Magistrate's report and
recommendation. Thus, Smith's motion for leave to file a second
amended complaint was denied.

Smith filed a second motion for leave to file a second
amended complaint. In her proposed second amended complaint
Smith alleged the citizenship of all parties to the action with
the exception of William B. Poppelton and Lorraine A. Poppelton
(collectively referred to as "the Poppeltons"), and Donald
Durante and Safia Durante (collectively referred to as "the
Durantes"). Smith, in pertinent part, alleged that "[a]ll of the
defendants listed in the caption under Estate 15 Concordia A
also have citizenship diverse from the Plaintiff's ... with the
exception of the Durantes and the Poppeltons having residences
in New York as [does] the Plaintiff." (Proposed Am. Compl. 3-4,
ECF No. 194). In her supporting memorandum Smith asserted that
"all defendants except two (the Durantes and the Poppeltons)
have citizenship diverse to the Plaintiff's." (Mem. in Supp. of
Mot. for Leave to File Second Am. Compl. 3, ECF No. 192).

In a February 1, 2012, order, the Court denied Smith's
second motion as futile. The Court also ordered the parties to
brief whether this Court has subject matter jurisdiction over
this matter.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Memorandum Opinion
Page 6

Smith submitted a brief as ordered by the Court. Smith requests a hearing to "align the parties to produce the necessary diversity of citizenship." (Pl.'s Br. 3, ECF No. 215).

The Court received a joint brief from Treasure View, LLC ("Treasure View"), Kevin Walsh ("Walsh"), Paul Hoffman, David A. Bornn as Trustee of the GAF Trust (successor in interest to Gloria McGowan), and Jane Hoffman Walker, (collectively referred to as the "Friis Owners").[1] The Court received a brief from Wayne Chesterfield. The Court also received a joint brief from William E. Smith, Eloise V. Smith, and Linda V. Smith-Francis.

## II. DISCUSSION

28 U.S.C. § 1332, in pertinent part, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... Citizens of different States..." 28 U.S.C. § 1332(a)(1).

"Where the jurisdiction of the federal court is invoked on the basis of diversity of citizenship, the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 393 (3d Cir. 1934).

---

[1] The Friis Owners assert that "the Court lacks subject matter jurisdiction in this matter based upon diversity of citizenship, and Plaintiff has failed to offer any valid alternative basis for subject matter jurisdiction." (Defs.' Br. 4, ECF No. 214). As such, they argue that this action should be dismissed with prejudice.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 7*

> A naked averment that one is a 'domiciliary' or a
> 'resident' of a state is insufficient. The statute
> requires that the averment be that one is a 'citizen'
> of a state. '*The whole record, however, may be looked*
> *to, for the purpose of curing a defective averment of*
> *citizenship* ... and if the requisite citizenship, is
> anywhere expressly averred in the record, or facts are
> therein stated which in legal intendment constitute
> such allegation, that is sufficient.'

*Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1324 n.5 (3d

Cir. 1972)(*quoting Sun Printing & Publishing Ass'n. v. Edwards*,

194 U.S. 377, 382 (1904))(emphasis added).

### III. <u>ANALYSIS</u>

Smith asserts that the Court has subject matter

jurisdiction based on diversity of citizenship. Smith also

asserts that her alignment of the parties is not binding on the

Court in determining whether diversity of citizenship exists.

She argues that "[t]he Court has the affirmative duty to

determine whether the 'necessary collision of interests' exists

between the opposing parties." (Pl.'s Br. 9-10, ECF No. 215).

"In determining the alignment of the parties for

jurisdictional purposes, the courts have a 'duty' to 'look

*beyond the pleadings* and arrange the parties according to their

sides in the dispute.'" *Development Finance Corp. v. Alpha Hous.*

*& Health Care*, 54 F.3d 156, 159 (3d Cir. 1995)(citing

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69

(1941))(emphasis added). "Opposing parties must have a

'collision of interests' over the 'principal purpose of the suit.'" *Alpha*, 54 F.3d at 159 (citing *Indianapolis*, 314 U.S. at 69).

In *Development Finance Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156 (3d Cir. 1995), Development Finance Corp. ("DEFCO") and The National Housing and Health Care Trust, Inc. ("National Housing") brought a breach of contract action against Alpha Housing & Health Care, Inc. ("Alpha") in federal district court. "Federal jurisdiction for the original claims [was] based on the diversity of citizenship between plaintiffs and defendant pursuant to 28 U.S.C. § 1332." *Id*. at 158.

Thereafter, Sylvan Associates, Inc. ("Sylvan"), sole member of Alpha, filed a motion to intervene as a defendant. The district court denied the motion. Sylvan then filed a motion to intervene as a third-party plaintiff. Sylvan sought to enjoin the performance of Alpha's contracts with DEFCO and National Housing. The district court denied Sylvan's motion. Sylvan appealed.

On appeal, the Third Circuit addressed the issue of subject matter jurisdiction. Specifically, the Circuit addressed whether Sylvan's claims were properly before the district court. Sylvan conceded that "there [was] no diversity of citizenship between itself and Alpha; both are Pennsylvania corporations." *Id*.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
*Memorandum Opinion*
*Page 9*

The Circuit determined that "where party designations have

jurisdictional consequences, we must align the parties before

determining jurisdiction." *Id*. at 160 (internal citation

omitted). In aligning the parties, the Third Circuit found that

> The "principal purpose" of the suit by DEFCO and
> National Housing is to enforce their agreements with
> Alpha. Both Alpha and Sylvan seek to set aside their
> agreements, paying at most the "equitable
> compensation" required by 15 Pa.C.S. § 5503(a).
> Although Sylvan's claim nominally opposes Alpha, in
> fact the basic interests of Alpha and Sylvan coincide
> with each other and collide with those of DEFCO and
> National Housing over the principal issue of the case.
> The 'actual adversity of interest' pits Alpha and
> Sylvan against DEFCO and National Housing.
> Consequently, Sylvan must be aligned with Alpha as a
> defendant. Sylvan's motion to intervene should be
> treated as raising a cross-claim against Alpha and a
> counterclaim against DEFCO and National Housing.

*Alpha*, 54 F.3d at 160.

Here, the "principal purpose" of Smith's suit is to claim

superior title to, and to determine the boundary lines of, a

specific parcel of real property ("Estate 14"). The Durantes and

the Poppeltons own interests in property on an adjoining parcel

of real property ("Estate 15"). Smith's claim to determine the

boundaries of Estate 14 includes the boundary between Estate 14

and Estate 15. As such, the basic interests of Smith collide

with those of both the Durantes and the Poppeltons "over the

principal issue of the case." *See Alpha*, 54 F.3d at 160. The

"actual adversity of interest pits" Smith against the Durantes

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 10*

and against the Poppletons. *See id*. at 159-60 (explaining that
"[i]n this circuit we have described the alignment inquiry as
one which obliges the court to penetrate the nominal party
alignment and to consider the parties' actual adversity of
interest")(internal citation omitted). As such, the current
alignment is appropriate.

Smith, as the party asserting diversity jurisdiction,
"bears the burden of proving that the federal court has
jurisdiction." *McCracken v. Murphy*, 129 Fed. Appx. 701, 702 (3d
Cir. 2005)(citing *McNutt v. General Motors Acceptance Corp.*, 298
U.S. 178, 188-89 (1936)). Smith must prove "that diversity of
citizenship exists by a preponderance of the evidence."
*Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011)
(citing *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)).

Smith does not allege her citizenship in her proposed
amended complaint. She alleges only that she is a "resident" of
New York. However, Smith states in another part of the record
that "[p]laintiff is a citizen of New York." (Pl.'s Br. 4, ECF
No. 215). Such a statement is sufficient to evidence Smith's
citizenship for the purpose of determining whether diversity of
citizenship exists. *See generally Shamoon Industries, Inc. v.
Imperato*, 338 F.2d 449 (3d Cir. 1964)(finding that the pleadings
*and* record revealed facts that were inconsistent with the

plaintiff's allegation of jurisdiction based on diversity of citizenship).

With respect to the Durantes and the Poppeltons, Smith merely alleges that they have "residences" in New York. Such an allegation is inadequate to plead citizenship. *See Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1324 n.5 (3d Cir. 1972)(explaining that "[a] naked averment that one is a 'domiciliary' or a 'resident' of a state is insufficient.")

Indeed, in at least two instances, Smith concedes that there is no complete diversity of citizenship. First, Smith states in her proposed second amended complaint that "[a]ll of the defendants listed in the caption under Estate 15 Concordia A also have citizenship diverse from the Plaintiff's ... *with the exception of* the Durantes and the Poppeltons..." (Proposed Am. Compl. 3-4, ECF No. 194)(emphasis added). Second, in her brief regarding the Court's subject matter jurisdiction, she asserts that the Court should realign the parties to "*produce* the necessary diversity of citizenship." (Pl.'s Br. 11, ECF No. 215)(emphasis added).

Based on the record, the Court finds that Smith has failed to prove "that a diversity of citizenship exists by a preponderance of the evidence." *See Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011)(internal citation omitted)*; see*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 12*

*also Ramsey v. Mellon Nat'l Bank & Trust Co.*, 350 F.2d 874, 878

(3d Cir. 1965)("Undoubtedly, the burden of proving diversity of

citizenship is on the plaintiff.")

Smith also asserts that the Court has jurisdiction over the

territorial law claims in "this matter pursuant to Title 28

U.S.C. § 1367..." (hereinafter referred to as "Section 1367").

(Pl.'s Br. 1, ECF No. 215). Indeed, all of Smith's claims are

territorial law claims. Section 1367 governs a district court's

*supplemental* jurisdiction. Smith, however, does not assert a

valid basis for *original* jurisdiction in this Court. As such,

Smith's argument is unavailing. *See* 28 U.S.C. § 1367 (a)(2012)

(instructing that "[e]xcept as provided in subsections (b) and

(c) ... in any civil action *of which the district courts have*

*original jurisdiction*, the district courts shall have

supplemental jurisdiction over all other claims that are so

related to claims *in the action within such original*

*jurisdiction* that they form part of the same case or controversy

under Article III of the United States Constitution....")

(emphasis added).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 13*

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, the Court will dismiss

this matter for lack of subject matter jurisdiction. An

appropriate order follows.


S_____

    **Curtis V. Gómez**
     **Chief Judge**