```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                              )
                                        )
               Plaintiff,               )
                                        )
          v.                            )
                                        )
ALL PERSONS CLAIMING A PRESENT OR       )
FUTURE INTEREST IN ESTATE 13,           )
FRIIS, LINDA V. SMITH-FRANCIS,          )
WILLIAM E. SMITH, ELOISE V. SMITH-      )
HENDRICKS, BAB FRIIS NO. 1, PAUL        )
HOFFMAN, JANE HOFFMAN-WALKER,           )
ELEANOR ADAMS HOFFMAN, MAXWELL          )
ADAMS HOFFMAN, GLORIA FRANCOIS          )
MCGOWAN, DAVID A. BORNN AS TRUSTEE      )
TO THE GAF TRUST ESTATE 14 JOHN'S       )
FOLLY EXCLUDING ALL HEIRS AT LAW,       )       Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY        )
QUARTER, ST JOHN UNITED STATES          )
VIRGIN ISLANDS, NATIONAL PARK           )
SERVICE, LAND RESOURCES DIVISION,       )
DEPARTMENT OF INTERIOR, THE UNITED      )
STATES OF AMERICA, STANLEY              )
SELENGUT, WILLIAM B. POPPELTON,         )
LORRAINE A. POPPELTON, KEVIN M.         )
WALSH, MARIA K. STURATIS, SCOTT E.      )
WILMOSKI, CHARLES M. PERDUE,            )
MONICA PERDUE, JOZSEF NEMETH,           )
NANCY NEMETH, FRED S. PATTERSON,        )
MARGARET D. PATTERSON, JOHN R.          )
PERGOLIZZI, TREASURE VIEW LLC,          )
GEORGE PILLORGE, DEBORAH PILLORGE,      )
SCOTT L. HARTSHORN, CLAUDETTE C.        )
HARTSHORN, HEINZ G. FISHER, LINDA       )
G. BURDET TRUSTEES OF THE HEINZ G.      )
FISHER TRUST, DONALD DURANTE,           )
SAFIA B. DURANTE, CRAIG E.              )
MITCHELL, ALAN MARTIN KAUFMAN,          )
RACHELLE KAUFMAN, JEFFREY J.            )
McCRAVE, ANN McCRAVE, DOROTHY K.        )
JANOSKO, WILLIAM R. KINCER, SUSAN       )
B. KINCER, SUSAN GREER                  )
LITTLEFIELD, WAYNE CHESTERFIELD,        )
MONIQUE FRANCOIS, PEDRITO               )
```

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Order
Page 2

```
FRANCOIS, SALT POND VISTA LLC,        )
V.I. JOSEPH PALMINTERI, CARRIE        )
GLENN, MARC KAVE, EMILY J.            )
BRATTON, RICK HATHAWAY, RENE A.       )
SERVANT aka RENE H. SERVANT, MARIE    )
THERESE L. SERVANT, LORI JANE         )
SNACK, BRIAN K. WALDEN,               )
MINISTER ISHMAEL R. MUHAMMED,         )
MICHAEL CARPER, REUBEN WHEATLEY,      )
et al.,                               )
                Defendants.           )
                                      )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
    *Pro se plaintiff,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
    *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
    *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
    *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
    *Francis; and George Pillorge,*

**Gloria McGowan**
    *Pro se,*

**Wayne Chesterfield**
    *Pro se,*

**Monique Francois**
    *Pro se,*

**Pedrito Francois**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Order
Page 3

**Joseph Palminteri**
    *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
    *Pro se,*

**Emily J. Bratton**
    *Pro se,*

**Rick Hathaway**
    *Pro se,*

**Rene A. Servant**
    *Pro se,*

**Marie Therese Servant**
    *Pro se,*

**Brian K. Walden**
    *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
    *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Kevin M. Walsh and Treasure View LLC,*

**Scott E. Wilmoski**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Order
Page 4

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*

**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Defendants Paul Hoffman, David Bornn as Trustee of the GAF Trust, and Jane Hoffman Walker's (the "Hoffman Defendants") to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2011, Smith initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Subsequently, Smith filed an amended complaint (the "First Amended Complaint"). (ECF No. 4.)

Thereafter, on July 18, 2011, Smith filed a motion for leave to file a second amended complaint. Smith attached to her motion a proposed second amended complaint (the "July 18th Proposed Complaint"). In the July 18th Proposed Complaint, Smith named more than thirty defendants which she sought to add. Smith

did not allege the citizenship of any of the proposed defendants.

Before the Court could rule on the motion for leave to amend, summonses were issued and executed for the thirty-plus defendants that Smith sought to add.

Thereafter, on November 4, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that Smith's motion for leave to amend her complaint be denied as futile. Specifically, the Magistrate stated that the "plaintiff does not allege the citizenship of any of the parties. As such, it would be futile to grant plaintiff's motion as the proposed Second Amended Complaint does not allege sufficient facts to support subject matter jurisdiction in this Court." (ECF No. 184.) The Court adopted the Magistrate's Report and Recommendation.

On November 26, 2011, Smith filed another motion for leave to file a second amended complaint. Smith attached to her motion a proposed second amended complaint (the "November 26th Proposed Complaint"). In the November 26th Proposed Complaint, Smith again named more than thirty defendants which she sought to add. On February 1, 2012, the Court again denied Smith's motion to file a second amended complaint.

Subsequently, on October 17, 2013, the Magistrate Judge granted Smith leave to file a Second Amended Complaint on or before October 31, 2013. On November 1, 2013, Smith filed her amended complaint (the "Second Amended Complaint"). (ECF No. 268.) Summonses were issued and executed.

The Hoffman Defendants now move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12()b)(6).

## II. <u>ANALYSIS</u>

**1. The Hoffman Defendants' Status as Defendants**

The Hoffman Defendants were not included as defendants in the First Amended Complaint. On November 1, 2013, Smith filed the Second Amended Complaint. The Second Amended Complaint includes the Hoffman Defendants. Accordingly, the Hoffman Defendants may only file this motion if the Second Amended Complaint replaced the First Amended Complaint as the operative complaint.

Federal Rule of Civil Procedure 15 governs the amendment of complaints. Rule 15(a) states in relevant part that "[a] party may amend its pleading *once* as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1)(emphasis added). Smith amended her complaint once as a matter of course on April 1, 2011 when she

filed her first amended complaint. The First Amended Complaint then became the operative complaint.

Rule 15(b) governs subsequent amendment of the complaint. Rule 15(b) in relevant part states that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

Smith did not receive written consent from the opposing party to file the Second Amended Complaint. Accordingly, Smith could only file the Second Amended Complaint with the Court's leave. On October 17, 2013, the Magistrate Judge granted Smith leave to file the Second Amended Complaint on or before October 31, 2013.

Federal Rule of Civil Procedure 6 states in relevant part that "[u]nless a different time is set by . . . local rule . . . the last day ends . . .  for electronic filing, at midnight in the court's time zone . . . ." Fed. R. Civ. P. 6(a)(4). The Court's local rules state that:

> Filing a document electronically does not alter the filing deadline for that document. Unless otherwise ordered by the Court a filing must be completed before 11:59 p.m. U.S. Virgin Islands time in order to be considered timely filed that day.

LRCi 5.4(c)(4). Furthermore:

> When a document has been filed electronically, the official record is the electronic document as stored by the Court, and the filing party is bound by that

>    document. Except in the case of documents first filed
>    in paper form and subsequently submitted
>    electronically, a document filed electronically is
>    deemed filed on the date and at the time stated on the
>    Notice of Electronic Filing from the Court.

LRCi 5.4(c)(3).

Therefore, the deadline for Smith to file an amended complaint was 11:59 PM on October 31, 2013. The record indicates that Smith filed the Second Amended Complaint at 12:11 AM on November 1, 2013. Plaintiff missed the deadline by twelve minutes. Accordingly, when Smith filed the Second Amended Complaint, she filed it without the Court's leave. Her attempted amendment did not comply with Rule 15.

Nevertheless, "some courts have held . . . that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties w[ould] be prejudiced by allowing the change." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed. 2014); *see, e.g., U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295-97 (5th Cir. 2003)(holding that the exception did not apply because applying it would have prejudiced a party); *U.S., for Use & Benefit of Dorfman, v. Standard Sur. & Cas. Co. of New York*, 1 F.R.D. 239, 240 (S.D.N.Y. 1940)(applying the exception).

The Court would likely have granted Smith leave to file her Second Amended Complaint one day after the previous deadline if she had requested it. Furthermore, the Court is unable to identify any prejudice to the parties caused by Smith's untimely filing. Therefore, the Court will extend the time within which Smith may file an amended complaint to November 1, 2013. The Court's extension is *nunc pro tunc* to October 31, 2013. Accordingly, the Second Amended Complaint is timely. It is now the operative complaint.[1]

**2. Res Judicata**

Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief may be granted. "In considering a Rule 12(b)(6) motion, the Court may dismiss a complaint if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *Bostic v. AT & T,* 166 F.Supp.2d 350, 354 (D.V.I. 2001) (quoting *Mruz v. Caring, Inc.,* 39 F.Supp.2d 495, 500 (D.N.J. 1999)). "While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of facts which could be

---

[1] The Court has issued post-November 1, 2013 orders indicating that the First Amended Complaint was the operative complaint. These orders remain valid after the Court's *nunc pro tunc* extension of time. Each of these orders either rested on valid, alternative grounds or did not turn on the differences between the First Amended Complaint and the Second Amended Complaint.

shown to be consistent with a complaint, the plaintiff is not entitled to relief." *Id.* (citations omitted).

When a movant raises a res judicata affirmative defense through a Rule 12(b)(6) motion, the movant bears the burden of proving each element of the affirmative defense. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Moreover, the Court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).

The premises having been considered, it is hereby

**ORDERED** that the Hoffman Defendants' motion to dismiss for failure to state a claim is **DENIED** without prejudice.

S\_____
**Curtis V. Gómez**
**District Judge**