DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IDA SMITH,                                                         )<br>                                                                    )<br>            Plaintiff,                                              )<br>                                                                    )<br>     v.                                                             )<br>                                                                    )<br>ALL PERSONS CLAIMING A PRESENT OR                                   )<br>FUTURE INTEREST IN ESTATE 13,                                       )<br>FRIIS, LINDA V. SMITH-FRANCIS,                                      )<br>WILLIAM E. SMITH, ELOISE V. SMITH-                                  )<br>HENDRICKS, BAB FRIIS NO. 1, PAUL                                    )<br>HOFFMAN, JANE HOFFMAN-WALKER,                                       )<br>ELEANOR ADAMS HOFFMAN, MAXWELL                                      )<br>ADAMS HOFFMAN, GLORIA FRANCOIS                                      )<br>MCGOWAN, DAVID A. BORNN AS TRUSTEE                                  )<br>TO THE GAF TRUST ESTATE 14 JOHN'S                                   )<br>FOLLY EXCLUDING ALL HEIRS AT LAW,                                   )<br>ESTATE 15 CONCORDIA A, CORAL BAY                                    )<br>QUARTER, ST JOHN UNITED STATES                                      )<br>VIRGIN ISLANDS, NATIONAL PARK                                       )<br>SERVICE, LAND RESOURCES DIVISION,                                   )<br>DEPARTMENT OF INTERIOR, THE UNITED                                  )<br>STATES OF AMERICA, STANLEY                                          )<br>SELENGUT, WILLIAM B. POPPELTON,                                     )<br>LORRAINE A. POPPELTON, KEVIN M.                                     )<br>WALSH, MARIA K. STURATIS, SCOTT E.                                  )<br>WILMOSKI, CHARLES M. PERDUE,                                        )<br>MONICA PERDUE, JOZSEF NEMETH,                                       )<br>NANCY NEMETH, FRED S. PATTERSON,                                    )<br>MARGARET D. PATTERSON, JOHN R.                                      )<br>PERGOLIZZI, TREASURE VIEW LLC,                                      )<br>GEORGE PILLORGE, DEBORAH PILLORGE,                                  )<br>SCOTT L. HARTSHORN, CLAUDETTE C.                                    )<br>HARTSHORN, HEINZ G. FISHER, LINDA                                   )<br>G. BURDET TRUSTEES OF THE HEINZ G.                                  )<br>FISHER TRUST, DONALD DURANTE,                                       )<br>SAFIA B. DURANTE, CRAIG E.                                          )<br>MITCHELL, ALAN MARTIN KAUFMAN,                                      )<br>RACHELLE KAUFMAN, JEFFREY J.                                        )<br>McCRAVE, ANN McCRAVE, DOROTHY K.                                    )<br>JANOSKO, WILLIAM R. KINCER, SUSAN                                   )<br>B. KINCER, SUSAN GREER                                              )<br>LITTLEFIELD, WAYNE CHESTERFIELD,                                    )<br>MONIQUE FRANCOIS, PEDRITO                                           ) | Civil No. 2011-41 |

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

```
FRANCOIS, SALT POND VISTA LLC,        )
V.I. JOSEPH PALMINTERI, CARRIE        )
GLENN, MARC KAVE, EMILY J.            )
BRATTON, RICK HATHAWAY, RENE A.       )
SERVANT aka RENE H. SERVANT, MARIE    )
THERESE L. SERVANT, LORI JANE         )
SNACK, BRIAN K. WALDEN,               )
MINISTER ISHMAEL R. MUHAMMED,         )
MICHAEL CARPER, REUBEN WHEATLEY,      )
et al.                                )
                    Defendants.       )
                                      )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
  *Pro se plaintiff,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
  *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
  *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
  *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
  *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
  *Francis; and George Pillorge,*

**Gloria McGowan**
  *Pro se,*

**Wayne Chesterfield**
  *Pro se,*

**Monique Francois**
  *Pro se,*

**Pedrito Francois**
  *Pro se,*

**Joseph Palminteri**
  *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
   *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
   *Pro se,*

**Emily J. Bratton**
   *Pro se,*

**Rick Hathaway**
   *Pro se,*

**Rene A. Servant**
   *Pro se,*

**Marie Therese Servant**
   *Pro se,*

**Brian K. Walden**
   *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
   *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
   *For Kevin M. Walsh and Treasure View LLC,*

**Scott E. Wilmoski**
   *Pro se,*

**Jozef Nemeth**
   *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 4*

**Nancy Nemeth**
  *Pro se defendant.*

**Fred S. Patterson**
  *Pro se,*

**Margaret D. Patterson**
  *Pro se defendant.*

**John R. Perqulizzi**
  *Pro se,*

**Terryhill Enterprises, II**
  *Pro se,*

**Missouri LLC**
  *Pro se,*

**Craig E. Mitchell**
  *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
  *For Alan Martin Kaufman,*

**Ann McCrave**
  *Pro se,*

**Jeffrey J. McCrave**
  *Pro se,*

**William R. Kincer**
  *Pro se,*

**Susan B. Kincer**
  *Pro se,*

**Susan Greer Littlefield**
  *Pro se,*

**Kurt Shore**
  *Pro se,*

**Suzanne L. Shore**
  *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

    Before the Court is Defendant Wayne Chesterfield's ("Chesterfield") motion to disqualify Judge Curtis V. Gómez.

    Plaintiff Ida Smith ("Smith") initiated this action on March 24, 2011. On April 1, Smith filed an amended complaint. On two subsequent occasions, she attempted to further amend her complaint. The Court denied Smith leave to amend her complaint on both occasions.

    Thereafter, on October 17, 2013, the Magistrate granted Smith leave to amend her complaint on or before October 31, 2013. The Court extended that deadline *nunc pro tunc* to November 1, 2013. On November 1, 2013, Smith filed a second amended complaint naming a number of defendants, including Chesterfield.

    Subsequently, on March 25, 2014, Chesterfield moved to disqualify the undersigned, alleging bias and asserting that the undersigned's impartiality might reasonably be questioned.

    Chesterfield makes several allegations in support of his motion. Generally, Chesterfield complains: that the Court failed to take certain actions such as holding a hearing on this case; that the undersigned has some financial interest in the property

at issue; and that the Court failed to properly apply the relevant laws.

Section 455 of Title 28 of the United States Code ("Section 455") outlines the circumstances that require disqualification of a judge. Section 455, in pertinent part, provides that:

- (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

- (b) He shall also disqualify himself in the following circumstances:

    - (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    - (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    - (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455 ("Section 455").

The Supreme Court has stated that the purpose of Section 455 is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias.... Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co.*, 148 F.3d 283, 343 (3d Cir. 1998) (internal quotations omitted); *see also Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality.")

"[T]he responsibility for deciding a Section 455 motion to recuse lies with the judge to whom the motion is directed." *In re Kensington Intern. Ltd.*, 353 F.3d 211, 223 n.12 (3d Cir. 2003) (citing *Bernard v. Coyne,* 31 F.3d 842, 843 (9th Cir. 1994). The Court is not required to take the movant's argument at face value. *See United States v. Martorano,* 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had

been created, not on 'possibilities' and unsubstantiated allegations."). Rather, the Court must determine for itself whether there exists an adequate basis for recusal. *See generally Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995) (explaining that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

Chesterfield makes conclusory allegations that take issue with the Court's rulings, express displeasure with the Court's scheduling, and accuse the undersigned of having a financial interest in the property at issue in this case. Those allegations are insufficient for several reasons.

First,

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (assessing a claim of bias pursuant to Section 455). Here, to the extent Chesterfield alleges bias based on the undersigned's judicial rulings, Chesterfield's allegations of bias are fatally deficient.

Second, Chesterfield's allegation that the undersigned has a financial interest in the case is similarly unavailing. In Chesterfield's affidavit attached to the motion, he alleges that Dudley, Topper and Feuerzeig, LLP "holds an interest in this action by means of title insurance in the subject properties." (ECF No. 302-1.) Regardless, the undersigned retains no financial interest in Dudley, Topper and Feuerzeig, LLP.

In Chesterfield's motion, he also alleges that Ogletree, Deakins, Nash, Smoak & Stewart, PC "*may* have issued title insurance" on the relevant properties. (ECF No. 302)(emphasis added). Because Chesterfield's allegation relies on "possibilities" and is an "unsubstantiated allegation[]," this allegation is deficient. *United States v. Martorano,* 866 F.2d at 68.

The premises considered, it is hereby

**ORDERED** that Chesterfield's Motion to Disqualify is **DENIED.**

                                                       S\_____
                                                       **CURTIS V. GÓMEZ**
                                                       **District Judge**