```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                                )
                                          )
            Plaintiff,                    )
                                          )
       v.                                 )
                                          )
ALL PERSONS CLAIMING A PRESENT OR         )
FUTURE INTEREST IN ESTATE 13,             )
FRIIS, LINDA V. SMITH-FRANCIS,            )
WILLIAM E. SMITH, ELOISE V. SMITH-        )
HENDRICKS, BAB FRIIS NO. 1, PAUL          )
HOFFMAN, JANE HOFFMAN-WALKER,             )
ELEANOR ADAMS HOFFMAN, MAXWELL            )
ADAMS HOFFMAN, GLORIA FRANCOIS            )
MCGOWAN, DAVID A. BORNN AS TRUSTEE        )
TO THE GAF TRUST ESTATE 14 JOHN'S         )
FOLLY EXCLUDING ALL HEIRS AT LAW,         )    Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY          )
QUARTER, ST JOHN UNITED STATES            )
VIRGIN ISLANDS, NATIONAL PARK             )
SERVICE, LAND RESOURCES DIVISION,         )
DEPARTMENT OF INTERIOR, THE UNITED        )
STATES OF AMERICA, STANLEY                )
SELENGUT, WILLIAM B. POPPELTON,           )
LORRAINE A. POPPELTON, KEVIN M.           )
WALSH, MARIA K. STURATIS, SCOTT E.        )
WILMOSKI, CHARLES M. PERDUE,              )
MONICA PERDUE, JOZSEF NEMETH,             )
NANCY NEMETH, FRED S. PATTERSON,          )
MARGARET D. PATTERSON, JOHN R.            )
PERGOLIZZI, TREASURE VIEW LLC,            )
GEORGE PILLORGE, DEBORAH PILLORGE,        )
SCOTT L. HARTSHORN, CLAUDETTE C.          )
HARTSHORN, HEINZ G. FISHER, LINDA         )
G. BURDET TRUSTEES OF THE HEINZ G.        )
FISHER TRUST, DONALD DURANTE,             )
SAFIA B. DURANTE, CRAIG E.                )
MITCHELL, ALAN MARTIN KAUFMAN,            )
RACHELLE KAUFMAN, JEFFREY J.              )
McCRAVE, ANN McCRAVE, DOROTHY K.          )
JANOSKO, WILLIAM R. KINCER, SUSAN         )
B. KINCER, SUSAN GREER                    )
LITTLEFIELD, WAYNE CHESTERFIELD,          )
MONIQUE FRANCOIS, PEDRITO                 )
```

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

```
FRANCOIS, SALT POND VISTA LLC,        )
V.I. JOSEPH PALMINTERI, CARRIE        )
GLENN, MARC KAVE, EMILY J.            )
BRATTON, RICK HATHAWAY, RENE A.       )
SERVANT aka RENE H. SERVANT, MARIE    )
THERESE L. SERVANT, LORI JANE         )
SNACK, BRIAN K. WALDEN,               )
MINISTER ISHMAEL R. MUHAMMED,         )
MICHAEL CARPER, REUBEN WHEATLEY,      )
et al.,                               )
                Defendants.           )
                                      )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
    *Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
    *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
    *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
    *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
    *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
    *Francis; and George Pillorge,*

**Gloria McGowan**
    *Pro se,*

**Wayne Chesterfield**
    *Pro se,*

**Monique Francois**

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 3*

> *Pro se,*

**Pedrito Francois**
> *Pro se,*

**Joseph Palminteri**
> *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
> *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
> *Pro se,*

**Emily J. Bratton**
> *Pro se,*

**Rick Hathaway**
> *Pro se,*

**Rene A. Servant**
> *Pro se,*

**Marie Therese Servant**
> *Pro se,*

**Brian K. Walden**
> *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
> *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
> *For Kevin M. Walsh and Treasure View LLC,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 4*

**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the motion of Ida Smith ("Smith") to disqualify Judge Curtis V. Gómez.

In her motion, Smith notes that the undersigned was formerly employed as an attorney at Dudley, Topper and Feuerzeig. She also indicates that "George H.T. Dudley of Dudley, Topper and Feuerzeig was the Plaintiff in Dudley v. Meyers DCVI 279-1967 and the Appellant in USCA for the Third Circuit 17580, 17581 and 17582." (Motion to Disqualify, ECF No. 359, at 2.) Smith further indicates that certain defendants in this action are successors in interest to parties in the previously referenced case.[1] Smith also objects to the Court's

---

[1] Smith has not submitted any evidence in support of these statements in her motion. Nevertheless, the Court will assume their truth for the purpose of resolving this motion. For that limited purpose, the Court will also assume that the matter in controversy presented here is the same matter in controversy in those cases.

rulings and the Court's failure to address motions within her desired timeframe.[2]

It is unclear whether she is arguing that the undersigned's recusal is required by 28 U.S.C. s 455(a), 28 U.S.C. s 455(b)(1), or 28 U.S.C. s 455(b)(2). The Court will determine whether recusal is appropriate under any of those prongs.

### A. 28 U.S.C. s 455(b)(2)

28 U.S.C. § 455(b)(2) states, in relevant part, that a judge "shall . . . disqualify himself . . . [w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or

---

[2] Smith indicates that the Court has permitted the successors in interests of the parties in the cited case--who are named defendants in this action--to "cause interference" in the action. The only interference she describes is the filing of a motion to dismiss that she views as meritless. Smith also indicates in her affidavit--but not her motion--that the Court has not yet decided pending motions to dismiss and for summary judgment. At the time of her filing, the oldest of those motions had been pending for approximately five months. The majority of the other motions had been pending for less than three months.

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994)(assessing a claim of bias pursuant to Section 455). The Court does not find that such rare circumstances are presented here.

such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2).

The undersigned was not employed by Dudley, Topper and Feuerzeig until the case cited by Smith had concluded. That case was litigated and decided in the 1960's and 1970's, long before the undersigned's association with the law firm. 28 U.S.C. § 455(b)(2) only requires recusal when "a lawyer with whom [a judge] previously practiced law served *during such association* as a lawyer concerning the matter . . . ." 28 U.S.C. § 455(b)(2)(emphasis supplied). The undersigned is unaware of any legal work done on this matter by any attorney at Dudley, Topper and Feuerzeig while he was associated with the firm. Accordingly, 28 U.S.C. s 455(b)(2) does not require recusal.

**B. 28 U.S.C. s 455(b)(1)**

28 U.S.C. § 455(b)(2) states, in relevant part, that a judge "shall . . . disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(2).

The Third Circuit has considered whether prior employment alone may demonstrate requisite bias. *See generally Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987). In *Edelstein v. Wilentz*, the plaintiff sought "a declaration that a Rule promulgated by

the New Jersey Supreme Court deprived [the plaintiff] and all other attorneys of the State of New Jersey of their federal constitutional rights guaranteed by the First, Fifth and Fourteenth Amendments and an injunction against continued enforcement of the Rule." *Id.* at 129-30. The case was assigned to a judge that "had served from 1973 to 1978 as Director of the Office of the New Jersey State Courts charged with enforcement of the New Jersey Supreme Court rules governing attorneys' professional conduct." *Id.* at 130. "[I]t had been eight years since [the judge] had been employed by the New Jersey State Courts and . . . he had not been involved in the "promulgation or passing or acceptance" of [the Rule], which was promulgated after he left his position with the New Jersey State Courts." *Id.* The plaintiff filed a motion to dismiss because he believed the judge may have had a personal bias against him. *Id.* The district court denied the motion. *Id.*

On appeal, the Third Circuit affirmed the district court. The Third Circuit rejected the plaintiff's argument because the plaintiff had "failed to support his allegation of personal bias with any evidence other than the allegation of [the judge's] prior employment. Since [the judge] had not had any personal responsibility for or connection with the subsequently enacted Rule, his prior employment does not constitute bias in fact

which requires recusal under section 455(b)(1)."*Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987).

Here, the undersigned previously worked for Dudley, Topper & Feuerzeig. However, like the judge in *Edelstein v. Wilentz*, the undersigned had no involvement in the matter at issue. Moreover, the undersigned has no personal knowledge of any disputed evidentiary facts. Accordingly, 28 U.S.C. s 455(b)(1) does not require recusal.

### C. 28 U.S.C. s 455(a)

28 U.S.C. § 455(a) states, in relevant part, that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

The situation presented here bears some similarity to the situation presented in *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223 (3d Cir. 2001). In that case, the defendant was represented by the judge's former law firm--Dilworth, Paxson, Kalish & Kauffman ("Dilworth")--and by one the judges former

colleagues--Attorney James J. Rodgers ("Rodgers"). *See Martin*, 240 F.3d at 231. The judge in that case

> had been affiliated with the Dilworth firm as an associate from 1983 through 1986, and as a partner from 1986 through 1992. The judge had joined Dilworth at the same time as had Attorney Rodgers; in 1986 they both had become partners. The judge worked for the firm in the Scranton office; Rodgers worked in its Philadelphia office. In 1992, the judge terminated his association with Dilworth; his financial arrangements with the firm ceased in October 1994, and he had never represented Monumental during his affiliation with Dilworth.

*Id.* The Third Circuit held that "there were no circumstances showing any lingering, disqualifying relationship and nothing to suggest to any reasonable person an appearance of impartiality." *Id.* at 236. Indeed, the Third Circuit called the judge's disqualification in a related case with the same attorney "unnecessary" and "improvident." *Id.*

Here, the undersigned worked at Dudley, Topper & Feuerzeig for four years, left the firm more than 17 years ago, and has no financial arrangements with the firm. As such, the Court finds that there is no appearance of partiality. Accordingly, 28 U.S.C. s 455(a) does not require recusal.

The premises considered; it is hereby

**ORDERED** that Smith's motion to disqualify is **DENIED**.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 11*

                                                  S_____
                                                    **Curtis V. Gómez**
                                                    **District Judge**

Case: 3:11-cv-00041-CVG-RM   Document #: 368   Filed: 06/18/15   Page 11 of 11

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 11*