```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                                )
                                          )
            Plaintiff,                    )
                                          )
            v.                            )
                                          )
ALL PERSONS CLAIMING A PRESENT OR         )
FUTURE INTEREST IN ESTATE 13,             )
FRIIS, LINDA V. SMITH-FRANCIS,            )
WILLIAM E. SMITH, ELOISE V. SMITH-        )
HENDRICKS, BAB FRIIS NO. 1, PAUL          )
HOFFMAN, JANE HOFFMAN-WALKER,             )
ELEANOR ADAMS HOFFMAN, MAXWELL            )
ADAMS HOFFMAN, GLORIA FRANCOIS            )
MCGOWAN, DAVID A. BORNN AS TRUSTEE        )
TO THE GAF TRUST ESTATE 14 JOHN'S         )
FOLLY EXCLUDING ALL HEIRS AT LAW,         )      Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY          )
QUARTER, ST JOHN UNITED STATES            )
VIRGIN ISLANDS, NATIONAL PARK             )
SERVICE, LAND RESOURCES DIVISION,         )
DEPARTMENT OF INTERIOR, THE UNITED        )
STATES OF AMERICA, STANLEY                )
SELENGUT, WILLIAM B. POPPELTON,           )
LORRAINE A. POPPELTON, KEVIN M.           )
WALSH, MARIA K. STURATIS, SCOTT E.        )
WILMOSKI, CHARLES M. PERDUE,              )
MONICA PERDUE, JOZSEF NEMETH,             )
NANCY NEMETH, FRED S. PATTERSON,          )
MARGARET D. PATTERSON, JOHN R.            )
PERGOLIZZI, TREASURE VIEW LLC,            )
GEORGE PILLORGE, DEBORAH PILLORGE,        )
SCOTT L. HARTSHORN, CLAUDETTE C.          )
HARTSHORN, HEINZ G. FISHER, LINDA         )
G. BURDET TRUSTEES OF THE HEINZ G.        )
FISHER TRUST, DONALD DURANTE,             )
SAFIA B. DURANTE, CRAIG E.                )
MITCHELL, ALAN MARTIN KAUFMAN,            )
RACHELLE KAUFMAN, JEFFREY J.              )
McCRAVE, ANN McCRAVE, DOROTHY K.          )
JANOSKO, WILLIAM R. KINCER, SUSAN         )
B. KINCER, SUSAN GREER                    )
LITTLEFIELD, WAYNE CHESTERFIELD,          )
MONIQUE FRANCOIS, PEDRITO                 )
```

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 2*

**FRANCOIS, SALT POND VISTA LLC,**         )
**V.I. JOSEPH PALMINTERI, CARRIE**         )
**GLENN, MARC KAVE, EMILY J.**             )
**BRATTON, RICK HATHAWAY, RENE A.**        )
**SERVANT aka RENE H. SERVANT, MARIE**     )
**THERESE L. SERVANT, LORI JANE**          )
**SNACK, BRIAN K. WALDEN,**                )
**MINISTER ISHMAEL R. MUHAMMED,**          )
**MICHAEL CARPER, REUBEN WHEATLEY,**       )
**et al.,**                                )
                        **Defendants.**    )
                                           )


**APPEARANCES:**

**Ida Smith**
New York, NY
     *Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
     *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
     *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
     *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
     *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
     *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
     *Francis; and George Pillorge,*

**Gloria McGowan**
     *Pro se,*

**Wayne Chesterfield**
     *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 3*

**Monique Francois**
    *Pro se,*

**Pedrito Francois**
    *Pro se,*

**Joseph Palminteri**
    *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
    *Pro se,*

**Emily J. Bratton**
    *Pro se,*

**Rick Hathaway**
    *Pro se,*

**Rene A. Servant**
    *Pro se,*

**Marie Therese Servant**
    *Pro se,*

**Brian K. Walden**
    *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
    *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Kevin M. Walsh and Treasure View LLC,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 4*

**Scott E. Wilmoski**
 *Pro se,*

**Jozef Nemeth**
 *Pro se,*

**Nancy Nemeth**
 *Pro se defendant.*

**Fred S. Patterson**
 *Pro se,*

**Margaret D. Patterson**
 *Pro se defendant.*

**John R. Perqulizzi**
 *Pro se,*

**Terryhill Enterprises, II**
 *Pro se,*

**Missouri LLC**
 *Pro se,*

**Craig E. Mitchell**
 *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
 *For Alan Martin Kaufman,*

**Ann McCrave**
 *Pro se,*

**Jeffrey J. McCrave**
 *Pro se,*

**William R. Kincer**
 *Pro se,*

**Susan B. Kincer**
 *Pro se,*

**Susan Greer Littlefield**
*Pro se,*

**Kurt Shore**
*Pro se,*
**Suzanne L. Shore**
*Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
*Pro se.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of the United States for judgment on the pleadings, which the Court construes as a facial motion to dismiss for lack of subject-matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

In March, 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Subsequently, Smith filed an amended complaint (the "First Amended Complaint"). ECF No. 4.

On October 17, 2013, the Magistrate Judge granted Smith leave to file a Second Amended Complaint on or before October 31, 2013. On November 1, 2013, Smith filed her amended complaint (the "Second Amended Complaint"), which named more than thirty defendants, including the National Park Service, an agency of the United States. ECF No. 268.

The Court *sua sponte nunc pro tunc* granted Smith an extension of time to file her amended complaint until November 1, 2013. The Court then held that the Second Amended Complaint was the operative complaint.

Thereafter, the United States filed the instant motion.

## II. DISCUSSION

Subject-matter jurisdiction may be challenged by either "a facial attack on the complaint," *Doe v. Goldstein's Deli,* 82 Fed. App'x 773, 775 (3d Cir.2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977), or a factual challenge, which "question[s] the existence of subject matter jurisdiction in fact, apart from the pleadings." *Id.* Regardless of the form of the challenge, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000)).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citing *PBGC v. White,* 998 F.2d 1192, 1196 (3d

Cir.1993). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of . . . jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller v. Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004).

### III. ANALYSIS

The United States's motion is titled as a motion for judgment on the pleadings. The motion argues that the claims against the United States must be dismissed for failure to comply with the United States's limited waiver of sovereign immunity for actions involving real property and for failure to adequately plead standing.

This Court lacks subject-matter jurisdiction to proceed on claims against the United States unless: (1) the United States has waived sovereign immunity, *see Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005), and (2) the plaintiff has standing to bring the claims, *see Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Therefore, the Court will construe the United States's motion as a facial motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

By enacting the Quiet Title Act ("QTA"), Congress waived sovereign immunity for certain actions involving real property. *See generally* 28 U.S.C. 2409A. At the same time, Congress required that in an action brought pursuant to the QTA, that "[t]he complaint set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d).

In her complaint, Smith alleges that she has:

> a present interest in the *remnant lands* of Estate 14 John's Folly, Coral bay Quarter, St. John, U.S.V.I[.], by which she is entitled, due to the entire seventy five acres of Estate 14 John's Folly having been parceled out to all of the legal heirs except . . . [her].

ECF No. 268, at ¶ 1 (emphasis supplied). Significantly, while Smith refers to the remnant lands of Estate 14 John's Folly, she does not identify what land is the remnant land that she believes she has inherited. Reviewing Smith's complaint in its entirety, the Court can only surmise that the remnant lands bear some relation to the United States Coast and Geodetic Survey referenced in her complaint. Regardless, it is not the Court's obligation, nor is it the United States's obligation, to guess at the real property claimed by Smith. *See* 28 U.S.C. § 2409a(d).

Because Smith has failed to identify the remnant land that she alleges is claimed by the United States, she has failed to comply with the QTA's requirement that she "set forth with particularity the nature of the right, title, or interest which . . . [she] claims in the real property . . . ." *See id.*

    The QTA also requires that Smith "set forth with particularity . . . the circumstances under which . . . [the right, title, or interest which she claims] was acquired . . . ." 28 U.S.C. § 2409a(d). In *McMaster v. United States*, 731 F.3d 881 (9th Cir. 2013), the Ninth Circuit, applying the QTA, considered whether the plaintiffs had adequately pled the circumstances under which they acquired their interest in the property at issue. In that case, Ken McMaster, Maureen E. Galitz, and Steven E. Fawl (collectively, "McMaster") purchased title to a mining claim from Edwin Lynch, the mining claim's originator("Lynch"). *Id.* at 893-94. McMaster asserted, in relevant part, that he, not the United States, had title to improvements and structures located on the mining claim. *Id.* at 897. The United States filed a motion to dismiss the QTA claim for failure to state a claim. *Id.* at 884-85. The district court granted the motion and dismissed the QTA claim on the basis that McMaster failed to sufficiently allege how he had obtained ownership of the structures. *Id.*

On appeal, the Ninth Circuit affirmed the district court. *See id.* at 898. It reasoned that:

> With regard to the origins of the title to the improvements, McMaster only generally alleges that the structures were constructed incident to mining operations, and specifically alleges that the cabin was built sometime in the early 1890s. Nowhere does McMaster allege whether or how Lynch obtained title, or whether he retained title until he sold the Oro Grande mining claim to McMaster. These particular facts are important because title to the structures may have passed to the Government at some time. When a claim is abandoned or deemed invalid, the title to surface structures passes to the United States. *See Brothers v. United States,* 594 F.2d 740, 741 (9th Cir.1979). Thus, McMaster has failed to plead with particularly sufficient facts showing all of the circumstances under which his title to the structures was acquired, 28 U.S.C. § 2409a(d), and has failed to satisfy his burden under the QTA. *See* 28 U.S.C. § 2409a(d).

*Id.*

*McMaster v. United States* is instructive here. To plead her claims with sufficient particularity, Smith must allege her chain of title. *See id.* Moreover, she must assert when and how she and her predecessors in interest received their interests in the property in dispute. *See id.*

Here, Smith alleges that her title to "Estate 14 John's Folly derives from the former Danish owner of record Mary Ann Enoe also known as Mary Ann Evans . . . ." ECF No. 268, at ¶ 1. She further alleges that her "ancestors [sic] interest in Estate 14 John's Folly is recorded in The St. John Matricul 1913, Book

3-H, pp. 183-188 in the Office of the Recorder of Deeds, St. Thomas and St. John Division." *Id.* Significantly, she does not allege her chain of title or when and how she and her predecessors in interest received their interest in the property in dispute.

As such, having considered the allegations in Smith's complaint, the Court concludes that Smith has not adequately identified her interest in any land claimed by the United States or adequately identified the circumstances under which she acquired that interest. Therefore, because Smith has failed to comply with the QTA, the Court will dismiss Smith's claims against the United States.

In addition, as her complaint currently stands, establishing standing is problematic for Smith.

> [A] litigant [must] have standing to invoke the power of a federal court. The standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012)(internal quotations, alterations, and citations omitted).

To adequately plead standing, a plaintiff's complaint must establish three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)(internal quotations, alterations, citations, and footnotes omitted). "In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a [Federal] Rule [of Civil procedure] 12(b)(6) motion to dismiss for failure to state a claim . . . ." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

As previously noted, Smith has failed to identify the remnant lands she claims. As such, Smith's complaint contains no factual allegation showing that the United States has injured her. That is, there are no allegations showing that the United States had laid claim to any real property that she claims.

Smith does allege that:

> There exists a dispute or controversy as to the location of the boundary lines between Estate 14

> John's Folly and parcel No. 30-3 Remainder Estate Concordia A No. 15 Coral Bay Quarter, St. John[,] U.S. Virgin Islands as denoted by the Department of interior, Virgin Islands National Park, United States of America maps and various other Federal survey maps most importantly the original survey.

Significantly, however, "conclusory or bare-bones allegations . . . [do not] survive a motion to dismiss . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(internal quotations omitted) (interpreting Federal Rule of Civil Procedure 12(b)(6)). Therefore, Smith's conclusory assertion of a dispute is not sufficient to establish standing. *See id.*

Accordingly, the Court will dismiss Smith's claims against the United States for lack of subject matter jurisdiction on the basis that she has failed to comply with the QTA and failed to adequately allege that she has standing to bring these claims.

The Court is not, however, satisfied that Smith could not allege a viable claim. As such, the Court will grant Smith leave to amend her claim against the United States. Any such amendment must be filed by no later than 3:00 P.M. on Monday, August 8, 2016.

An appropriate Order follows.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**