DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                              )
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )
ALL PERSONS CLAIMING A PRESENT OR       )
FUTURE INTEREST IN ESTATE 13,           )
FRIIS, LINDA V. SMITH-FRANCIS,          )
WILLIAM E. SMITH, ELOISE V. SMITH-      )
HENDRICKS, BAB FRIIS NO. 1, PAUL        )
HOFFMAN, JANE HOFFMAN-WALKER,           )
ELEANOR ADAMS HOFFMAN, MAXWELL          )
ADAMS HOFFMAN, GLORIA FRANCOIS          )
MCGOWAN, DAVID A. BORNN AS TRUSTEE      )
TO THE GAF TRUST ESTATE 14 JOHN'S       )
FOLLY EXCLUDING ALL HEIRS AT LAW,       )        Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY        )
QUARTER, ST JOHN UNITED STATES          )
VIRGIN ISLANDS, NATIONAL PARK           )
SERVICE, LAND RESOURCES DIVISION,       )
DEPARTMENT OF INTERIOR, THE UNITED      )
STATES OF AMERICA, STANLEY              )
SELENGUT, WILLIAM B. POPPELTON,         )
LORRAINE A. POPPELTON, KEVIN M.         )
WALSH, MARIA K. STURATIS, SCOTT E.      )
WILMOSKI, CHARLES M. PERDUE,            )
MONICA PERDUE, JOZSEF NEMETH,           )
NANCY NEMETH, FRED S. PATTERSON,        )
MARGARET D. PATTERSON, JOHN R.          )
PERGOLIZZI, TREASURE VIEW LLC,          )
GEORGE PILLORGE, DEBORAH PILLORGE,      )
SCOTT L. HARTSHORN, CLAUDETTE C.        )
HARTSHORN, HEINZ G. FISHER, LINDA       )
G. BURDET TRUSTEES OF THE HEINZ G.      )
FISHER TRUST, DONALD DURANTE,           )
SAFIA B. DURANTE, CRAIG E.              )
MITCHELL, ALAN MARTIN KAUFMAN,          )
RACHELLE KAUFMAN, JEFFREY J.            )
McCRAVE, ANN McCRAVE, DOROTHY K.        )
JANOSKO, WILLIAM R. KINCER, SUSAN       )
B. KINCER, SUSAN GREER                  )
LITTLEFIELD, WAYNE CHESTERFIELD,        )
MONIQUE FRANCOIS, PEDRITO               )

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

| | |
|---|---|
| **FRANCOIS, SALT POND VISTA LLC,** | ) |
| **V.I. JOSEPH PALMINTERI, CARRIE** | ) |
| **GLENN, MARC KAVE, EMILY J.** | ) |
| **BRATTON, RICK HATHAWAY, RENE A.** | ) |
| **SERVANT aka RENE H. SERVANT, MARIE** | ) |
| **THERESE L. SERVANT, LORI JANE** | ) |
| **SNACK, BRIAN K. WALDEN,** | ) |
| **MINISTER ISHMAEL R. MUHAMMED,** | ) |
| **MICHAEL CARPER, REUBEN WHEATLEY,** | ) |
| **et al.,** | ) |
| **Defendants.** | ) |
| | ) |

**APPEARANCES:**

**Ida Smith**
New York, NY
　　　*Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
　　　*For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
　　　*For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
　　　*Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
　　　*For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
　　　*Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
　　　*Francis; and George Pillorge,*

**Gloria McGowan**
　　　*Pro se,*

**Wayne Chesterfield**
　　　*Pro se,*

**Monique Francois**
> *Pro se,*

**Pedrito Francois**
> *Pro se,*

**Joseph Palminteri**
> *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
> *For Carrie Glenn; Lori Jane Snack; William B. Poppelton;*
> *Lorraine A. Poppelton; Maria K. Sturaitis; Charles M.*
> *Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G.*
> *Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher;*
> *Safia B. Durante; Donald Durante,*

**Marc Kave**
> *Pro se,*

**Emily J. Bratton**
> *Pro se,*

**Rick Hathaway**
> *Pro se,*

**Rene A. Servant**
> *Pro se,*

**Marie Therese Servant**
> *Pro se,*

**Brian K. Walden**
> *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
> *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
> *For Kevin M. Walsh and Treasure View LLC,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 4*

**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is a motion for attorney's fees filed by Paul Hoffman, Jane Hoffman Walker, and David A. Bornn as Trustee of the GAF Trust.

### FACTUAL AND PROCEDURAL HISTORY

In March 2011, Ida Smith ("Smith") initiated this action. In her complaint, Smith asked the Court to determine the boundary lines of Estate John's Folly, Coral Bay Quarter, St. John, United States Virgin Islands. She also asked the Court to perfect her title to the "remnant lands" of Estate John's Folly. Finally, Smith asked the Court to determine that certain property that Paul Hoffman, Jane Hoffman-Walker, and David A. Bornn as Trustee for the GAF Trust (the "Friise Defendants") claim as part of Estate Friise is in fact part of Estate John's Folly and presumably quiet title to that property in her name.

The Friise Defendants moved for summary judgment on the claims asserted against them. They argued that the boundary line between the properties had previously been litigated in *Dudly v. Meyers*, 422 F.2d 1389 (3d Cir. 1970), and that the doctrine of res judicata precluded Smith from relitigating those claims.

On September 30, 2015, this Court issued a memorandum opinion and entered judgment granting the Friise Defendants' motion, entering judgment in their favor, and dismissing Smith's claims against them. The Friise Defendants now move for attorney's fees.

The Friise Defendants seek a total of $24,500 in attorney's fees. In support of their motion for attorney's fees, the Friise Defendants submitted the invoices of their counsel, Hodge and Hodge, and an affirmation from Maria Taneknson Hodge, a partner with the law firm. In her affirmation, attorney Hodge explains that she billed the Friise Defendants 64.5 hours at a rate of $325 per hour for a total of $20,962.50; Mark D. Hodge billed 6 hours at a rate of $325 per hour for a total of $1,950.00; Gaylin Vogel billed 5.5 hours at a rate of $225.00 per hour for a total of $1,237.50; and Hayley Cotter billed 1.75 hours at a rate of $200.00 per hour for a total of $350.00.

Hodge affirmed that the billing rates charged are her "firm's standard hourly fees and are based upon the accumulation

of experience on the part of the attorney who rendered the services." (ECF No. 396, Exh. 1 at ¶ 4.) Attorney Hodge also affirmed that fees were "charged only for services actually rendered which necessarily required performance by an attorney in the firm." (*Id.* at ¶ 5.)

## DISCUSSION

Title 5, section 541 of the Virgin Islands Code authorizes an award of attorneys' fees "to the prevailing party in the judgment" in an amount "the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." § 541(a)(6), (b). A prevailing party may only obtain "a fair and reasonable award of attorneys' fees," *Staples v. Ruyter Bay Land Partners, LLC*, No. CIV. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008).

"To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *See Lemper v. Singer*, 29 V.I. 169, 172-73 (D.V.I. 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation."

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 8*

*Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478
U.S. 546, 561 (1986); *see also Gulfstream III Assocs., Inc. v.
Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993)
(noting that reasonable attorney's fees may include charges for
measures necessary to enforce district court judgments as well
as other charges "reasonably expended" to advance the
litigation).

<u>**ANALYSIS**</u>

Smith opposes the Friise Defendants' motion for attorney's
fees. Smith does not contend that the fees were unreasonable.
Rather, it appears that Smith primarily continues to argue the
merits of her quiet title claims. These claims have already been
denied by the Court and Judgment has been entered on them. An
opposition to a motion for attorney's fees is not an appropriate
vehicle to make these arguments. As such, the Court declines to
consider them here. *See, e.g., Virgin Records Am., Inc. v.
Sparano*, 245 Fed. App'x 200, 201 (3d Cir. 2007).

Smith also asserts that the Friise Defendants are not
entitled to attorney's fees under federal law. That argument is
unavailing as the Friise Defendants were prevailing parties on
Smith's territorial claim.

As the Friise Defendants are prevailing parties on a
territorial claim, 5 V.I.C. 541 provides guidance with respect

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 9*

to attorney's fees in this case. *See, e.g.*, *Fair Wind Sailing,*

*Inc. v. Dempster*, 764 F.3d 303, 312 (3d Cir. 2014)

Applying the standards outlined above, the Court finds that

most of the fees requested by the Friise Defendants are

reasonable. However, several items for which the Friise

Defendants seek reimbursement are unreasonable.

For instance, the Friise Defendants seek compensation for 3

hours of work billed as:

> Continue to draft opposition to motion for leave to
> serve by publication and motion to dismiss; forward
> drafts by email to Paul Hoffman and David Bornn for
> review and comment; telephone call, Hoffman, re
> drafts and overall strategy; edit drafts, assemble
> exhibits; draft further email to clients with
> revised copies and request for input to allow filing;
> draft email instructions to associate.

(ECF No. 396, Exh. 2 at 1.)

If a fee petition is not sufficiently specific, then the

court cannot "determine if the hours claimed are unreasonable

for the work performed." *Washington v. Philadelphia Cnty. Court*

*of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). As such, the

lumping of activities in this way is disfavored. *See Good Timez,*

*Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463

n.6 (D.V.I. 1991). The Court will reduce the award of attorney's

fees accordingly.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 10*

Additionally, the Friise Defendants seek reimbursement for conferences and communications between its own attorneys. Several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g., Tenafly*, 195 F. App'x at 99 (noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.") This is not such a case. The Court finds excessive some of the intra-office conferences between the attorneys representing the Friise Defendants and will reduce the amount of reimbursement sought for such conferences. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work."); *Staples v. Ruyter Bay Land Partners, LLC*, Civ. No. 2005-11, 2008 U.S. Dist. LEXIS 9359, at *5 (D.V.I. Feb. 6, 2008).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 11*

The premises having been considered, it is hereby

**ORDERED** that Ida Smith shall be liable to Paul Hoffman,

Jane Hoffman Walker, and David A. Bornn as Trustee of the GAF

Trust for attorney's fees in the amount of $19,712.50.

S_____
**CURTIS V. GÓMEZ**
**District Judge**