DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                           )
                                     )
            Plaintiff,               )
                                     )
            v.                       )
                                     )
ALL PERSONS CLAIMING A PRESENT OR    )
FUTURE INTEREST IN ESTATE 13,        )
FRIIS, LINDA V. SMITH-FRANCIS,       )
WILLIAM E. SMITH, ELOISE V. SMITH-   )
HENDRICKS, BAB FRIIS NO. 1, PAUL     )
HOFFMAN, JANE HOFFMAN-WALKER,        )
ELEANOR ADAMS HOFFMAN, MAXWELL       )
ADAMS HOFFMAN, GLORIA FRANCOIS       )
MCGOWAN, DAVID A. BORNN AS TRUSTEE   )
TO THE GAF TRUST ESTATE 14 JOHN'S    )
FOLLY EXCLUDING ALL HEIRS AT LAW,    )        Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY     )
QUARTER, ST JOHN UNITED STATES       )
VIRGIN ISLANDS, NATIONAL PARK        )
SERVICE, LAND RESOURCES DIVISION,    )
DEPARTMENT OF INTERIOR, THE UNITED   )
STATES OF AMERICA, STANLEY           )
SELENGUT, WILLIAM B. POPPELTON,      )
LORRAINE A. POPPELTON, KEVIN M.      )
WALSH, MARIA K. STURATIS, SCOTT E.   )
WILMOSKI, CHARLES M. PERDUE,         )
MONICA PERDUE, JOZSEF NEMETH,        )
NANCY NEMETH, FRED S. PATTERSON,     )
MARGARET D. PATTERSON, JOHN R.       )
PERGOLIZZI, TREASURE VIEW LLC,       )
GEORGE PILLORGE, DEBORAH PILLORGE,   )
SCOTT L. HARTSHORN, CLAUDETTE C.     )
HARTSHORN, HEINZ G. FISHER, LINDA    )
G. BURDET TRUSTEES OF THE HEINZ G.   )
FISHER TRUST, DONALD DURANTE,        )
SAFIA B. DURANTE, CRAIG E.           )
MITCHELL, ALAN MARTIN KAUFMAN,       )
RACHELLE KAUFMAN, JEFFREY J.         )
McCRAVE, ANN McCRAVE, DOROTHY K.     )
JANOSKO, WILLIAM R. KINCER, SUSAN    )
B. KINCER, SUSAN GREER               )
LITTLEFIELD, WAYNE CHESTERFIELD,     )
MONIQUE FRANCOIS, PEDRITO            )

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

**FRANCOIS, SALT POND VISTA LLC,** )
**V.I. JOSEPH PALMINTERI, CARRIE** )
**GLENN, MARC KAVE, EMILY J.** )
**BRATTON, RICK HATHAWAY, RENE A.** )
**SERVANT aka RENE H. SERVANT, MARIE** )
**THERESE L. SERVANT, LORI JANE** )
**SNACK, BRIAN K. WALDEN,** )
**MINISTER ISHMAEL R. MUHAMMED,** )
**MICHAEL CARPER, REUBEN WHEATLEY,** )
**et al.,** )
               **Defendants.** )
_____)

**APPEARANCES:**

**Ida Smith**
New York, NY
    *Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
    *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
    *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
    *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
    *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
    *Francis; and George Pillorge,*

**Gloria McGowan**
    *Pro se,*

**Wayne Chesterfield**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 3*

**Monique Francois**
  *Pro se,*

**Pedrito Francois**
  *Pro se,*

**Joseph Palminteri**
  *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
  *For Carrie Glenn; Lori Jane Snack; William B. Poppelton;*
  *Lorraine A. Poppelton; Maria K. Sturaitis; Charles M.*
  *Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G.*
  *Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher;*
  *Safia B. Durante; Donald Durante,*

**Marc Kave**
  *Pro se,*

**Emily J. Bratton**
  *Pro se,*

**Rick Hathaway**
  *Pro se,*

**Rene A. Servant**
  *Pro se,*

**Marie Therese Servant**
  *Pro se,*

**Brian K. Walden**
  *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
  *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
  *For Kevin M. Walsh and Treasure View LLC,*

**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 5*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

**ORDER**

**GÓMEZ, J.**

Before the Court are Ida Smith's two motions seeking summary judgment.

**FACTUAL AND PROCEDURAL HISTORY**

In March 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Subsequently, Smith filed a first and second amended complaint. Smith essentially seeks a determination the boundary lines in Estate 14 John's Folly pursuant to 28 V.I.C. §§ 372-76 and to quiet title to the "remnant lands" in her name. (*See* ECF No. 268 at ¶ 1.)

In Smith's motions for summary judgment, the only evidence that she offers to show that she owns the land in question are her own affidavits.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 6*

The affidavit attached to Smith's first motion for summary

judgment asserts:

> 1. That [she is] an inheritable heir at law to the
> remnant lands with Estate 14 John's Folly[; and]
>
> . . .
>
> 4. [t]hat [her] ancestors held patents to lands with
> Estate 14 John's Folly which are secured by Treaty
> Series No. 629, 39 Stat. 1706 by which . . . [she]
> claim[s] . . . [her] interest as a descendant.

ECF No. 385-1, at ¶¶ 2, 4.

In the affidavit attached to her second motion for summary

judgment, Smith asserts that:

> 2. [She is] the descendant, inheritable heir at law,
> to ancestors, Henry and Johanna James (Dudley v.
> Meyers 422 F. 2d 1389 (1970), Letitia Petersen
> Benjamin and Christopher Benjamin, James Sandford
> Petersen, Christophena Williams, William Abbott,
> Christopher James Sr., Christopher James, Jr.,
> Joseph James, Ana Susanna James, Frederick Ludwig
> Hensen and Henrietta Jensen, Herman and Arimenta
> Meyers, Evelina Meyers Matthias, Edwin W. Matthias,
> Inez O. Matthias Hodge, Jacob Matthias, Herman
> Meyers Jr., Cassandra Brathwaite, Antonio Hodge, to
> name a few, in possession of the parcels of land
> within Estates 13 Friis,14 John's Folly and 16
> Mandahl, as owners, in fee simple, pursuant to Treaty
> Series No. 629 (39 Stat. 1706)[; and]
>
> 3. [that she] claim[s] [her] private rights to
> properties on St. John, Virgin Islands, namely
> within Estate 13 Friis, Estate 14 John's Folly and
> Estate 16 Mandahl, by Treaty Series No. 629 (39 Stat.
> 1706) as an inheritable heir at law.

ECF No. 477-1, at ¶¶ 2, 3.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements ...." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all

reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

## ANALYSIS

Section 372, title 28 of the Virgin Islands Code provides that "where any dispute or controversy exists, or may hereafter arise, between two or more owners of adjacent or contiguous lands in the Virgin Islands, concerning the boundary lines thereof, or the location of the lines dividing such lands," any party to the dispute may bring an action to determine the boundary lines. 28 V.I.C. § 372. Therefore, Smith may only bring an action to determine boundary lines in Estate John's Folly if she is an owner of land adjacent or contiguous to land in Estate 14 John's Folly. See id.; *see also Newfound Mgmt. Corp., Gen. P'ship of Newfound P'ship v. Sewer*, 885 F. Supp. 727, 771 (D.V.I. 1995) (explaining that relief under § 372 is only available "when a controversy between *owners* exists" (emphasis in original), *aff'd*, *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108 (3d Cir. 1997)).  Furthermore, a Court may only quiet title in a party's name if that party has established ownership of the land in question. *See Dudley v. Meyers*, 422 F.2d 1389, 1394-95 (3d Cir. 1970) ("[I]t is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own

title and not upon the weakness of that of the defendants.").
Therefore, even if Ida Smith could establish the existence of
the claimed "remnant lands," she must also establish that she
owns those lands.

Smith's claim is premised on her status as an "inheritable
heir at law." (See, e.g., ECF No. 476 at 2 ("The only matter
remaining for resolution is the equitable relief of quieting
title, 28 USCS 2409a, in Plaintiff, Ida Smith to the remnant
lands within Estate 14 John's Folly by which she is an
inheritable heir at law governed by the convention between
Denmark and the United States, Treaty Series No. 629 (39 Stat.
1706).").) The Court understands Smith to assert that she
inherited her right to the property by reason of intestacy.

In her affidavits, Smith merely asserts that she is an
inheritable heir at law and the descendant of certain
individuals. Even assuming that those individuals at one point
owned the property at issue, Smith has provided no evidence of
any specific facts showing that the relevant individuals passed
away without disposing of the property by will or other
instrument such that the property would pass to her by law. "An
affidavit that is essentially conclusory and lacking in specific
facts is inadequate to satisfy the movant's burden." *Maldonado
v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (internal quotations

omitted). As such, Smith has not met her initial burden of

establishing that there is no dispute of material fact and that

she is entitled to judgment as a matter of law. Accordingly, the

Court will deny Smith's motions for summary judgment.

The premises considered, it is hereby

**ORDERED** that the motions for summary judgment docketed at

ECF Numbers 384 and 476 are **DENIED**.


S\_____

**CURTIS V. GÓMEZ**
**District Judge**