DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
IDA SMITH,                          )
                                    )
               Plaintiff,           )
                                    )
          v.                        )
                                    )
ALL PERSONS CLAIMING A PRESENT OR   )
FUTURE INTEREST IN ESTATE 13,       )
FRIIS, LINDA V. SMITH-FRANCIS,      )
WILLIAM E. SMITH, ELOISE V. SMITH-  )
HENDRICKS, BAB FRIIS NO. 1, PAUL    )
HOFFMAN, JANE HOFFMAN-WALKER,       )
ELEANOR ADAMS HOFFMAN, MAXWELL      )
ADAMS HOFFMAN, GLORIA FRANCOIS      )
MCGOWAN, DAVID A. BORNN AS TRUSTEE  )
TO THE GAF TRUST ESTATE 14 JOHN'S   )
FOLLY EXCLUDING ALL HEIRS AT LAW,   )    Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY    )
QUARTER, ST JOHN UNITED STATES      )
VIRGIN ISLANDS, NATIONAL PARK       )
SERVICE, LAND RESOURCES DIVISION,   )
DEPARTMENT OF INTERIOR, THE UNITED  )
STATES OF AMERICA, STANLEY          )
SELENGUT, WILLIAM B. POPPELTON,     )
LORRAINE A. POPPELTON, KEVIN M.     )
WALSH, MARIA K. STURATIS, SCOTT E.  )
WILMOSKI, CHARLES M. PERDUE,        )
MONICA PERDUE, JOZSEF NEMETH,       )
NANCY NEMETH, FRED S. PATTERSON,    )
MARGARET D. PATTERSON, JOHN R.      )
PERGOLIZZI, TREASURE VIEW LLC,      )
GEORGE PILLORGE, DEBORAH PILLORGE,  )
SCOTT L. HARTSHORN, CLAUDETTE C.    )
HARTSHORN, HEINZ G. FISHER, LINDA   )
G. BURDET TRUSTEES OF THE HEINZ G.  )
FISHER TRUST, DONALD DURANTE,       )
SAFIA B. DURANTE, CRAIG E.          )
MITCHELL, ALAN MARTIN KAUFMAN,      )
RACHELLE KAUFMAN, JEFFREY J.        )
McCRAVE, ANN McCRAVE, DOROTHY K.    )
JANOSKO, WILLIAM R. KINCER, SUSAN   )
B. KINCER, SUSAN GREER              )
LITTLEFIELD, WAYNE CHESTERFIELD,    )
MONIQUE FRANCOIS, PEDRITO           )
```

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

| | |
|---|---|
| **FRANCOIS, SALT POND VISTA LLC,** | ) |
| **V.I. JOSEPH PALMINTERI, CARRIE** | ) |
| **GLENN, MARC KAVE, EMILY J.** | ) |
| **BRATTON, RICK HATHAWAY, RENE A.** | ) |
| **SERVANT aka RENE H. SERVANT, MARIE** | ) |
| **THERESE L. SERVANT, LORI JANE** | ) |
| **SNACK, BRIAN K. WALDEN,** | ) |
| **MINISTER ISHMAEL R. MUHAMMED,** | ) |
| **MICHAEL CARPER, REUBEN WHEATLEY,** | ) |
| **et al.,** | ) |
| **Defendants.** | ) |
| | ) |

**APPEARANCES:**

**Ida Smith**
New York, NY
　　*Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
　　*For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
　　*For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
　　*Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
　　*For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
　　*Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
　　*Francis; and George Pillorge,*

**Gloria McGowan**
　　*Pro se,*

**Wayne Chesterfield**
　　*Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 3*

**Monique Francois**
   *Pro se,*

**Pedrito Francois**
   *Pro se,*

**Joseph Palminteri**
   *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
   *For Carrie Glenn; Lori Jane Snack; William B. Poppelton;*
   *Lorraine A. Poppelton; Maria K. Sturaitis; Charles M.*
   *Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G.*
   *Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher;*
   *Safia B. Durante; Donald Durante,*

**Marc Kave**
   *Pro se,*

**Emily J. Bratton**
   *Pro se,*

**Rick Hathaway**
   *Pro se,*

**Rene A. Servant**
   *Pro se,*

**Marie Therese Servant**
   *Pro se,*

**Brian K. Walden**
   *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
   *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
   *For Kevin M. Walsh and Treasure View LLC,*

**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 5*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

**MEMORANDUM OPINION**

**GÓMEZ, J.**

Before the Court are three motions to dismiss for failure to effectuate timely service. The first motion was filed by Treasure View, LLC, and Kevin Walsh. The second motion was filed by Salt Pond Vista, LLC; Carrie Glenn; Lori Jane Snack; William Poppelton; Lorraine A. Poppelton; Charles M. Perdue and Monica Perdue; Heinz G. Fischer and Linda G. Burdet, Trustees of the Heinz G. Fischer Family Trust; Maria K. Struraitis; Donald Durante; and Safia B. Durante. The third motion was filed by Stanley Selengut. The several defendants are referred to herein collectively as the "Dismissal Movants."

**FACTUAL AND PROCEDURAL HISTORY**

In March of 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Shortly

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 6*

afterwards, Smith Filed an amended complaint ("First Amended
Complaint").

Smith moved for leave to file a second amended complaint on
July 18, 2011. Smith attached a proposed second amended
complaint (the "July 18 Proposed Complaint") to her motion. The
proposed complaint named more than thirty additional defendants,
but did not allege the citizenship of those defendants. Before
the Court could rule on Smith's motion, the Clerk of Court
issued more than thirty summonses for the defendants Smith
sought to add.

On November 4, 2011, the Magistrate Judge issued a Report
and Recommendation that recommended denying Smith's motion for
leave to amend her complaint as futile. Specifically, the
Magistrate stated that the "plaintiff does not allege the
citizenship of any of the parties. As such, it would be futile
to grant plaintiff's motion as the proposed Second Amended
Complaint does not allege sufficient facts to support subject
matter jurisdiction in this Court." (ECF No. 184.)  The Court
adopted the Magistrate's Report and Recommendation.

Smith filed another motion for leave to file a second
amended complaint on November 26, 2011. Smith attached to her
motion a proposed second amended complaint (the "November 26th
Proposed Complaint"). Smith again named more than thirty

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 7*

defendants which she sought to add. On February 1, 2012, the
Court again denied Smith's motion to file a second amended
complaint. The Court also instructed the parties to file briefs
addressing whether the Court had subject-matter jurisdiction
over this action.

On February 29, 2012, the Court dismissed the action for
lack of subject-matter jurisdiction.  Smith then moved for
reconsideration and filed a notice of appeal.  On February 8,
2013, the Court granted Smith's motion for reconsideration and
reopened the case. The Court then designated the case as a
suspense matter pending the Third Circuit's resolution of the
appeal.  On July 1, 2013, the Third Circuit dismissed Smith's
appeal for lack of jurisdiction.

Subsequently, on October 17, 2013, the Magistrate Judge
granted Smith leave to file a Second Amended Complaint on or
before October 31, 2013. On November 1, 2013, Smith filed her
amended complaint (the "Second Amended Complaint"), which again
named more than thirty defendants. (ECF No. 268.) Thereafter,
the Court *sua sponte nunc pro tunc* granted Smith an extension of
time to file her amended complaint until November 1, 2013.
Summonses were issued and executed for certain defendants. No
summonses, however, were issued or executed for any of the
Dismissal Movants.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 8*

Between September 30, 2014, and November 7, 2104, each of
the Dismissal Movants (with the exception of Donald Durante and
Safia B. Durante) moved to dismiss for failure to timely serve
the complaint. On September 28, 2015, the Court denied the
motions to dismiss. The Court first held that the summonses
issued for, and executed with, the July 18th Proposed Complaint
were "notice of a legal nullity" because that complaint was
never the operative complaint, and thus, were insufficient
notice. The Court next held that, because more than 120 days had
passed since Smith filed the operative complaint—the Second
Amended Complaint—she had failed to timely serve the Dismissal
Movants in accordance with Rule 4(m).

The Court determined, however, that dismissal was not the
appropriate relief. Smith had not demonstrated good cause for
failing to serve the Dismissal Movants. Nonetheless, the Court
noted that several factors weighed in favor of granting Smith an
extension of time to effect service of process: (1) the
Dismissal Movants probably had actual notice of the legal
proceeding; (2) nothing in the record indicated that the
Dismissal Movants had been prejudiced; and (3) Smith's status as
a pro se litigant. Accordingly, the Court granted Smith until
October 12, 2015, to effect service of process and ordered her

to file the necessary proof of service no later than October 15, 2015.

On October 8, 2015, Smith moved for an extension of time to serve her complaint. The Court granted the motion, and ordered Smith to serve the Dismissal Movants no later than October 16, 2015, and to file all necessary proof of service no later than October 19, 2015.

On October 13, 2015, the Clerk issued summonses for most of the Dismissal Movants. Summonses were not issued for Safia Durante or Donald Durante, who were not parties to the first set of motions to dismiss, nor for Lori Jane Snack.

On October 19, 2015, Smith filed proof of service on Lori Jane Snack, though no summons had been issued for her. The Docket entry indicates that Smith served Lori Jane Snack with the summons issued for Treasure View, LLC. On October 20, 2015, Smith filed proof of service on Treasure View, LLC; Kevin Walsh; Salt Pond Vista, LLC; Carrie Glenn; William Poppelton; Lorraine A. Poppelton; Charles M. Perdue; Monica Perdue; Heinz G. Fischer; Linda G. Burdet; and Maria K. Struraitis.

Each proof of service filed by Smith indicated that the date of service was October 19, 2015. The proof of service form did not specify the method of service. Rather, with respect to

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 10*

method of service, Smith indicated only "other" on the proof of service form.

With each proof of service form, Smith included a certified mail receipt from the U.S. Postal Service dated October 19, 2015. Finally, in every proof of service, Smith indicated that she herself was the process server.

On October 22 and November 12, 2015, the Dismissal Movants moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(4) and (5).

<u>**DISCUSSION**</u>

Rule 12(b)(4) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of process." Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." A dismissal for insufficient service of process is without prejudice*. See Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626–27 (5th Cir. 1997) ("The dismissal with prejudice can never be based on Rule 4(m)'s [time to effect service] requirement."). In a 12(b)(5) motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 11*

## ANALYSIS

The Dismissal Movants argue that Smith's latest efforts at service were untimely under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). The Dismissal Movants also assert that dismissal is the appropriate remedy because Smith's failure to comply with Federal Rule of Civil Procedure 4 ("Rule 4") is not excused by good cause.

### I.  Compliance with Rule 4

Rule 4 outlines the requirements for service of process. Rule 4(m) dictates the timing of service. When Smith's complaint was filed, Rule 4(m) provided in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2011).

In its September 28, 2015, order,[1] the Court held that Smith failed to serve her complaint within the time allotted by Rule 4(m). Smith was granted an extension to serve process by October 12, 2015. That extension was subsequently extended to October

---

[1] When the Court issued the September 28, 2015, order, Rule 4(m) required service within 120 days. The current version of Rule 4(m) requires service within 90 days.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 12*

16, 2015. Smith indicates that she mailed summonses to the Dismissal Movants on October 19, 2015. Smith's efforts on their face seem at odds with the applicable rules.

Indeed, Rule 4(c)(2) addresses who may serve process. That rule provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). The plain language of Rule 4(c)(2) makes it clear that "a party is not permitted to serve process, even by mail. There is no exception for pro se litigants." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 Fed. App'x 665, 672 (5th Cir. 2015) (citations omitted); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (holding that "even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail" and noting that "the courts to consider the matter have ruled that even when service by mail is proper, it cannot be a party who mails it").

Here, the proof of service provided by Smith indicated that she attempted to serve each of the Dismissal Movants by mailing the summonses and complaints herself. Thus, Smith's attempt to serve the Dismissal Movants herself was invalid. *See Shabazz v. City of Houston*, 515 Fed. App'x 263, 264 (5th Cir. 2013).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 13*

## II.  Appropriate Relief

The Court's finding that Smith failed to comply with Rule 4(m) does not necessarily require the Court to dismiss the claims against the movants. Even after a district court finds that the plaintiff failed to comply with Rule 4(m), the

> District Court must extend the time for service . . . where a plaintiff demonstrates good cause for the failure to timely serve the defendant. *See McCurdy v. Am. Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir.1998). Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time. *See Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305-06 (3d Cir.1995).

*Maltezos v. Giannakouros*, 522 Fed. App'x 106, 108 (3d Cir. 2013).

### A. Good Cause

In determining whether good cause exists for an extension, the Court considers (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; and (3) whether the plaintiff has moved for an enlargement of time. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Ultimately, good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 14*

the rules." *Id.* (quoting *Petrucelli,* 46 F.3d at 1312 (Becker,
J., concurring in part and dissenting in part)).

Considering the first factor, in Smith's opposition to the
Dismissal Movants motion, she offers no reasons for her untimely
attempts at service or her failure to comply with the other
requirements of Rule 4. *See Braxton v. United States*, 817 F.2d
238, 242 (3d Cir. 1987) (explaining that "unexplained
delinquency" does not constitute good cause). Rather, Smith
argues that each defendant was properly served by publication,
and that the Durantes waived any defect in service by filing an
answer to Smith's first complaint. The Court explicitly rejected
both of these arguments in its order denying the Dismissal
Movants earlier motion to dismiss and need not revisit them.

Smith also appears to argue that the Federal Rules of Civil
Procedure do not apply in her case. Smith cites no authority for
this proposition. The Court is unaware of any such authority.

Moreover, "disregard for . . . the technical niceties of
service of process does not constitute good cause." *See Ayres v.
Jacobs & Crumplar, P.A.,* 99 F.3d 565, 568 (3d Cir. 1996)
(citation and internal quotation marks omitted). Accordingly,
the Court finds that Smith's efforts to effect service were not
reasonable.

As for the second factor, the Dismissal Movants argue they have been prejudiced in their ability to defend the case on the merits. The Court agrees. "[J]ustice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy*, 157 F.3d at 196–97. For this reason, "[t]here comes a time when delay in proper service is prejudicial to the opposing party. An elapse in time results in witness unavailability, events forgotten and documentation lost." *Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-CV-2035-NLH-JS, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010). Here, over five and a half years have elapsed since the inception of this case and nearly three years have passed since Smith filed her Second Amended Complaint. The Dismissal Movants have never been properly served during this time. The Court finds such a lengthy period of time without proper service is prejudicial.

Finally, considering the third factor, Smith moved for an enlargement of time to serve before her original deadline to serve expired. That motion was granted. Smith was ordered to serve the Dismissal Movants no later than October 16, 2016. Yet, Smith made no attempt to serve any defendants until October 19, 2015. After her first motion, Smith did not move for additional time again. Moreover, after the Dismissal Movants brought the

defects in Smith's attempted service to her attention, Smith did
not move for an enlargement to remedy those errors. Under these
circumstances, Smith's earlier motion for an enlargement does
not weigh in favor of a finding of good cause. *See Shabazz*, 515
Fed. App'x at 264(upholding dismissal where plaintiff "presented
no evidence that someone other than himself served the
defendants, and did not seek to correct deficient service
despite having ample opportunity after being alerted to the
mistake"); *Ackerman v. Beth Israel Cemetery Ass'n of Woodbridge,
N.J.*, No. CIVA09-1097 (GEB), 2010 WL 2651299, at *4 (D.N.J. June
25, 2010) ("Finally, although Plaintiff moved for an enlargement
of time to serve . . . , Plaintiff failed to effect proper
service in the time period granted.").

Considering these three factors together, the Court holds
that Smith has not demonstrated good cause justifying an
extension of time to serve the Dismissal Movants.

**B. Discretionary Extension**

Although Smith has failed to demonstrate good cause for her
failure to serve the Dismissal Movants, this does not end the
Court's analysis. A "district court must consider whether any
other factors warrant extending time even though good cause was
not shown." *Petrucelli*, 46 F.3d at 1307. In assessing whether

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 17*

the Court should grant a discretionary extension, the Court must

consider the following factors:

> actual notice of the legal action; prejudice to the
> defendant; the statute of limitations on the
> underlying causes of action; the conduct of the
> defendant; and whether the plaintiff is represented
> by counsel, in addition to any other factor that may
> be relevant when deciding whether to grant an
> extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d

Cir. 2009).

The first factor the Court considers is actual notice. *Id.*

Here, it is not entirely clear whether the Dismissal Movants had

actual notice of the legal action. For each of these defendants

(with the exception of the Durantes), Smith submitted proof of

service of the Second Amended Complaint. However, each proof of

service document shows only that Smith sent the summons by

certified mail and does not indicate whether it was received. On

the other hand, each of the Dismissal Movants are currently

represented by counsel and have filed multiple motions in this

matter and/or a responsive pleading to an earlier, inoperative

complaint. Accordingly, the Court finds it is likely that the

Dismissal Movants had actual notice of the lawsuit, and the

first factor weighs in Smith's favor. *See Hairston v. Green Tree*

*Servicing LLC*, No. CV 14-6810, 2015 WL 9302865, at *1 n.2 (E.D.

Pa. Dec. 22, 2015) (finding defendant had actual notice despite

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 18*

not receiving summons or complaint because defendant's counsel
had entered an appearance in the matter); *Sloan v. Sobina*, No.
CIV.A. 10-221, 2013 WL 1289402, at *5 (W.D. Pa. Mar. 26, 2013);
("[T]here can be no dispute that [the defendant] had actual
notice of the lawsuit, since his counsel filed a Motion to
Dismiss on the basis of improper service.").

Next, the Court considers whether the granting of an
extension would prejudice the defendant. *See Chiang*, 331 Fed.
App'x at 116. As the Court discussed above, the Dismissal
Movants have been prejudiced in their ability to defend this
case on the merits by the great length of time this case has
persisted during which with these defendants have not received
proper service. Accordingly, this factor weighs in favor of
dismissal.

The third factor the Court considers is whether the statute
of limitations on the plaintiff's claim has run. *See id.* "The
running of the statute of limitations may be a factor supporting
the discretionary granting of an extension of time to make
service under Rule 4(m), but it does not require the district
court to extend time for service of process[.]" *Id.* (citations
and internal quotation marks omitted).

Title 5, section 31 of the Virgin Islands Code
("Section 31") sets forth a twenty-year limitations period for:

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 19*

> Actions for the recovery of real property, or for
> the recovery of the possession thereof; and no action
> shall be maintained for such recovery unless it shall
> appear that the plaintiff, his ancestor,
> predecessor, or grantor was seized or possessed of
> the property in question within twenty years before
> the commencement of the action.

5 V.I.C. § 31(A). Furthermore, "[a]n action for the
determination of any right or claim to or interest in real
property shall be deemed within the limitations provided for
actions for the recovery of the possession of real property." 5
V.I.C. § 32(b); *see also Club Comanche, Inc. v. Gov't of the
V.I.,* 278 F.3d 250, 260 (3d Cir.2002) ("[T]here appears to be a
twenty-year statute of limitations on quiet title actions.").

The twenty-year limitations period begins to run when the
party's cause of action accrues. 5 V.I.C. § 31. "A cause of
action for the recovery of real property accrues when a party—or
a predecessor in interest to that party—has notice that another
party has asserted an interest in his or her property." *Peter
Bay Owners Ass'n v. Stillman,* 39 V.I. 432, 440 (D.V.I.1998); *see
also Zeleznik v. United States,* 770 F.2d 20, 23 (3d Cir.1985)
("[A] claim accrues when the injured party learns of the injury
and its immediate cause.").

Here, there is no indication that Smith's claims became
barred by the statute of limitations after she initiated this

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 20*

action. Moreover, Smith has never made that assertion. This factor, therefore, favors the Dismissal Movants.

The fourth factor the Court considers is the behavior of the Dismissal Movants. *See Chiang,* 331 Fed. App'x, at 116. Based on the record, this does not appear to be a case in which the Dismissal Movants were evasive and uncooperative. *Cf. United States v. Nuttall,* 122 F.R.D. 163 (D.Del.1988) (permitting an extension of time to serve because the failure to serve was excusable neglect when the defendant informed the Marshals attempting to serve him that he would not make it easy for them, stated that he would refuse service, and could not be served at his residence despite eighteen attempts). This factor, therefore, favors the Dismissal Movants.

The fifth factor the Court considers is whether the plaintiff was represented by counsel. *See Chiang,* 331 Fed. App'x at 116. Smith is a *pro se* litigant, and accordingly, this factor favors her. Smith, however, has already been given two extensions of time to serve the Dismissal Movants, has been given explicit instructions to follow the Federal Rules of Civil Procedure, and after over five years of litigation, is an experienced *pro se* litigant. Under these circumstances, the Court finds the weight of this factor greatly diminished. See *Dash v. Chasen*, 503 Fed. App'x 791, 795-96 (11th Cir. 2013)

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 21*

(holding dismissal proper where statute of limitations would bar further litigation because district court's "order gave [the plaintiff] clear directions on how to properly serve the government" and the plaintiff "had already received one extension of time to effect service"); *Snyder v. Swanson*, 371 Fed. App'x 285, 287 (3d Cir. 2010) (noting that district court properly accorded the fifth factor less weight because, "although [the plaintiff] [wa]s proceeding *pro se,* by his own account, he [wa]s an experienced litigant"); *Carter v. Keystone*, 278 Fed. App'x 141, 142 (3d Cir. 2008) (holding dismissal proper where plaintiff "was given two opportunities to properly effect service of process" but "failed to comply with the requirements of Rule 4 on either occasion").

<u>**CONCLUSION**</u>

In the Court's September 28, 2015, order denying the Dismissal Movants first motion to dismiss, "the Court h[ad] some pause in granting a further extension" in light of the "extensive time period" that had elapsed and the other factors the Court was required to weigh. ECF No. 386 at 16. Since that order, another year has passed and the Dismissal Movants have still not been properly served. Considering this length of time, the two extensions Smith has already been granted to serve the Dismissal Movants, and the other factors the Court must weigh

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 22*

when considering a discretionary extension, the Court will not

grant Smith additional time to effect service. Accordingly, the

Dismissal Movants motion to dismiss will be granted.

An appropriate judgment follows.


S_____
**Curtis V. Gómez**
**District Judge**