DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IDA SMITH,                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      | )<br>)<br>) |
| Plaintiff,                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      | )<br>) |
| v.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             | )<br>) |
| ALL PERSONS CLAIMING A PRESENT OR FUTURE INTEREST IN ESTATE 13, FRIIS, LINDA V. SMITH-FRANCIS, WILLIAM E. SMITH, ELOISE V. SMITH-HENDRICKS, BAB FRIIS NO. 1, PAUL HOFFMAN, JANE HOFFMAN-WALKER, ELEANOR ADAMS HOFFMAN, MAXWELL ADAMS HOFFMAN, GLORIA FRANCOIS MCGOWAN, DAVID A. BORNN AS TRUSTEE TO THE GAF TRUST ESTATE 14 JOHN'S FOLLY EXCLUDING ALL HEIRS AT LAW, ESTATE 15 CONCORDIA A, CORAL BAY QUARTER, ST JOHN UNITED STATES VIRGIN ISLANDS, NATIONAL PARK SERVICE, LAND RESOURCES DIVISION, DEPARTMENT OF INTERIOR, THE UNITED STATES OF AMERICA, STANLEY SELENGUT, WILLIAM B. POPPELTON, LORRAINE A. POPPELTON, KEVIN M. WALSH, MARIA K. STURATIS, SCOTT E. WILMOSKI, CHARLES M. PERDUE, MONICA PERDUE, JOZSEF NEMETH, NANCY NEMETH, FRED S. PATTERSON, MARGARET D. PATTERSON, JOHN R. PERGOLIZZI, TREASURE VIEW LLC, GEORGE PILLORGE, DEBORAH PILLORGE, SCOTT L. HARTSHORN, CLAUDETTE C. HARTSHORN, HEINZ G. FISHER, LINDA G. BURDET TRUSTEES OF THE HEINZ G. FISHER TRUST, DONALD DURANTE, SAFIA B. DURANTE, CRAIG E. MITCHELL, ALAN MARTIN KAUFMAN, RACHELLE KAUFMAN, JEFFREY J. McCRAVE, ANN McCRAVE, DOROTHY K. JANOSKO, WILLIAM R. KINCER, SUSAN B. KINCER, SUSAN GREER LITTLEFIELD, WAYNE CHESTERFIELD, MONIQUE FRANCOIS, PEDRITO FRANCOIS, SALT POND VISTA LLC, V.I. JOSEPH PALMINTERI, CARRIE GLENN, MARC KAVE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 2011-41 |

| | |
|---|---|
| EMILY J. BRATTON, RICK HATHAWAY, RENE A. SERVANT aka RENE H. SERVANT, MARIE THERESE L. SERVANT, LORI JANE SNACK, BRIAN K. WALDEN, MINISTER ISHMAEL R. MUHAMMED, MICHAEL CARPER, REUBEN WHEATLEY, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) |

## REPORT AND RECOMMENDATION

On March 1, 2016, plaintiff Ida Smith moved the Court to enter sanctions pursuant to 28 U.S.C. §1927 or under the Court's inherent powers, against Mark Hodge, Esq. [ECF 467]. Attorney Hodge filed an opposition [ECF 473], and plaintiff replied. [ECF 475]. On February 13, 2017, the District Court referred the motion to the undersigned for a Report and Recommendation. For the reasons that follow, this Court recommends that the motion be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are well familiar with the facts of this case, so only such facts as are necessary to resolve the motion will be discussed. Ida Smith filed this "Action to Determine Boundary Lines and Quiet Title" on March 24, 2011.[1] The matter centers around certain real property located in Coral Bay Quarter on St. John, U.S. Virgin Islands. Treasure View, LLC ("Treasure View") and Kevin Walsh, Attorney Hodge's clients, apparently own an interest in real property in Estate Concordia[2] abutting the land in which plaintiff claims an interest, Estate 14 John's Folly. In this

---

[1] Plaintiff has attempted to amend the complaint several times, although the essential claims have remained constant.

[2] *See* Pl.'s Mot. [ECF 467] at 4 ("They allegedly claim interest in Estate Concordia parcel 2-13, recorded at the Lieutenant Governor Office as document number 2003009755").

action, plaintiff Smith seeks to have the Court "determine the external boundary lines to Estate 14 John's Folly." Pl.'s Mot. [ECF 467] at 4.

After Treasure View received a summons, Attorney Hodge, on its behalf, filed a "Motion to Rescind All Summonses to Date" on September 20, 2011 [ECF 135], in which Walsh joined. [ECF 179]. That motion alleged that summonses were erroneously issued, and argued that defendants who received them need not respond to Smith's lawsuit. Attorney Hodge's clients then opposed Smith's efforts to file an amended complaint, *see, e.g.,* [ECF 196], and opposed other efforts by Smith to move her action along. On November 7, 2014, Attorney Hodge's clients moved to dismiss the matter for lack of proper service on them. [ECF 355]. On September 28, 2015, the District Court denied the motion to dismiss and ordered Smith to serve the defendants with the Second Amended Complaint she had filed on November 1, 2013. Order [ECF 386]. Smith then sought, and was granted, additional time to serve Attorney Hodge's clients. *See* Pl.'s Mot. for Enlargement of Time [ECF 391]; Order [ECF 395].

After service was again attempted on them, on October 22, 2015, Treasure View and Walsh renewed their motion to dismiss [ECF 439], again based on a lack of proper service. After other defendants did likewise, and Smith engaged in that skirmish, she ultimately filed a "Motion in Opposition to, ECF document Numbers 439, 449 and 450, All Defendants [sic] Motion to Dismiss." [ECF 452]. Characterizing this motion as a "sur-reply" filed without leave in violation of the local rules, Treasure View and Walsh moved to strike it. [ECF 453]. On January 28, 2016, Attorney Hodge's clients moved for clarification [ECF 458] of the District Court's scheduling order [ECF 457] of that same date, seeking to determine if his clients, who had a pending motion to dismiss, were expected to engage in discovery and attend trial.

Meanwhile, with the service of process issues unresolved, Smith had filed a motion seeking summary judgment. [ECF 384, docketed September 21, 2015]. On February 22, 2016, Smith filed a "Petition for Ruling on Motion for Summary Judgment." [ECF 463]. Later that same day, Attorney Hodge, on behalf of Treasure View and Walsh, responded to that petition. [ECF 464]. It is the filing of this response that generated the instant motion for sanctions.

Treasure View and Walsh's response begins by repeating a theme running through many of their filings: noting certain motions relative to summonses and service that are pending and remain unresolved. With respect to plaintiff's motion for summary judgment, Treasure View and Walsh take the position that, inasmuch as they have not yet been properly served with process, entry of summary judgment would be premature. Defs.' Resp. [ECF 464] at 4.

Plaintiff Smith brings this motion for sanctions pursuant to 28 U.S.C. §1927 or, in the alternative, under the Court's inherent powers. While most of the motion appears to deal with the merits of her motion for summary judgment, Smith argues that Treasure View and Walsh were indeed properly served, and that they should have answered the complaint and not moved to dismiss it. Pl.'s Mot. at 4. She argues further that her motion for summary judgment could not be premature where the Court has entered summary judgment for other defendants, who were served in the same manner as Attorney Hodge's clients. *Id*. at 5-6. She therefore asks that Attorney Hodge be (1) sanctioned for "filing vexatious, persisting in meritless argument, improper, baseless claims, responding to a petition for a ruling on summary judgment," and (2) enjoined from filing "further motions for dismissal for lack of service, improper service, service of process." *Id*. at 6-7. She also seeks an award of "reasonable fees, costs and expenses incurred in responding to this

instant matter." *Id*. at 7. Finally, she declares the Court is authorized to sanction Attorney Hodge for "bad faith conduct."[3] *Id*.

In opposition, Treasure View and Walsh characterize the instant motion as meritless and abusive. Defs.' Opp'n [ECF 473] at 1. They repeat their litany of unresolved motions relative to summonses and service, and the motions that were directed to the service deficiencies. *Id.* at 2-4. They posit that (1) injunctive relief is not available under §1927, and (2) there is no proof of any fees, costs or expenses incurred. *Id*. at 8. Treasure View and Walsh argue the motion practice was not excessive given the procedural history of the case, and point out a lack of evidence of any bad faith. *Id.* at 9-10.

## II.     APPLICABLE LAW

**A.     28 U.S.C. §1927**

28 U.S.C. §1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. The statute is aimed at addressing acts by attorneys that unreasonably extend court proceedings. *Zuk v. Eastern Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) ("Although a trial court has broad discretion in managing litigation before it, the principal purpose

---

[3] In her reply memorandum, Smith states: "The bottom line is, the law does not allow for Mark Hodge to respond or reply to Plaintiff's petition for ruling on motion for summary judgment. A ruling is made by a Court." Pl.'s Reply [ECF 475] at 3.

of imposing sanctions under 28 U.S.C. §1927 is the deterrence of intentional and unnecessary delay in the proceedings." (internal quotation marks and citation omitted)).

Moreover, §1927 sanctions require a finding of willful bad faith, not merely a showing of objectively unreasonable conduct. *Baker v. Cerberus, Ltd.*, 764 F.2d 204, 208-09 (3d Cir. 1985) ("conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation"). *See also Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) ("sanctions may not be imposed under §1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal")(quoting *LaSalle National Bank v. First Connecticut Holding Group, L.L.C. XXIII,* 287 F.3d 279 (3d Cir. 2002)). While §1927 grants courts the authority to impose sanctions for misconduct by attorneys, "it is a power which the courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989) (quotation marks omitted).

In cases where courts have granted §1927 sanctions, bad faith is usually apparent and egregious. For example, in *Administrator-Benefits for the ExxonMobil Savings Plan* v. *Williams*, the Court levied §1927 sanctions after an attorney disobeyed the Court's scheduling order and filed numerous frivolous motions:

> Attorney Rogers acted unreasonably in requesting the continuance only hours before the conference was scheduled to commence. By untimely filing the motion for continuance on the same day as the scheduled conference, and by failing to communicate with the Court or make any effort to participate in the conference, Rogers demonstrated bad faith. Rogers also demonstrated bad faith by filing a frivolous motion on Patricia Benjamin's behalf to dismiss this action on jurisdictional grounds. . . . In this case, Rogers intentionally and unreasonably disobeyed the Court's scheduling order. Rogers failed to appear or participate by telephone in the conference and offered no excuses for his absence, except perhaps

> the frivolous motions he filed. He thereby necessitated the scheduling of another conference, wasting the time and resources of the Court and plaintiff's counsel. He acted willfully in bad faith, evidencing a serious and studied disregard for the orderly processes of justice.

2009 U.S. Dist. LEXIS 120213, at *3 (D.V.I. Dec. 22, 2009). Similarly serious conduct was at issue in *Griffith v. Hess Oil V.I. Corp.*, 5 F. Supp. 2d 336 (D.V.I. 1998), where the Court imposed §1927 sanctions for significantly aberrant behavior. In that case, the Court found that "a conscious and deliberate effort by an attorney of the bar of this Court to withhold highly relevant case authority from the Court would constitute bad faith." *Id.* at 340.

Ultimately, "[i]n order to award attorneys' fees under 28 U.S.C. § 1927, a court must find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 317 Fed. Appx. 169, 172 (3d Cir. 2009). To the extent a party seeks "costs" and "expenses" under § 1927, in addition to attorney's fees, such costs and expenses are limited to those enumerated in 28 U.S.C. § 1920. *Martin v. Brown*, 63 F.3d 1252, 1264-65 (3d Cir. 1995). Moreover, a party is entitled to only those attorney's fees, costs and expenses that result from the particular misconduct. *Id.* at 1265.

**B.     Inherent Authority**

A court has the power to sanction counsel for bad faith conduct pursuant to its inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-52 (1991); *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109 (3d Cir. 2011) (noting a court's inherent power "extends to the regulation of attorneys"); *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175

(3d Cir. 2002) (explaining "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith"); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985) (noting a district court has the inherent power "to sanction errant attorneys financially") (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). "[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *The Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 2001) (quoting *Chambers*, 501 U.S. at 44). "Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must ensure that the sanction is tailored to address the harm identified." *The Republic of the Philippines*, 43 F.3d at 74.

A court may only use its inherent power to assess attorney's fees as a sanction in narrowly-defined circumstances. *Roadway*, 447 U.S. at 765. These rare situations are, for example, when a party has engaged in egregious acts such as litigating in bad faith, abusing judicial processes, or threatening witnesses with violence. *See, e.g., The Republic of the Philippines*, 43 F.3d at 73-74; *Alyeska Pipeline Svc. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" subject to sanctions pursuant to a court's inherent power). "[G]enerally a court should not resort to [] sanctions" pursuant to its inherent power where bad-faith conduct in the course of litigation can be adequately addressed by other sanctioning provisions, such as §1927. *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109, 112 (3d Cir. 2011); *see Chambers*, 501 U.S. at 50 (stating "if in the informed discretion of the court, neither the statute [i.e., §1927] nor the Rules are up to the task, the court may safely rely on its inherent power").

### III.   DISCUSSION

Based upon the record presented, the Court discerns no sanctionable conduct has occurred here. Apart from one reference to the term, plaintiff Smith has not shown that Attorney Hodge proceeded in bad faith, or unreasonably or unnecessarily delayed or frustrated the resolution of this case. While it may not have been truly necessary for counsel to repeat his client's version of the procedural history of this matter in each filing, every such filing was in fact directed to a specific event in the matter, and Treasure View and Walsh were entitled to file the motions and oppositions that they filed. Plaintiff's motion for sanctions displays more of a disagreement with the positions Attorney Hodge took on behalf of his clients, than demonstrates the type of conduct warranting sanctions under either §1927 or by virtue of the Court's inherent authority.

### IV.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that the motion [ECF 467] for sanctions be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  March 13, 2017                              S\ _____
                                                                             **RUTH MILLER**
                                                                             United States Magistrate Judge