DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                                        )
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )
                                                  )
ALL PERSONS CLAIMING A PRESENT OR                 )
FUTURE INTEREST IN ESTATE 13, FRIIS,              )
LINDA V. SMITH-FRANCIS, WILLIAM E.                )
SMITH, ELOISE V. SMITH-HENDRICKS, BAB             )
FRIIS NO. 1, PAUL HOFFMAN, JANE                   )
HOFFMAN-WALKER, ELEANOR ADAMS                     )
HOFFMAN, MAXWELL ADAMS HOFFMAN,                   )
GLORIA FRANCOIS MCGOWAN, DAVID A.                 )
BORNN AS TRUSTEE TO THE GAF TRUST                 )
ESTATE 14 JOHN'S FOLLY EXCLUDING ALL             )
HEIRS AT LAW, ESTATE 15 CONCORDIA A,              )   Civil No. 2011-41
CORAL BAY QUARTER, ST JOHN UNITED                 )
STATES VIRGIN ISLANDS, NATIONAL PARK              )
SERVICE, LAND RESOURCES DIVISION,                 )
DEPARTMENT OF INTERIOR, THE UNITED                )
STATES OF AMERICA, STANLEY SELENGUT,              )
WILLIAM B. POPPELTON, LORRAINE A.                 )
POPPELTON, KEVIN M. WALSH, MARIA K.               )
STURATIS, SCOTT E. WILMOSKI, CHARLES              )
M. PERDUE, MONICA PERDUE, JOZSEF                  )
NEMETH, NANCY NEMETH, FRED S.                     )
PATTERSON, MARGARET D. PATTERSON,                 )
JOHN R. PERGOLIZZI, TREASURE VIEW LLC,            )
GEORGE PILLORGE, DEBORAH PILLORGE,                )
SCOTT L. HARTSHORN, CLAUDETTE C.                  )
HARTSHORN, HEINZ G. FISHER, LINDA G.              )
BURDET TRUSTEES OF THE HEINZ G.                   )
FISHER TRUST, DONALD DURANTE, SAFIA               )
B. DURANTE, CRAIG E. MITCHELL, ALAN               )
MARTIN KAUFMAN, RACHELLE KAUFMAN,                 )
JEFFREY J. McCRAVE, ANN McCRAVE,                  )
DOROTHY K. JANOSKO, WILLIAM R.                    )
KINCER, SUSAN B. KINCER, SUSAN GREER              )
LITTLEFIELD, WAYNE CHESTERFIELD,                  )
MONIQUE FRANCOIS, PEDRITO FRANCOIS,               )
SALT POND VISTA LLC, V.I. JOSEPH                  )
PALMINTERI, CARRIE GLENN, MARC KAVE,              )

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 2

EMILY J. BRATTON, RICK HATHAWAY,          )
RENE A. SERVANT aka RENE H. SERVANT,      )
MARIE THERESE L. SERVANT, LORI JANE       )
SNACK, BRIAN K. WALDEN,                    )
MINISTER ISHMAEL R. MUHAMMED,              )
MICHAEL CARPER, REUBEN WHEATLEY, *et*     )
*al.,*                                     )
                 Defendants.   )
                                           )

## REPORT AND RECOMMENDATION

On March 1, 2016, Defendants Paul Hoffman, David A. Bornn as Trustee of the GAF Trust, the successor in interest to Gloria McGowan, and Jane Hoffman Walker (the "Friis[1] Defendants"), moved the Court to enter sanctions pursuant to Federal Rule of Civil Procedure 11 against plaintiff Ida Smith, and to find her in contempt of court under Rule 70.  [ECF 465].  Plaintiff Smith filed an opposition [ECF 472], and the Friis Defendants replied.  [ECF 474].  On February 13, 2017, the District Court referred the motion to the undersigned for a Report and Recommendation.  For the reasons that follow, this Court recommends that the motion be granted in part and denied in part.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

The parties are well familiar with the facts of this case, so only such facts as are necessary to resolve the motion will be discussed.  Ida Smith filed this "Action to Determine Boundary Lines and Quiet Title" on March 24, 2011.[2]  The matter centers around certain real property located in Coral Bay Quarter on St. John, U.S. Virgin Islands.   The Friis Defendants own real property at Parcel No. 1 Estate Friis, abutting the land in which plaintiff clams an interest, Estate 14 John's

---

[1]       The word "Friis" is sometimes spelled as "Friise," depending on the document containing the word.  For ease, the Court uses the spelling "Friis" herein.

[2]       Plaintiff has attempted to amend the complaint several times, although the essential claims have remained constant.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 3

Folly.  The boundary between the Estate Friis and John's Folly properties was in dispute for many years, and was the subject of protracted litigation.   *See* Mem. Op. [ECF 388] at 5-7.

On October 18, 2011, Smith filed a Notice of Lis Pendens "against real property that is the subject of this action," including real property owned by the Friis Defendants.  [ECF 169].  At a hearing before this Court on November 4, 2011, Smith stated that she would remove the *lis pendens*.  The Court then entered an Order, dated November 4, 2011, stating "plaintiff shall cause the *lis pendens* to be removed from the public record as against all affected properties within 10 days of the date of this Order."  Order [ECF 183].

On November 15, 2011, plaintiff filed a "Notice of Cancellation of Lis Pendens," indicating she had mailed a "cancellation letter," along with a copy of the Court's November 4, 2011 Order, to the Recorder of Deeds of the Virgin Islands (the "Recorder").  [ECF 185].  Attached to the Notice was a letter directed to the Recorder, listing the date and document number of the *lis pendens* and asking that it be cancelled.  [ECF 185-1].[3]

On September 30, 2015, the District Court entered judgment in favor of the Friis Defendants and dismissed the claims against them.  J. [ECF 389].  With respect to the claims against the Friis Defendants, the Court found:

> At its core, the instant action seeks to litigate the same claim that was previously litigated in *Dudley v. Myers* [422 F.2d 1389 (3d Cir. 1970)] and precluded in *Hodge v. McGowan* [No. CIV. 1992-84, 1993 WL 723699, at *5 (D.V.I. Dec. 23, 1993)].  Accordingly, the Court finds that Smith's claims against the Friise Defendants are barred by *res judicata* as she is attempting to relitigate the boundary between Parcel No. 1 Estate Friise and Parcel No. 14I Estate John's Folly.

---

[3]     The letter to the Recorder does not have a handwritten signature.  The letter does contain a line, with an "X" on it, beneath which appears "/s/ Ida Smith" and "Pro Se, Plaintiff" appearing immediately below her name.  This is followed by "Sincerely" with plaintiff Smith's typewritten name below that.  *See* [ECF 185-1].

Mem. Op. [ECF 388] at 18.

On January 8, 2016, Smith filed another "Notice of Lis Pendens," stating "she claims title pursuant to Treaty Series No. 629 (39 Stat. 1706) as an inheritable heir at law to the remnant lands within Estate 14 John's Folly, Coral Bay Quarter, St. John, United States Virgin Islands as shown on the original survey, Register No. T3783, attached herein." [ECF 456]. The instant motion for sanctions followed.

The Friis Defendants bring this motion pursuant to Federal Rule of Civil Procedure 11(c)(2) and seek a variety of sanctions. They further request that the Court find Smith in contempt under Federal Rule of Civil Procedure 70 for her failure to remove the *lis pendens* as the Court ordered on November 4, 2011. Friis Defs.' Mem. [ECF 466] at 1. Among other relief, these parties seek (1) an order directing the Recorder to "remove the October 12, 2011 and January 8, 2016 *lis pendens* from the public record," (2) a "compensatory fine," (3) an order directing the Recorder "not to accept any further filings from Smith without a court order verifying the validity of her document," (4) an order requiring plaintiff to pay damages, and (5) an injunction directed to plaintiff to prohibit the filing of further *lis pendens* or legal actions against them without leave of court. *Id.* at 11-12, 14-15.

In opposition, Smith avers there "isn't a valid court order issued on this docket that Plaintiff has violated." Pl.'s Opp'n [ECF 472] at 16, 21. She further argues that the January 2016 notice "does not affect Estate 13 Friis land." *Id.* at 22, 23.

## II.    APPLICABLE LAW

### A.    Federal Rule of Civil Procedure 11

Rule 11 is intended to redress abusive litigation practices, and recognizes that a person signing and submitting a document to the court has a "nondelegable responsibility to the court."

FED. R. CIV. P. 11, advisory committee's note; *see generally Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Among other things, a party presenting a document to the court "certifies that to the best of the person's knowledge, information and belief" that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  FED. R. CIV. P. 11(b)(1).  Rule 11(c) allows a court to impose sanctions on an attorney or party for violating Rule 11(b), as long as the party seeking sanctions complies with the Rule's "safe harbor" provision.  FED. R. CIV. P. 11(c)(2).[4]

Moreover, a motion for Rule 11 sanctions "must be made *separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)."  FED. R. CIV. P. 11(c)(2) (emphasis added).  "The procedural steps mandated by Rule 11(c)(2) are not mere technical rules, but rather serve the substantial function of 'giv[ing] the offending party a safe harbor within which to withdraw or correct the offending pleading.'"  *Kalenevitch*, 502 Fed. Appx. at 125 (alteration in original) (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011)).  *See In re Spring Creek Holding v. Keith*, 2006 U.S. Dist. LEXIS 68145, *10 (D.N.J. Sept. 18, 2006) (denying sanctions for one party where Rule 11 motion not brought separately).

Furthermore, "proper Rule 11 analysis should focus on the circumstances that existed at the time counsel filed the challenged paper."  *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988).  Rule 11 sanctions "should only be imposed in those rare instances where the evident

---

[4]    Thus, before seeking sanctions under Rule 11, a party must give notice of the alleged offending conduct and allow the opposing party 21 days in which to withdraw or otherwise correct the challenged submission.  Compliance with this "safe harbor" provision is mandatory.  *Metro. Life Ins. Co. v. Kalenevitch*, 502 Fed. Appx. 123, 125 (3d Cir. 2012).  "If the twenty-one day period is not provided, the motion must be denied."  *Id.* (quoting *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008)).  The Friis Defendants assert they complied with Rule 11(c)(2) in that they served their motion for sanctions on Smith on February 5, 2016, and that 21 days had passed without plaintiff removing the offending *lis pendens.*  Friis Defs.' Mem. at 15 n.1.

frivolousness of a claim or motion amounts to an 'abuse[] of the legal system.'"   *Paris v. Pennsauken Sch. Dist.*, 2013 U.S. Dist. LEXIS 112280, at *21 (D.N.J. Aug. 9, 2013) (alteration in original) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

**B.      Federal Rule of Civil Procedure 70**

Federal Rule of Civil Procedure 70 provides:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

FED. R. CIV. P. 70(a).  Further, "[t]he court may also hold the disobedient party in contempt."  FED. R. CIV. P. 70(e).[5]

**C.      Civil Contempt**

It is well-established that federal courts "have inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also United States v. Harris*, 582 F.3d 512, 514 (3d Cir. 2009) ("It has long been recognized that courts possess the inherent authority to hold persons in contempt."); *United States v. Terr. of the V.I.*, 2014 U.S. Dist. LEXIS 178548, *18, n.12 (D.V.I. Dec. 30, 2014) (explaining that the inherent contempt power is derived from 18 U.S.C. § 401).  *See also Carty v. Turnbull,* 144 F. Supp. 2d 395, 415 (D.V.I. 2001).

---

[5]      The plain language of Rule 70 speaks to "judgments," and the parties have not offered the Court authority to guide the Court in determining whether relief under Rule 70 would be appropriate in the circumstances presented here. However, because the Court has the inherent authority to sanction a party for contempt, it is not necessary to apply Rule 70 for that purpose.

"'To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order.'" *Smith v. Katz*, 2016 U.S. Dist. LEXIS 133002, *6 (D.V.I. Sept. 28, 2016) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)).  A moving party must demonstrate by clear and convincing evidence that a contempt finding is warranted.  *See, e.g., Lawn Doctor, Inc. v. Rizzo*, 646 Fed. Appx. 195, 199, 201 (3d Cir. 2016) (citations omitted); *Carty v. Farrelly,* 957 F. Supp. 727, 743 (D.V.I. 1997); *Carty v. Turnbull,* 144 F. Supp. 2d 395, 415 (D.V.I. 2001) ("where there is ground to doubt the wrongfulness of the conduct, the defendant should not be held in contempt").

> To preclude a finding of contempt, in turn, the defendants must demonstrate--not by mere assertions but by presenting evidence--that they have taken "all reasonable steps" toward compliance. Mere good faith efforts do not suffice.  Indeed, evidence of good faith is relevant only to gauge the extent of contempt sanctions.[6]

*Carty v. Farrelly*, 957 F. Supp. at 743 (citing *Robin Woods, Inc. v Woods*, 28 F.3d 396, 399 (3d. Cir. 1994); *Harley-Davidson Inc. v. Morris*, 19 F.3d 142, 148-49 (3d Cir. 1994)).  Moreover,

> [t]he law affords courts great . . . discretion in fashioning an appropriate sanction for contempt.  A court exercises its discretion based on its understanding of the case and the contemnor, paying particular regard to the extent of prior compliance or noncompliance. . .  A court's remedial powers and discretion in fashioning sanctions are not unlimited, however.  "In selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed."

*Carty v. Turnbull,* 144 F. Supp. 2d at 418 (citations omitted.).  *See also Lawn Doctor*, 646 Fed. Appx. at 200 ("A district court has wide, but not unlimited, discretion in fashioning appropriate

---

[6]     "A defendant may escape contempt by establishing 'that it could not possibly comply with the court's order despite making all reasonable efforts to do so.'"  *Carty v. Turnbull*, 144 F. Supp. 2d at 415 (quoting *Harris v. City of Philadelphia*, 47 F.3d at 1341).  "The defense of impossibility is limited to "physical impossibility beyond the control of the alleged contemnor.'"  *Carty*, 144 F. Supp. 2d at 418 (citation omitted).

compensatory sanctions.") (internal quotation marks and citation omitted); *United States v. Terr. of the V.I.*, 2014 U.S. Dist. LEXIS 178548, at *18, 23 (the court has discretion to "fashion a sanction that will achieve full remedial relief," but must use "the least possible power adequate to the end proposed").

Sanctions for civil contempt are generally of two kinds:  compensatory and coercive.  *See, e.g., Carty v. Farrelly,* 957 F. Supp. at 747 (the court can order a fine payable to the movant as compensation, or payable to the court, but avoidable if the contemnor complies with the order).  A compensatory fine must not exceed the actual loss suffered.  *Carty v Turnbull,* 144 F. Supp. 2d at 418.  *See also East End Taxi Services, Inc. v. Virgin Islands Taxi Association, Inc.,* 2008 U.S. Dist. LEXIS 9360, *28 (D.V.I. Feb. 6, 2008) ("The amount of a compensatory fine may not exceed the actual damages caused by the contemptuous conduct.").   "It is well established attorneys' fees are authorized as an *element* of damages that could be asserted against the contemnor." *Lawn Doctor*, 646 Fed. Appx. at 198 (attorney's fees award would be to remedy the injury, not because a party was a prevailing party) (emphasis in original, citations omitted).  "In addition to fines, the court may require the contemnor to undertake affirmative acts, even acts not required by the initial order." *Carty v. Turnbull,* 144 F. Supp. 2d at 418 (citing *In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1150, 1159 (3d Cir. 1982)).

## III.   DISCUSSION

## A.    Entitlement to Relief Under Rule 11

As noted, sanctions under Rule 11 are not available unless the motion for such sanctions is "made separately from any other motion," and describes "the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2).  The Friis Defendants contend their request for Rule 11 sanctions derives from the allegedly ineffective "notice of cancellation" Smith filed on

November 15, 2011, and from the filing of the January 2016 *lis pendens* affecting their property after summary judgment was entered in the Friis Defendants' favor in September 2015.  Friis Defs.' Mem. at 14-15.  Assuming these contentions adequately describe the conduct in question, the Friis Defendants are not entitled to sanctions under Rule 11 because they did not bring the motion for Rule 11 relief separately from any other motion.  *See In re Spring Creek Holding v. Keith*, 2006 U.S. Dist. LEXIS 68145, at *10.

**B.     Entitlement to a Finding of Contempt**

The Friis Defendants request that Smith be found in contempt because she failed to release her October 2011 *lis pendens* after being ordered to do so on November 4, 2011.[7]  They argue her conduct satisfies the requirements for a finding of contempt because there was a valid order, of which Smith was aware, and which she violated.  Friis Defs.' Mem. at 8.  *See Smith v. Katz*, 2016 U.S. Dist. LEXIS 133002, at *6.

First, the undersigned addresses Smith's opposition that she did not violate any valid court order, because she had not consented to the undersigned Magistrate Judge presiding over any part of this case.  Smith Opp'n at 16.  As Smith has been informed on a number of occasions, under 28 U.S.C. § 636 (b)(1)(A), a magistrate judge is authorized to hear and determine any non-dispositive pretrial matter designated to it by a district judge.  Such authority is not dependent upon consent of the parties.  "In this Circuit, the issue of discharge of *lis pendens* notices has also been considered non-dispositive."  *In re Spring Creek Holding v. Keith*, 2006 U.S. Dist. LEXIS 68145,

---

[7]      The Friis Defendants also seem to argue that Smith can be found in contempt for placing the second *lis pendens* in January 2016, but they point to no order that specifically prohibited her from filing that document.  While the new filing might support a claim for Rule 11 sanctions (if brought in a separate motion), contempt does not appear to be the appropriate pursuit for that filing.  *See, e.g., In re Spring Creek Holding v. Keith*, 2006 U.S. Dist. LEXIS 68145 (D.N.J. Sept. 18, 2006)(allowing Rule 11 sanctions for improper filing of *lis pendens*).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 10

at *7 (citing *Demenus v. Tinton 35, Inc.,* 873 F.2d 50 (3d Cir. 1989)).[8] Here, without objection

from Smith, the undersigned entered an Order on November 4, 2011, which, "as agreed in open

court," required Smith to "cause the *lis pendens* to be removed from the public record as against

all affected properties within 10 days" of November 4, 2011. Order [ECF 183]. The November

4, 2011 Order did not dispose of any claims, defenses or parties in this matter, and plaintiff Smith

did not object to the Order or seek review of it by the District Court. *See* 28 U.S.C. § 636 (b)(1)(A)

(allowing a district judge to "reconsider" any order of a magistrate judge shown to be "clearly

erroneous or contrary to law"). That there was a valid order in place cannot readily be disputed.

Similarly, that Smith was aware of the Order cannot be questioned, as she was in Court when the

directive was originally orally issued from the bench.

The remaining issue then is whether Smith violated the November 4, 2011 Order to

remove the *lis pendens* from the public record. The record reflects that Smith made some effort

to comply, as she filed a "Notice of Cancellation of Lis Pendens," on November 15, 2011,

indicating she had mailed a "cancellation letter," along with a copy of the Court's November 4,

2011 Order, to the Recorder. [ECF 185]. However, the Friis Defendants submit the affidavit of

Linda Berry, a "Title Agent," who avers that she searched the records at the Recorder's office and

"found no release" of the October 12, 2011 *lis pendens*. Berry Aff. [ECF 466-1] at ¶ 3.[9] Moreover,

in response to the motion, Smith does not argue that she in fact removed the *lis pendens*, nor does

she offer any other explanation for its continued existence on the property records.

---

[8]      In *In re Spring Creek*, the Magistrate Judge dealt with both the issue of sanctions and whether *lis pendens* should be discharged. *In re Spring Creek Holding v. Keith*, 2006 U.S. Dist. LEXIS 68145.

[9]      Berry also avers that this search resulted in finding the new *lis pendens* dated January 8, 2016, "indexed against Parcel 13 Estate Friis . . as well as against" the Friis Defendants. Berry Aff. [ECF 466-1] at ¶ 4. Berry opines that Smith's filings "clearly cloud the title to the subject parcels named in the Complaint." *Id.* at ¶ 5.

Furthermore, as the authorities make clear, even if the Court did find that Smith had acted in good faith in sending a letter to the Recorder, the Court cannot find that she has demonstrated that she has taken "all reasonable steps" toward compliance. *See Carty v. Farrelly*, 957 F. Supp. at 743. Nor has Smith established that she "could not possibly comply with the court's order despite making all reasonable efforts to do so.'" *Carty v. Turnbull,* 144 F. Supp. 2d at 415 (quoting *Harris v. City of Philadelphia*, 47 F.3d at 1341).

Based upon this record, the Court concludes that Smith has violated the November 4, 2011 Order. All three required elements having been established by clear and convincing evidence, the Court finds that Smith is in contempt of the Court's November 4, 2011 Order.

## C.    Appropriate Sanctions

Having found contempt, the Court next turns to consideration of an appropriate sanction. In so doing the Court must be mindful to apply the "least possible power adequate" to achieve the desired end. It must also be remembered, however, that the Court has broad discretion in determining an appropriate sanction.[10] The Friis Defendants seek several types of sanctions. The proposed sanctions are aimed at (1) removing the *lis pendens* from the property records,[11] and (2) compensating them for any damages caused by the filings.

First, with respect to removal of the *lis pendens*, the Friis Defendants ask the Court to issue a "coercive sanction" in the form of an order directed to the Recorder to remove the offensive *lis pendens,* and ordering the Recorder not to accept future filings. Inasmuch as the Recorder is not before this Court, the Court is without jurisdiction to issue orders directed to the Recorder. *See*

---

[10]     *Carty v. Turnbull*, 144 F. Supp. 2d at 418.

[11]     The Friis Defendants also seek to prevent Smith from filing in the future any *lis pendens* or litigation against them without leave of Court. Friis Defs.' Mem. at 11-12, 14-15.

*Glenn v. Dunlop*, 423 Fed. Appx. 249, 253 (3d Cir. 2010) (denying a similar request as "the Recorder of Deeds is not a party").

State law governs the creation and discharge of *lis pendens*. *See Porter v. T.D. Bank, N.A.*, 2012 U.S. Dist. LEXIS 18302, *3 (E.D. Pa. Feb. 13, 2012); *Bighorn Capital, Inc. v. 1000 SMA, LLC,* 2005 U.S. Dist. LEXIS 27862, *7, n.2 (N.D. Ill Nov. 9, 2005). Here, Title 28, Virgin Islands Code, § 130 provides the authority for the filing of a *lis pendens*, but gives no guidance whatsoever regarding the mechanism for cancelling or releasing such a filing. *Compare* N.J. Stat. Ann. § 2A:15-6 to §15-15 (New Jersey statute providing detailed mechanisms for filing, dealing with and cancelling *lis pendens*) *with* 28 V.I.C. § 130 (Virgin Islands statute containing a single section providing for filing only).

Case law must then provide direction with respect to the available mechanism for achieving removal of a *lis pendens*. This Court's review of the authorities leads to the conclusion that courts in the territory either (1) issue orders directed to the parties to take whatever action is necessary to cause cancellation of the notices, or (2) simply declare them to be invalid. *See, e.g., Day v. White*, 2015 U.S. Dist. LEXIS 132578, *50-51 (D.V.I. Sept. 30, 2015) (ordering the notice be "released forthwith"); *Gov't of the United States ex rel. Callwood v. Gov't of the United States V.I.*, 276 F. Supp. 2d 434 (D.V.I. 2003) ("striking" *lis pendens* and stating it "must be removed from the land records … as void and of no effect"); *Enterprise Properties Inc. v. Hills Development Corp.,* 1973 U.S. Dist. LEXIS 5216 (D.V.I. Nov. 30, 1973) (ordering defendants to partially release a *lis pendens*); *Wheatley v. Magras*, 2012 V.I. LEXIS 3, *23 (V.I. Super. Ct. Jan. 11, 2012) (ordering plaintiffs to remove *lis pendens* by a date certain).

With respect to whether any compensatory fine or damages should be ordered, the Friis Defendants say they are entitled to a "compensatory fine" for the harm done to them due to the

"cloud upon the title" of their property.  They also contend Smith's conduct caused them to "incur

expenses including the cost of a records search," and "attorney's fees and costs incurred in filing

the instant motion."   Friis Defs.' Mem. at 12-13.[12]

The existence of a *lis pendens* may impair the marketability of property.  *See Chrysler

Corp. v. Fedders Corp.*, 670 F.2d 1316, 1322, 1324 (3d Cir. 1981) (*lis pendens* "operates to restrict

the owner's full enjoyment of the property" but does not "result in a significant taking"); *Lloyd v.

Szabados*, 2001 U.S. Dist. LEXIS 18838, *8 (D.V.I. Nov. 7, 2001)("[t]hese notices have created

a cloud over legal title").   However, the notice does not "establish an actual lien against the

property." P*en-Del Mortgage Assocs. v. FDIC*, 1994 U.S. Dist. LEXIS 8981, *4 (E.D. Pa. Jun.

29, 1994), *Porter*, 2012 U.S. Dist. LEXIS 18302, at *3 (same); *see also Bighorn Capital*, 2005

U.S. Dist. LEXIS 27862, at *11 (*lis pendens* "does not formally restrain sale, conveyance or

purchase") (citations and internal quotations omitted).

Moreover, the mere existence of a "cloud" on title does not in itself establish any damage.

*See Glenn v. Dunlop*, 2009 U.S. Dist. 14912, *11 (D.V.I. Feb. 23, 2009), *rev'd in part on other

grounds,* 423 Fed. Appx. 249 253 (3d Cir. 2010) (in a slander of title case "a plaintiff must present

evidence of how the clouded title resulted in some pecuniary loss") (citations omitted).   Thus,

unless there is shown an actual intent to sell or otherwise deal with the property that is restrained

due to the existence of the *lis pendens*, its mere existence would not appear to be compensable in

the event of contempt.   *See Carty v. Turnbull*, 144 F. Supp. 2d at 418 (compensatory fine may not

exceed actual damages); *East End Taxi Services,*  2008 U.S. Dist. LEXIS 9360, at *28 (same).

---

[12]      The Friis Defendants proffered no evidence of the extent to which they have incurred any such title search
fees or attorney's fees and costs.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 14

Finally, the Friis Defendants ask the Court to enjoin Smith from filing additional documents against the property, or filing any new legal action against them, without prior leave of court. Friis Defs.' Mem. at 15. Such relief would appear to be available in these circumstances. *See Gage v. Wells Fargo Bank, N.A.*, 555 Fed. Appx. 148 (3d Cir. 2013) ("District courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints.") (citing *Chipps v. U.S.D.C. for M.D. of PA*, 882 F.2d 72, 73 (3d Cir. 1989)); *Chipps*, 882 F.2d at 73 ("a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court")).[13] *See also Glenn v. Dunlop,* 423 Fed. Appx. 249 (3d Cir. 2010) (approving the imposition of a filing injunction).

## IV.    CONCLUSIONS

Having considered the parties' memoranda, the applicable authorities, and the available remedies, it is hereby RECOMMENDED as follows:

1.    The Friis Defendants' motion for sanctions be GRANTED in part and DENIED in part.

2.    That the motion for sanctions pursuant to Federal Rule of Civil Procedure 11 be DENIED.

---

[13]    The District Court in *Gage* observed, "[w]hile the Court should be flexible when dealing with pro se litigants, and the injunction is an extreme remedy, I must ensure that the Court's limited resources are allocated in such a manner as to protect and promote the interests of justice. No plaintiff should be permitted to repeatedly abuse the judicial system for his/her own gain." *Gage v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 95347, *20 (D.N.J. Jul. 9, 2013) (enjoining *pro se* litigant from filing certain claims without leave of court ).

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 15

3.      That plaintiff Smith be found in contempt of the Court's November 4, 2011 Order to remove the *lis pendens* filed on October 18, 2011.

4.      That Smith be ordered to forthwith cause to be removed from the public records maintained by the Recorder the *lis pendens* filed on October 18, 2011, and to file within 10 days of the date of the District Court's order certified proof thereof obtained from the Recorder of such removal.  In the event of Smith's failure to abide by such order, the Court should enter an order, in a form appropriate for filing with the Recorder, declaring the October 18, 2011 *lis pendens* to be void and of no effect.

5.      That Smith be ordered to forthwith cause to be revised the January 8, 2016 *lis pendens* to reflect that it does not bear on the Friis Defendants' property, and to file within 10 days of the date of the District Court's order certified proof thereof obtained from the Recorder of such revision.  In the event of Smith's failure to abide by such order, the Court should enter an order, in a form appropriate for filing with the Recorder, declaring the January 8, 2016 *lis pendens* to be void and of no effect.

6.      That the Court impose a filing injunction on Smith to forbid the future filing of *lis pendens* against, or other litigation affecting, the real property at Parcel No. 1 Estate Friis, St. John, U.S. Virgin Islands.

7.      That the Court require the submission of additional evidentiary materials to support any claim for a compensatory sanction by the Friis Defendants, and provide for an opportunity for Smith to respond to such material.  The Court should also consider convening an evidentiary hearing to resolve the issue of what, if any compensatory fine should be levied.

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
Page 16

Any objections to this Report and Recommendation must be filed in writing within 14 days of

receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.


**Dated:** March 14, 2017                          S_____
                                                   **RUTH MILLER**
                                                   United States Magistrate Judge