DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IDA SMITH, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>ALL PERSONS CLAIMING A PRESENT OR )<br>FUTURE INTEREST IN ESTATE 13, )<br>FRIIS, LINDA V. SMITH-FRANCIS, )<br>WILLIAM E. SMITH, ELOISE V. SMITH- )<br>HENDRICKS, BAB FRIIS NO. 1, PAUL )<br>HOFFMAN, JANE HOFFMAN-WALKER, )<br>ELEANOR ADAMS HOFFMAN, MAXWELL )<br>ADAMS HOFFMAN, GLORIA FRANCOIS )<br>MCGOWAN, DAVID A. BORNN AS TRUSTEE )<br>TO THE GAF TRUST ESTATE 14 JOHN'S )<br>FOLLY EXCLUDING ALL HEIRS AT LAW, )<br>ESTATE 15 CONCORDIA A, CORAL BAY )<br>QUARTER, ST JOHN UNITED STATES )<br>VIRGIN ISLANDS, NATIONAL PARK )<br>SERVICE, LAND RESOURCES DIVISION, )<br>DEPARTMENT OF INTERIOR, THE UNITED )<br>STATES OF AMERICA, STANLEY )<br>SELENGUT, WILLIAM B. POPPELTON, )<br>LORRAINE A. POPPELTON, KEVIN M. )<br>WALSH, MARIA K. STURATIS, SCOTT E. )<br>WILMOSKI, CHARLES M. PERDUE, )<br>MONICA PERDUE, JOZSEF NEMETH, )<br>NANCY NEMETH, FRED S. PATTERSON, )<br>MARGARET D. PATTERSON, JOHN R. )<br>PERGOLIZZI, TREASURE VIEW LLC, )<br>GEORGE PILLORGE, DEBORAH PILLORGE, )<br>SCOTT L. HARTSHORN, CLAUDETTE C. )<br>HARTSHORN, HEINZ G. FISHER, LINDA )<br>G. BURDET TRUSTEES OF THE HEINZ G. )<br>FISHER TRUST, DONALD DURANTE, )<br>SAFIA B. DURANTE, CRAIG E. )<br>MITCHELL, ALAN MARTIN KAUFMAN, )<br>RACHELLE KAUFMAN, JEFFREY J. )<br>McCRAVE, ANN McCRAVE, DOROTHY K. )<br>JANOSKO, WILLIAM R. KINCER, SUSAN )<br>B. KINCER, SUSAN GREER )<br>LITTLEFIELD, WAYNE CHESTERFIELD, )<br>MONIQUE FRANCOIS, PEDRITO ) | Civil No. 2011-41 |

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 2*

```
FRANCOIS, SALT POND VISTA LLC,        )
V.I. JOSEPH PALMINTERI, CARRIE        )
GLENN, MARC KAVE, EMILY J.            )
BRATTON, RICK HATHAWAY, RENE A.       )
SERVANT aka RENE H. SERVANT, MARIE    )
THERESE L. SERVANT, LORI JANE         )
SNACK, BRIAN K. WALDEN,               )
MINISTER ISHMAEL R. MUHAMMED,         )
MICHAEL CARPER, REUBEN WHEATLEY,      )
et al.,                               )
                    Defendants.       )
                                      )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
   *Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
   *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
   *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
   *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
   *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
   *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
   *Francis; and George Pillorge,*

**Gloria McGowan**
   *Pro se,*

**Wayne Chesterfield**
   *Pro se,*


*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 3*

**Monique Francois**
    *Pro se,*

**Pedrito Francois**
    *Pro se,*

**Joseph Palminteri**
    *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
    *Pro se,*

**Emily J. Bratton**
    *Pro se,*

**Rick Hathaway**
    *Pro se,*

**Rene A. Servant**
    *Pro se,*

**Marie Therese Servant**
    *Pro se,*

**Brian K. Walden**
    *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
    *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Kevin M. Walsh and Treasure View LLC,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 4*

**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Order*
*Page 5*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is Ida Smith's motion, which is labeled "Motion to Vacate."

### I. FACTUAL AND PROCEDURAL HISTORY

On March 24, 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of land in Saint John, United States Virgin Islands. On April 1, 2011, Smith filed an amended complaint (the "First Amended Complaint"). Neither the original complaint nor the First Amended Complaint named an individual defendant. Rather, both actions were brought against "[a]ll persons claiming a present or future interest, in Estate 13, Friis, Bab Friis No.1, Estate 14, John's Folly, Estate 15, Concordia A, Coral Bay Quarter, St. John, United States Virgin Islands EXCEPT The United States of America, National Park Service." ECF Nos. 1, 4.

On October 17, 2013, the Magistrate Judge granted Smith leave to file a Second Amended Complaint. On November 1, 2013, Smith filed her amended complaint (the "Second Amended Complaint"). The Second Amended Complaint named more than thirty defendants, including the National Park Service (the "NPS"), an agency of the United States.

The NPS subsequently moved to dismiss Smith's complaint for lack of subject matter jurisdiction. On August 1, 2016, the Court granted the NPS's motion, holding that Smith's pleading did not comply with the Quiet Title Act and that Smith failed to adequately allege that she had standing to bring her claims. The Court dismissed the Second Amended Complaint without prejudice. Smith was given until August 8, 2016, to file an amended complaint.

On August 8, 2016, Smith filed an amended complaint. The amended complaint, however, did not "delineat[e] the changes or additions" made from the dismissed complaint as required by Local Rule of Civil Procedure 15.1 (hereinafter "LRCi 15.1").

On August 10, 2016, the NPS moved to strike the complaint. The Court granted that motion on August 16, 2016, and ordered Smith's amended complaint stricken from the record. The Court gave Smith until 3 P.M. on August 18, 2016, to file an amended complaint that complied with LRCi 15.1. The Court further

explained that "[c]hanges or additions are generally delineated using the 'red-line' option in word-processing programs." ECF No. 511 at 6 n.1. Smith was warned that a failure to comply with LRCi 15.1 "may result in the dismissal of her claims against the United States with prejudice." *Id.* at 6.

Smith did not file another amended complaint within the time granted by the Court's August 16, 2016, order. Rather, on August 18, 2016, three hours before the Court's deadline, Smith filed the instant motion, which is labeled as a "Motion to Vacate." In that motion, Smith argues that the Court's August 16, 2017, order should be vacated. She asserts that the Court erred when it granted the NPS's motion to strike Smith's complaint.

On January 12, 2017, the Court held a hearing in this matter. At the hearing, Smith was afforded an opportunity to be heard on her "Motion to Vacate." With respect to that motion, Smith argued that, "under local court rule 15.1 . . . [,] if the Court orders you to amend your complaint[,] [the complaint] does not have to be redlined." *Hearing Tr.*, ECF No. 586 at 23:20-22.

At the January 12, 2017, hearing, Smith also asserted that she did not file a redlined complaint in response to the Court's August 16, 2016, order because the order "said that [she] may [file an amended complaint], not that [she] shall." *Id.* at 586

at 22:10-11. Also on January 12, 2017, the Magistrate granted Smith leave to file an amended complaint that complied with LRCi 15.1 by 10:00 A.M. on January 17, 2017. To date, Smith has not filed another amended complaint.

## II. DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. <u>ANALYSIS</u>

While Smith's motion is labeled as a motion to vacate, at its core it asserts that the Court erred when it issued its August 16, 2016, order. She urges the Court to reconsider its ruling. In that context, the Court understands, and construes, Smith's motion as one for reconsideration of the August 16, 2016, order.[1] Smith has not brought to the Court's attention any

---

[1] In her motion, Smith takes issue with the brief time period within which she was to file an amended complaint. *See* ECF No. 512 at 5 ("Plaintiff is caring for her mother . . . and cannot amend her complaint, yet again, with the two

intervening change of law or new evidence. The Court is also unaware of any. Thus, the Court understands Smith to proceed on the theory of clear error or manifest injustice.

Smith argues that the Court erred in striking her complaint for several reasons. First, Smith argues that LCRi 15.1 only applies when a plaintiff moves to amend a complaint. Because the Court had already granted Smith leave to amend her complaint, the argument goes, it cannot require her to comply with LCRi 15.1. Second, Smith argues that failure to comply with LCRi 15.1 is not a proper ground for a motion to strike under Federal Rule of Civil Procedure 12(f). Third, Smith argues that the Court erred in granting the NPS's motion to strike before her response was due, denying her an opportunity to respond. The Court addresses each of these arguments in turn.

---

days, by August 18 at 3pm, due to scheduled medical appointments for her mother." (citations omitted)). Smith did not, however, explicitly ask for more time to file an amended complaint. Moreover, since filing her motion for reconsideration, Smith has made it abundantly clear she intends to stand on the vacated complaint. *See, e.g.*, *Hearing Tr.*, ECF No. 586 at 22:10-11 ("THE COURT: Have you [filed an amended complaint] to date? MS. SMITH: I did not because you said that I may [file an amended complaint], not that I shall."); 24:6-9 ("THE COURT: . . . My question isn't whether you've been ordered to, my question is just whether you intend to. Do you intend to [file an amended complaint that complies with LRCi 15.1] currently? MS. SMITH: Not if I don't have to, no."). Nevertheless, on January 12, 2017, the Magistrate granted Smith leave to file an amended complaint by 10:00 A.M. on January 17, 2017. *See Hearing Tr.*, ECF No. 487 at 20:1-5. Smith failed to take advantage of that additional time, and to date, she has not filed another amended complaint.

### 1. Application of LRCi to Amended Pleadings

The Court will first consider whether Smith is bound by LCRi 15.1. That rule provides that

> A party who moves to amend a pleading shall file the amendment with the motion. Except as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference. A proffered amended pleading must note prominently on the first page the numbered amendment it represents; i.e., 1st, 2nd, 3rd amendment, etc.

LRCi 15.1.

In part, LCRi 15.1 requires the filing of an amendment by "[a] party who moves to amend a pleading." LRCi 15.1. Significantly, LRCi 15.1 also directs that "*any amendment to a pleading* . . . must reproduce the entire pleading as amended specifically delineating the changes or additions." *Id.* (emphasis added). That directive applies "[e]xcept as otherwise ordered by the Court." *Id.*

In its August 1, 2016, order, the Court instructed Smith that she "may file amended claims against the United States." ECF No. 511 at 6. The Court did not relieve Smith of her obligation to follow the Local Rules of Procedure, nor was the Court required to specifically instruct Smith to follow these rule. *See Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006,

1008 (9th Cir.1986) ("Although *pro se*, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

Indeed, the letter and spirit of the Court's August 16, 2016, order was to point out that (1) Smith was required to comply with LRCi 15.1; (2) Smith failed to comply with LRCi 15.1; and (3) Smith could remedy her deficiency if she filed a compliant complaint within a time certain. The Court went to some length to explain how compliance could be achieved. Smith chose not to cure her deficiency. Moreover, at the January 12, 2017, hearing, Smith was specifically instructed by the Magistrate to refile her stricken complaint, "call it the third amended complaint, and delineate where the changes are from the previous complaint." *Hearing Tr.*, ECF NO. 587 at 10:13-15; *see also id.* at 20:1-4 ("You may file an amended complaint by no later than Tuesday morning at 10 a.m. It will be titled the Third Amended Complaint. You will accompany it by a redlined version."). Notwithstanding that specific instruction, Smith has elected not to file an amended complaint that complies with LRCi 15.1.

The Court finds no error in that approach.

### 2. The Court's Authority to Strike a Pleading

The Court will now address Smith's argument that the Court committed clear error when it granted the NPS's motion to strike Smith's complaint.

District courts have the "inherent authority to control [their] docket[s]" and are "empower[ed] . . . to dismiss a case as a sanction for failure to follow procedural rules." *Knoll*, 707 F.3d at 409. More to the point, "[d]istrict courts have the inherent power to strike items from their docket for litigation conduct." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1065 (9th Cir. 2016). As discussed above, all parties--*pro se* as well as represented--can properly be required to follow a district court's local rules of procedure. *See, e.g.*, *Parkell v. Danberg*, 833 F.3d 313, 324 n.6 (3d Cir. 2016) ("Although courts liberally construe *pro se* pleadings, unrepresented litigants are not relieved from the rules of procedure . . . ."); *Mearin v. Folino*, 654 Fed. App'x 58, 61 (3d Cir. 2016) ("Even with the leniency due pro se litigants, [the pro se plaintiff] could expect to be held to the local rules surrounding summary judgment motion practice.").

As the Court has explained in the past, the purpose of LRCi 15.1 "is to have the plaintiff identify the differences between the [amended] complaint and the original pleading." *David v. AMR*

*Servs. Corp.*, 191 F.R.D. 89, 93 (D.V.I.), *aff'd without opinion*, 251 F.3d 153 (3d Cir. 2000). Such rules are quite common in the district courts. *See, e.g.*, *Sherrod v. Ryan*, No. CV150296PHXDJHESW, 2016 WL 4035326, at *1 (D. Ariz. July 22, 2016) (discussing local rule which requires plaintiffs to provide an amended complaint that "indicat[es] in what respect it differs from the original [c]omplaint (i.e., by bracketing or striking through the text to be deleted and underlining the text to be added)"); *Bohnhoff v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 849, 858 (D. Minn. 2012) (describing local rule which requires "a redline comparing the proposed amended pleading to the party's operative pleading" (internal quotation marks omitted)); *Turner v. Wetzel*, No. 3:13-CV-2680, 2015 WL 5695305, at *3 (M.D. Pa. Sept. 28, 2015) (discussing local rule which requires "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type").

    Rules like LRCi 15.1 impose a relatively minimal burden on a plaintiff, who must simply mark out what she changed in the new amendment. At the same time, such rules pay courts and other litigants dividends in saving them from "submit[ing] to the exercise of comparing two complaints line by line to determine the additions and deletions." *Hansen v. Governor Juan F. Luis*

*Hosp. & Med. Ctr.*, No. SX-15-CV-509, 2016 WL 3881016, at *3 (V.I. Super. July 11, 2016); *see also David*, 191 F.R.D. at 93 (explaining increased difficulty "in determining the new substantive allegations of the proposed amended complaint" when plaintiff fails to comply with LRCi 15.1). As such, LRCi 15.1 and similar rules are invaluable to courts in exercising their inherent authority to manage dockets.

Though Smith was obligated to comply with LRCi 15.1, she failed to do so. The Court was well within its authority to strike the Complaint for that reason. *See Ibrahim*, 835 F.3d at 1065; *see also Bohnhoff*, 853 F. Supp. 2d at 858 ("Where, as here, the plaintiff has not filed a motion to amend or a redlined complaint, the motion is not properly before the court."); *cf. Brooks-McCollum v. Emerald Ridge Serv. Corp.,* 563 Fed. App'x 144, 147 (3d Cir. 2014) (holding that "fail[ure] to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion . . . is an adequate basis for denying leave to amend"). Accordingly, the Court finds no clear error or manifest injustice.

### 3. The Need for a Response From Smith to the NPS's Motion to Strike

The Local Rules recognize that ordinarily a party has 14 days after service of a motion by another party to file a response. LRCi 7.1(e)(1). At the same time, the Local Rules also provide that the Court is not prohibited "from ruling without a response or reply when deemed appropriate."[2] LRCi 7.1(e)(3).

Here, LRCi 15.1 required Smith to file an amended complaint that "specifically delineat[ed] the changes or additions" made from the original. LRCi 15.1. She clearly did not. As Smith's objectively demonstrable failure to comply with the rule was an immutable procedural fact, the Court deemed it appropriate to rule on the NPS's motion to vacate. The Court hastens to note that that disposition was without prejudice. Indeed, in an abundance of caution, the Court provided Smith with leave to cure her deficient amendment.

The Court finds no error in that approach.

---

[2] That approach is not uncommon among trial courts. *See, e.g.*, *Osman v. Bimbo Bakeries USA, Inc.*, No. 14-CV-03281-MEH-CBS, 2016 WL 322390, at *1 (D. Colo. Jan. 27, 2016) ("The Court has determined no further briefing is required and rules on the Motion without response from Defendant, pursuant to D.C. Colo. LCivR 7.1(d)."); *Garden City Boxing Club, Inc. v. Collins*, No. CIVA B-05-260, 2006 WL 2037567, at *3 n.4 (S.D. Tex. July 18, 2006) ("[T]he Court concludes that the underlying motion should be denied even without a response from the Plaintiff . . . .").

Having found no grounds under which to reconsider the order striking Smith's amended complaint, the Court will deny Smith's motion to reconsider.

The premises considered, it is hereby

**ORDERED** that Ida Smith's "Motion to Vacate" docketed at ECF Number 512 is **DENIED.**


                                                    S\_____
                                                    **CURTIS V. GÓMEZ**
                                                    **District Judge**