```
                   DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN

IDA SMITH,                                  )
                                            )
               Plaintiff,                   )
                                            )
          v.                                )
                                            )
ALL PERSONS CLAIMING A PRESENT OR           )
FUTURE INTEREST IN ESTATE 13,               )
FRIIS, LINDA V. SMITH-FRANCIS,              )
WILLIAM E. SMITH, ELOISE V. SMITH-          )
HENDRICKS, BAB FRIIS NO. 1, PAUL            )
HOFFMAN, JANE HOFFMAN-WALKER,               )
ELEANOR ADAMS HOFFMAN, MAXWELL              )
ADAMS HOFFMAN, GLORIA FRANCOIS              )
MCGOWAN, DAVID A. BORNN AS TRUSTEE          )
TO THE GAF TRUST ESTATE 14 JOHN'S           )
FOLLY EXCLUDING ALL HEIRS AT LAW,           )       Civil No. 2011-41
ESTATE 15 CONCORDIA A, CORAL BAY            )
QUARTER, ST JOHN UNITED STATES              )
VIRGIN ISLANDS, NATIONAL PARK               )
SERVICE, LAND RESOURCES DIVISION,           )
DEPARTMENT OF INTERIOR, THE UNITED          )
STATES OF AMERICA, STANLEY                  )
SELENGUT, WILLIAM B. POPPELTON,             )
LORRAINE A. POPPELTON, KEVIN M.             )
WALSH, MARIA K. STURATIS, SCOTT E.          )
WILMOSKI, CHARLES M. PERDUE,                )
MONICA PERDUE, JOZSEF NEMETH,               )
NANCY NEMETH, FRED S. PATTERSON,            )
MARGARET D. PATTERSON, JOHN R.              )
PERGOLIZZI, TREASURE VIEW LLC,              )
GEORGE PILLORGE, DEBORAH PILLORGE,          )
SCOTT L. HARTSHORN, CLAUDETTE C.            )
HARTSHORN, HEINZ G. FISHER, LINDA           )
G. BURDET TRUSTEES OF THE HEINZ G.          )
FISHER TRUST, DONALD DURANTE,               )
SAFIA B. DURANTE, CRAIG E.                  )
MITCHELL, ALAN MARTIN KAUFMAN,              )
RACHELLE KAUFMAN, JEFFREY J.                )
McCRAVE, ANN McCRAVE, DOROTHY K.            )
JANOSKO, WILLIAM R. KINCER, SUSAN           )
B. KINCER, SUSAN GREER                      )
LITTLEFIELD, WAYNE CHESTERFIELD,            )
MONIQUE FRANCOIS, PEDRITO                   )
```

```
FRANCOIS, SALT POND VISTA LLC,         )
V.I. JOSEPH PALMINTERI, CARRIE         )
GLENN, MARC KAVE, EMILY J.             )
BRATTON, RICK HATHAWAY, RENE A.        )
SERVANT aka RENE H. SERVANT, MARIE     )
THERESE L. SERVANT, LORI JANE          )
SNACK, BRIAN K. WALDEN,                )
MINISTER ISHMAEL R. MUHAMMED,          )
MICHAEL CARPER, REUBEN WHEATLEY,       )
et al.,                                )
                    Defendants.        )
                                       )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
    *Pro se plaintiff,*

**Ronald W. Sharpe, USA**
**Jason Cohen, AUSA**
St. Thomas, VI
    *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
    *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
    *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
    *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
    *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
    *Francis; and George Pillorge,*

**Gloria McGowan**
    *Pro se,*

**Wayne Chesterfield**
    *Pro se,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 3*

**Monique Francois**
> *Pro se,*

**Pedrito Francois**
> *Pro se,*

**Joseph Palminteri**
> *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
> *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
> *Pro se,*

**Emily J. Bratton**
> *Pro se,*

**Rick Hathaway**
> *Pro se,*

**Rene A. Servant**
> *Pro se,*

**Marie Therese Servant**
> *Pro se,*

**Brian K. Walden**
> *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
> *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
> *For Kevin M. Walsh and Treasure View LLC,*

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
*Civil No. 2011-41*
*Memorandum Opinion*
*Page 4*

**Scott E. Wilmoski**
 *Pro se,*

**Jozef Nemeth**
 *Pro se,*

**Nancy Nemeth**
 *Pro se defendant.*

**Fred S. Patterson**
 *Pro se,*

**Margaret D. Patterson**
 *Pro se defendant.*

**John R. Perqulizzi**
 *Pro se,*

**Terryhill Enterprises, II**
 *Pro se,*

**Missouri LLC**
 *Pro se,*

**Craig E. Mitchell**
 *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
 *For Alan Martin Kaufman,*

**Ann McCrave**
 *Pro se,*

**Jeffrey J. McCrave**
 *Pro se,*

**William R. Kincer**
 *Pro se,*

**Susan B. Kincer**
 *Pro se,*

**Susan Greer Littlefield**
 *Pro se,*

**Kurt Shore**
 *Pro se,*
**Suzanne L. Shore**
 *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
 *Pro se.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is (1) the second amended complaint filed by Ida Smith; and (2) the cross-claim of Wayne Chesterfield.

### I. FACTUAL AND PROCEDURAL HISTORY

In March, 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Subsequently, Smith filed an amended complaint (the "First Amended Complaint"). ECF No. 4.

Neither the original complaint nor the First Amended Complaint named an individual defendant. Rather, both actions were brought against "[a]ll persons claiming a present or future interest, in Estate 13, Friis, Bab Friis No.1, Estate 14, John's Folly, Estate 15, Concordia A, Coral Bay Quarter, St. John,

United States Virgin Islands EXCEPT The United States of America, National Park Service." ECF Nos. 1, 4.

Smith moved for leave to file a second amended complaint on July 18, 2011. Smith attached a proposed second amended complaint (the "July 18 Proposed Complaint") to her motion. The proposed complaint named more than thirty additional defendants, including Wayne Chesterfield ("Chesterfield"). Smith did not allege the citizenship of those defendants. On August 9, 2011, before the Court could rule on Smith's motion, the Clerk of Court issued more than thirty summonses for the defendants Smith sought to add.

On September 15, 2011, the Court received a form in which Chesterfield waived service of summons. The waiver form was dated August 21, 2011. On October 5, 2011, Chesterfield filed a document purporting to be an answer to the July 18 Proposed Complaint. That document read:

> COMES NOW, Wayne Chesterfield appearing Pro Se (at present) and as a cross-claimant against all persons claiming a present or future interest in the remainder of Estate 15 A Concordia, St. John United States Virgin Islands. In response to Plaintiff, Ida Smith, Pro Se, complaint and in compliance with Virgin Islands Code Title 28 § 373 the nature of my claim is the remainder of Estate 15 A Concordia, 50 acres more or less as deeded to me by my aunt Claudina Viola Joshua. The location of Estate Concordia, St. John United States Virgin Islands is given in the *Geographic Dictionary of the Virgin Islands of the United States* by James William McGuire

> Cartographic Engineer, United States Coast and Geodetic Survey, Member of United States Geographic Board and on map T3783 the original government survey done 1919 as 80 by 330 yards in size, on a sandy isthmus joining Ramhead Peninsula to mainland of St. John; only salt bearing pond on this end of island. Hence, Concordia Bay, Estate, and Hill, are all locally denominated Saltpond. Hence, also, this may be designated, Concordia Saltpond, to which I claim an undivided interest of 50 acres more or less. I have attached a copy of a National Park Service Map which delineates Estate Concordia.

ECF No. 158.

On February 29, 2012, the Court dismissed the action for lack of subject-matter jurisdiction. Smith then moved for reconsideration and filed a notice of appeal. On February 8, 2013, the Court granted Smith's motion for reconsideration and reopened the case. The Court then designated the case as a suspense matter pending the Third Circuit's resolution of the appeal. On July 1, 2013, the Third Circuit dismissed Smith's appeal for lack of jurisdiction.

Subsequently, on October 17, 2013, the Magistrate Judge granted Smith leave to file a Second Amended Complaint. On November 1, 2013, Smith filed her amended complaint (the "Second Amended Complaint"). The Second Amended Complaint is the operative complaint in this action. Chesterfield did not answer the second amended complaint.

In the Second Amended Complaint, Smith alleges that she has:

> a present interest in the remnant lands of Estate 14 John's Folly, Coral bay Quarter, St. John, U.S.V.I[.], by which she is entitled, due to the entire seventy five acres of Estate 14 John's Folly having been parceled out to all of the legal heirs except [her].

*Id.* at ¶ 1.

For several of the defendants, Smith alleges that "[t]here exists a dispute or controversy as to the location of the boundary lines" between the defendants' land and the land in which she claims to have an interest. *See id.* at ¶ 6; *see also id.* at ¶ 11 ("There exists a dispute or controversy as to the location of [the defendant's and Smith's estates]."); *id.* at ¶¶ 12-13 ("There exists a dispute or controversy as to the dividing lines between [the defendant's and Smith's estate]."). Smith does not elaborate on the nature of these disputes.

For several other defendants, Smith asserts that the defendants' property "shares a common boundary line" with the property in which she claims an interest. *See id.* at ¶ 7-8. Smith does not allege that there are any disputes over the location of these boundary lines. With respect to the remaining

defendants, Smith only alleges that those defendants own property on St. John.[1] *See id.* at ¶¶ 9-10, 14-36.

On September 30, 2015, the Court dismissed Smith's claims against Paul Hoffman; Jane Hoffman-Walker; and David A. Bornn, Trustee of the GAF Trust on *res judicata* grounds. On September 29, 2016, the Court dismissed Smith's claims against Treasure View, LLC; Kevin Walsh; Salt Pond Vista, LLC; Carrie Glenn; Lori Jane Snack; William Poppelton; Lorraine A. Poppelton; Charles M. Perdue and Monica Perdue; Heinz G. Fischer and Linda G. Burdet, Trustees of the Heinz G. Fischer Family Trust; Maria K. Struraitis; Donald Durante; Safia B. Durant; and Stanley Selengut for failure to effect proper service. On August 1, 2016, the Court dismissed Smith's claims against the United States for lack of subject matter jurisdiction.

On November 15, 2016, the Court ordered Smith to show cause why her claims against the remaining defendants should not be dismissed for lack of standing.

On November 21, 2016, Smith filed a brief responding to the Court's November 15, 2016, order. In her brief, Smith argues that she is not required to establish standing to bring her

---

[1] Smith also alleges "[t]here exists . . . dispute[s] or controvers[ies]" over the boundary lines of property owned by several of the defendants. *See* ECF No. 268, at ¶ 7, 14. Smith does allege that these disputes affect her claimed property interest.

claims because this Court is an Article IV court. Smith also asserted:

> The fraud is the United States has accepted title to parcels 07-123 and 07-124, albeit, the grantor was not in possession of the lands deeded to the United States. Also, the defendant, United States, Virgin Islands National Park extended it[s] boundary lines to include Nanny Point. . . . The parcels 07-123 and 07-124, claimed by the defendant, United States as Estate 15 Concordia A, belong to Plaintiff as an inheritable heir at law as those parcels are lands lying within the boundary lines of Estate 14 John's Folly . . . .

ECF No. 560 at 5-6. Smith did not clarify what "controversy or dispute" existed between Estate 14 John's Folly and the properties of any other defendants.

On January 12, 2017, the Court held a hearing in this matter. At the hearing, the Court sought to determine "the specific thing [Smith] would like the Court to do that would make [her] whole." *Hearing Tr.*, ECF No. 586 at 33:25-34:1. Specifically, the Court asked Smith to describe "the injury or thing that has occurred that entitles [her] to relief." *Id.* at 32:3-5. Smith responded:

> My claim is to determine the external boundary lines to Estate 14 Johns Folly with reference to the original Government survey register number 3783. And I'd like to quiet title to the remnant lands within Estate 14 Johns Folly that haven't already been claimed by the heirs at law.
> The damage that was done to me by the United States as a defendant, the National Park Service, is in regards to Tract number 07123, 07124 wherein it's

>       accepted deeds outside of the National Park Service
>       boundary line and [E]state [C]oncordia, which
>       belongs to the heirs or myself that filed this action
>       to Estate 14.

*Id.* at 32:12-22.

Smith claimed that after the United States accepted the deeds in question, it moved the boundary lines of the Virgin Islands National Park "[t]o include Parcels 07123 and 07124 as being Estate 15 Concordia." *Id.* at 33:20-21. To remedy this injury, Smith asked the court to make a determination of the boundary lines to 14 Johns Folly.

In addition, Smith explained that she wanted to quiet title "[t]o remnant lands within Estate 14 Johns Folly that have not already been given to the heirs under the treaty." *Id.* at 33:24-25-34:1. Smith clarified that she wished to quiet title because "[t]he National Park Service is laying claim to Parcels 07123 and 07124." *Id.* at 34:12-13.

On March 17, 2017, the Court ordered Chesterfield to show cause why his cross-claims should not be dismissed. On March 23, 2017, Chesterfield filed a brief responding to the Court's March 17, 2017, order. In his brief, Chesterfield asserts that he "waived . . . service of a summons and complaint in this action" and "answered the complaint according to the law." ECF No. 598 at 1. Chesterfield also asserts that his "counter claim is

against anyone claiming to own what [he] inherited from [his] aunt Claudia Viola Joshua." *Id.* at 2. Finally, Chesterfield appears to disclaim that he brought a cross-claim, asserting that, in an earlier order, the Court "rightfully refer[ed] to [Chesterfield] as a defendant, not a cross-claimant." *Id.* at 2.

## II. DISCUSSION

> [A] litigant [must] have standing to invoke the power of a federal court. The standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012) (internal quotation marks, alterations, and citations omitted). "[T]he jurisdictional issue of standing can be raised at any time, by either a party or by the court." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 280 (3d Cir. 2014) (internal quotation marks omitted).

To demonstrate standing, a plaintiff must establish three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the

>       independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (internal quotations, alterations, citations, and footnotes omitted).

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs dismissals for lack of subject-matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be either a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The matter must be dismissed if the allegations on the face of the complaint, taken as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994).

A factual challenge arises when there is a dispute as to a material fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge is quite different from a facial challenge, because

> the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.*

### III. <u>ANALYSIS</u>

**A. Ida Smith's Standing to Bring Her Claims**

The only injuries Smith alleges are "[t]hat there exists . . . dispute[s] or controvers[ies]" with respect to the location of the borders between Estate 14 and the property owned by other defendants. ECF No. 268, at ¶¶ 6, 11-13. These allegations merely parrot the language of 28 V.I.C. § 372, which provides that "*where any dispute or controversy exists . . . between two or more owners of adjacent or contiguous lands in the Virgin

Islands, concerning the boundary lines thereof, or the location of the lines dividing such lands," a party to the dispute may bring an action to determine the boundary lines. 28 V.I.C. § 372 (emphasis added).

Significantly, "conclusory or 'bare-bones' allegations . . . [cannot] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As such, Smith's conclusory assertion of a "dispute or controversy" is not entitled to an assumption of truth. Without this allegation, Smith's complaint contains no factual allegations showing that any party has injured her. That is, there are no allegations showing that any party has laid claim to any real property that she claims. As such, Smith has failed to adequately plead that she suffered an injury-in-fact sufficient for the Court to exercise jurisdiction over her claims.

Nevertheless, where a complaint is facially deficient, "it is within the trial court's power 'to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.'" *Doherty v. Rutgers Sch. of Law-Newark*,

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Civil No. 2011-41
*Memorandum Opinion*
Page 16

651 F.2d 893, 898 n.6 (3d Cir. 1981) (quoting *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975)). After being given this opportunity, if "'the plaintiff's standing does not adequately appear from the materials of record, the complaint must be dismissed.'" *Id.* (quoting *Warth*, 422 U.S. at 501-02); *see also FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 839 (3d Cir. 1996) ("The district court may choose to address the standing issue in a pre-trial proceeding or at trial.").

The Court provided Smith with multiple opportunities to demonstrate standing.[2] In response to this Court's inquiries, Smith has arguably demonstrated standing to bring a claim against the United States. However, Smith's claims against the United States have already been dismissed. Smith offers no evidence or argument to support a finding that she has standing to bring claims against any of the other defendants remaining in this action. Accordingly, the Court holds that Smith lacks standing to maintain this action. *See Doherty*, 651 F.2d at 898 n.6. ("Since [the plaintiff] elicited no facts at the evidentiary hearing nor submitted any materials in support of

---

[2] Smith argues that she is not required to establish standing to bring her claims because this Court is not an Article III court. That view is without legal support. *See Russell v. DeJongh*, 491 F.3d 130, 133 n.3 (3d Cir. 2007) ("The District Court[ of the Virgin Island's] exercise of 'the jurisdiction of a District Court of the United States' . . . is subject to the limitations of Article III of the Constitution . . . [which] limits the jurisdiction of the federal courts to deciding 'cases' or 'controversies.'" (quoting 48 U.S.C. § 1612(a))).

this allegation, the district court was justified in rejecting th[e] wholly unsupported and conclusory allegation in [the plaintiff]'s amended complaint.").

## B. Chesterfield's Cross-Claim

Federal Rule of Civil Procedure 13(g) ("Rule 13(g)") governs cross-claims. Rule 13(g), in relevant part, provides that

> [a] pleading may state as a cross claim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

Fed. R. Civ. P. 13(g).

"A cross-claim may be asserted only between co-parties." Wake v. United States, 89 F.3d 53, 62 (6th Cir. 1996). Moreover, "[b]y its terms, Rule 13(g) requires the cross-claimant to be a party to the lawsuit at the time the cross-claim is asserted." Ambraco, Inv. v. Bossclip B.V., 570 F.3d 233, 242 (5th Cir. 2009). Thus, a party cannot bring a cross-claim against a coparty that has already been dismissed from the original action. *See id.*; Wake, 89 F.3d at 62-63.

Smith's original complaint and First Amended Complaint named no parties. Chesterfield filed his cross-claim in his answer to Smith's July 18 Proposed Complaint, which named

several defendants including Chesterfield. Smith's July 18 Proposed Complaint was filed without leave of Court and was thus a "legal nullity." *See Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, No. 2011-41, 2016 WL 5720541, at *2 (D.V.I. Sept. 29, 2016). As such, there was no party against whom Chesterfield could bring his cross-claim. Further, when Chesterfield filed his cross-claim there was no "original action" to which his claim could be related. *See* Fed. R. Civ. P. 13(g) (explaining that a cross-claim must "relate[] to . . . property that is the subject matter of the original action"). Accordingly, the Court will dismiss Chesterfield's cross-claim.

    An appropriate judgment follows.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**