DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IDA SMITH,  )<br>  )<br>        Plaintiff,  )<br>  )<br>        v.  )<br>  )<br>ALL PERSONS CLAIMING A PRESENT OR  )<br>FUTURE INTEREST IN ESTATE 13,  )<br>FRIIS, LINDA V. SMITH-FRANCIS,  )<br>WILLIAM E. SMITH, ELOISE V. SMITH-  )<br>HENDRICKS, BAB FRIIS NO. 1, PAUL  )<br>HOFFMAN, JANE HOFFMAN-WALKER,  )<br>ELEANOR ADAMS HOFFMAN, MAXWELL  )<br>ADAMS HOFFMAN, GLORIA FRANCOIS  )<br>MCGOWAN, DAVID A. BORNN AS TRUSTEE )<br>TO THE GAF TRUST ESTATE 14 JOHN'S  )<br>FOLLY EXCLUDING ALL HEIRS AT LAW,  )      Civil No. 2011-41<br>ESTATE 15 CONCORDIA A, CORAL BAY  )<br>QUARTER, ST JOHN UNITED STATES  )<br>VIRGIN ISLANDS, NATIONAL PARK  )<br>SERVICE, LAND RESOURCES DIVISION,  )<br>DEPARTMENT OF INTERIOR, THE UNITED )<br>STATES OF AMERICA, STANLEY  )<br>SELENGUT, WILLIAM B. POPPELTON,  )<br>LORRAINE A. POPPELTON, KEVIN M.  )<br>WALSH, MARIA K. STURATIS, SCOTT E. )<br>WILMOSKI, CHARLES M. PERDUE,  )<br>MONICA PERDUE, JOZSEF NEMETH,  )<br>NANCY NEMETH, FRED S. PATTERSON,  )<br>MARGARET D. PATTERSON, JOHN R.  )<br>PERGOLIZZI, TREASURE VIEW LLC,  )<br>GEORGE PILLORGE, DEBORAH PILLORGE, )<br>SCOTT L. HARTSHORN, CLAUDETTE C.  )<br>HARTSHORN, HEINZ G. FISHER, LINDA  )<br>G. BURDET TRUSTEES OF THE HEINZ G. )<br>FISHER TRUST, DONALD DURANTE,  )<br>SAFIA B. DURANTE, CRAIG E.  )<br>MITCHELL, ALAN MARTIN KAUFMAN,  )<br>RACHELLE KAUFMAN, JEFFREY J.  )<br>McCRAVE, ANN McCRAVE, DOROTHY K.  )<br>JANOSKO, WILLIAM R. KINCER, SUSAN  )<br>B. KINCER, SUSAN GREER  )<br>LITTLEFIELD, WAYNE CHESTERFIELD,  )<br>MONIQUE FRANCOIS, PEDRITO  ) | |

```
FRANCOIS, SALT POND VISTA LLC,        )
V.I. JOSEPH PALMINTERI, CARRIE        )
GLENN, MARC KAVE, EMILY J.            )
BRATTON, RICK HATHAWAY, RENE A.       )
SERVANT aka RENE H. SERVANT, MARIE    )
THERESE L. SERVANT, LORI JANE         )
SNACK, BRIAN K. WALDEN,               )
MINISTER ISHMAEL R. MUHAMMED,         )
MICHAEL CARPER, REUBEN WHEATLEY,      )
et al.,                               )
                    Defendants.       )
                                      )
```

**APPEARANCES:**

**Ida Smith**
New York, NY
 *Pro se plaintiff,*

**Gretchen Shappert, United States Attorney**
**Angela Tyson-Floyd, AUSA**
**Joycelyn Hewlett, AUSA**
St. Thomas, VI
 *For the United States National Park Service,*

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
 *For Paul Hoffman; Jane Hoffman Walker; and David A. Bornn,*
 *Trustee of the GAF Trust,*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg
St. John, U.S.V.I.
 *For William E. Smith; Eloise V. Smith; Deborah Pillorge;*
 *Claudette C. Hartshorn; Scott L. Hartshorn; Linda V. Smith-*
 *Francis; and George Pillorge,*

**Gloria McGowan**
 *Pro se,*

**Wayne Chesterfield**
 *Pro se,*

**Monique Francois**
    *Pro se,*

**Pedrito Francois**
    *Pro se,*

**Joseph Palminteri**
    *Pro se,*

**W. Mark Hillsman, Esq.**
Law Offices of Norman P. Jones, P.C.
St. Thomas, U.S.V.I.
    *For Carrie Glenn; Lori Jane Snack; William B. Poppelton; Lorraine A. Poppelton; Maria K. Sturaitis; Charles M. Purdue; Monica Purdue; Salt Pond Vista, LLC; Heinz G. Fisher; Linda G. Burdet, Trustee of the Heinz G. Fisher; Safia B. Durante; Donald Durante,*

**Marc Kave**
    *Pro se,*

**Emily J. Bratton**
    *Pro se,*

**Rick Hathaway**
    *Pro se,*

**Rene A. Servant**
    *Pro se,*

**Marie Therese Servant**
    *Pro se,*

**Brian K. Walden**
    *Pro se,*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
    *For Stanley Selengut,*

**Mark D. Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.

     *For Kevin M. Walsh and Treasure View LLC,*
**Scott E. Wilmoski**
    *Pro se,*

**Jozef Nemeth**
    *Pro se,*

**Nancy Nemeth**
    *Pro se defendant.*

**Fred S. Patterson**
    *Pro se,*

**Margaret D. Patterson**
    *Pro se defendant.*

**John R. Perqulizzi**
    *Pro se,*

**Terryhill Enterprises, II**
    *Pro se,*

**Missouri LLC**
    *Pro se,*

**Craig E. Mitchell**
    *Pro se,*

**Michael E. Fitzsimmons, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Alan Martin Kaufman,*

**Ann McCrave**
    *Pro se,*

**Jeffrey J. McCrave**
    *Pro se,*

**William R. Kincer**
    *Pro se,*

**Susan B. Kincer**
    *Pro se,*

**Susan Greer Littlefield**
    *Pro se,*

**Kurt Shore**
    *Pro se,*
**Suzanne L. Shore**
    *Pro se,*

**Dorothy Janosko (also known as "Dorothy K. Janoko")**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of Ida Smith; Wayne Chesterfield; Linda V. Smith; William E. Smith; and Eloise Smith-Hendricks to vacate the Court's March 28, 2017, Judgment in this action.

### I. FACTUAL AND PROCEDURAL HISTORY

In March, 2011, Ida Smith ("Smith") initiated this action to determine boundaries and to quiet title to various parcels of property in St. John, United States Virgin Islands. Subsequently, Smith filed an amended complaint (the "First Amended Complaint").

Neither the original complaint nor the First Amended Complaint named an individual defendant. Rather, both actions were brought against "[a]ll persons claiming a present or future interest, in Estate 13, Friis, Bab Friis No.1, Estate 14, John's

Folly, Estate 15, Concordia A, Coral Bay Quarter, St. John, United States Virgin Islands EXCEPT The United States of America, National Park Service." ECF Nos. 1, 4.

Smith moved for leave to file a second amended complaint on July 18, 2011. Smith attached a proposed second amended complaint (the "July 18 Proposed Complaint") to her motion. The proposed complaint named more than thirty additional defendants. Smith did not allege the citizenship of those defendants. On August 9, 2011, before the Court could rule on Smith's motion for leave to amend, the Clerk of Court issued more than thirty summonses for the defendants Smith sought to add.

On September 15, 2011, the Court received a form in which Wayne Chesterfield ("Chesterfield") waived service of summons. The waiver form was dated August 21, 2011. On October 5, 2011, Chesterfield filed a document that purported to answer the July 18 Proposed Complaint. That document also purported to assert a cross-claim.

Subsequently, on October 17, 2013, the Magistrate Judge granted Smith leave to file a Second Amended Complaint. On November 1, 2013, Smith filed her amended complaint (the "Second Amended Complaint"). On March 27, 2014, Linda V. Smith, William E. Smith, and Eloise Smith-Hendricks (collectively, the "Smith

Defendants") filed an answer to the Second Amended Complaint. Chesterfield did not answer the Second Amended Complaint.

On September 30, 2015, the Court dismissed Smith's claims against Paul Hoffman; Jane Hoffman-Walker; and David A. Bornn, Trustee of the GAF Trust (collectively, the "Friis Defendants") on *res judicata* grounds. On September 29, 2016, the Court dismissed Smith's claims against Treasure View, LLC; Kevin Walsh; Salt Pond Vista, LLC; Carrie Glenn; Lori Jane Snack; William Poppelton; Lorraine A. Poppelton; Charles M. Perdue and Monica Perdue; Heinz G. Fischer and Linda G. Burdet, Trustees of the Heinz G. Fischer Family Trust; Maria K. Struraitis; Donald Durante; Safia B. Durant; and Stanley Selengut for failure to effect proper service. On August 1, 2016, the Court dismissed Smith's claims against the United States for lack of subject matter jurisdiction.

On March 1, 2016, the Friis Defendants filed a motion for sanctions against Smith. Also on March 1, 2016, Smith filed a motion for sanctions against counsel for defendants Kevin Walsh and Treasure View LLC. On February 13, 2017, the Court referred both motions for sanctions to the Magistrate for reports and recommendations. On March 13, 2017, the Magistrate filed a report and recommendation recommending that the Court deny Smith's motion for sanctions. On March 14, 2017, the Magistrate

filed a report and recommendation recommending that the Court grant in part and deny in part the Friis Defendants' motion for sanctions. On March 28, 2017, the Court adopted both of the Magistrate's reports and recommendations.

On March 28, 2017, the Court entered a memorandum opinion holding that Smith lacked standing to bring her remaining claims. The Court also held that Chesterfield's cross-claim was not properly before the Court. The Court entered judgment dismissing Smith's Second Amended Complaint, dismissing Chesterfield's cross-claim, and dismissing and closing this case.

On April 28, 2017, Smith filed a motion captioned "motion to vacate." *See* ECF No. 611. In that motion, Smith seeks to vacate the Court's March 28, 2017, (1) order denying Smith's motion for sanctions; (2) order granting in part and denying in part the Friis Defendants' motion for sanctions; and (3) memorandum opinion and judgment dismissing this case. Smith argues that the Court made various legal errors in these and earlier orders. On May 1, 2017, Chesterfield filed a motion captioned "motion to vacate" seeking to vacate the Court's March 28, 2017, memorandum opinion and judgment dismissing his cross-claim. *See* ECF No. 614. Chesterfield argues that "repleading was

the proper remedy[,] not dismissal."[1] *See id.* On May 5, 2017, the Smith Defendants filed a motion captioned "motion to vacate." The Smith Defendants seek to vacate the Court's March 28, 2017, memorandum opinion and judgment dismissing this case. The Smith Defendants argue that the Court made various legal errors in doing so.

## II. DISCUSSION

Local Rule of Civil Procedure 7.3 ("LRCi 7.3") permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d

---

[1] Chesterfield also filed a Notice of Appeal on May 1, 2017. Chesterfield subsequently moved to voluntarily dismiss his appeal. *See* Third Circuit Court of Appeals Docket No. 17-2005. The Third Circuit granted Chesterfield's motion on September 21, 2017. *Id.*

Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. <u>ANALYSIS</u>

The parties have not identified the legal basis for their motions to vacate. Each of the challenged orders was entered on March 28, 2017. Smith filed her motion to vacate 31 days later

on April 28, 2017. Chesterfield filed his motion to vacate 34 days later on May 1, 2017. The Smith Defendants filed their motion to vacate 38 days later on May 5, 2017. Accordingly, all of motions to vacate, if construed as motions for reconsideration under LRCi 7.3, are untimely. Further, while LRCi 7.3 permits extensions of time to file for "good cause," *see* LRCi 7.3, no party has requested an extension.

Parties dissatisfied with a district court's ruling may also bring a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") or a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").

Rule 59(e) motions and Rule 60(b) motions "serve similar functions" but "each has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Under Rule 60(b), a party may seek relief from "a final judgment, order, or proceeding" for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

>     has been reversed or vacated; or applying it
>     prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 59(e), on the other hand, "is a 'device to relitigage the original issue' decided by the district court, and used to allege legal error." *Fiorelli*, 337 F.3d at 288 (quoting *Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir. 1988)).

Here, each motion asserts the Court made legal errors when issuing the challenged orders. In that context, the Court understands, and construes, the motions as motions to alter or amend a judgment under Rule 59(e). *See id.* ("As a Rule 60(b) motion 'may not be used as a substitute for an appeal, and that legal error, without more' does not warrant relief under that provision, we will deem Fiorelli's motion as a request under Rule 59(e)." (quoting *Smith*, 853 F.2d at 158)); *see also Kamara v. Attorney Gen. of U.S.*, 206 F. App'x 189, 190–91 (3d Cir. 2006) ("In other words, Kamara alleged legal error by the District Court--the province of Rule 59(e).").

Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court does not have discretion to extend this time limit. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to

act under Rule[] . . . 59 . . . (e)."). Each of the motions was filed more than 28 days after the challenged judgment.

The premises considered, it is hereby

**ORDERED** that the Ida Smith's motion to vacate docketed at ECF Number 611 is **DENIED**; it is further

**ORDERED** that Wayne Chesterfield's motion to vacate docketed at ECF Number 614 is **DENIED**; and it is further

**ORDERED** that the Smith Defendants' motion to vacate docketed at ECF Number 617 is **DENIED.**

S\_____
**CURTIS V. GÓMEZ**
**District Judge**