**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **IDA SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ALL PERSONS CLAIMING A PRESENT OR** | ) |
| **FUTURE INTEREST IN ESTATE 13, FRIIS,** | ) |
| **LINDA V. SMITH-FRANCIS, WILLIAM E. SMITH,** | ) |
| **ELOISE V. SMITH-HENDRICKS, BAB FRIISENO.** | ) |
| **1, PAUL HOFFMAN, JANE HOFFMAN-WALKER,** | ) |
| **ELEANOR ADAMS HOFFMAN, MAXWELL** | ) |
| **ADAMS HOFFMAN, GLORIA FRANCOIS** | ) |
| **MCGOWAN, DAVID A. BORNN AS TRUSTEE TO** | ) |
| **THE GAF TRUST ESTATE 14 JOHN'S FOLLY** | ) |
| **EXCLUDING ALL HEIRS AT LAW, ESTATE 15** | ) |
| **CONCORDIA A, CORAL BAY QUARTER, ST** | )   Civil No. 2011-41 |
| **JOHN UNITED STATES VIRGIN ISLANDS,** | ) |
| **NATIONAL PARK SERVICE, LAND RESOURCES** | ) |
| **DIVISION, DEPARTMENT OF INTERIOR, THE** | ) |
| **UNITED STATES OF AMERICA, STANLEY** | ) |
| **SELENGUT, WILLIAM B. POPPELTON,** | ) |
| **LORRAINE A. POPPELTON, KEVIN M. WALSH,** | ) |
| **MARIA K. STURATIS, SCOTT E. WILMOSKI,** | ) |
| **CHARLES M. PERDUE, MONICA PERDUE,** | ) |
| **JOZSEF NEMETH, NANCY NEMETH, FRED S.** | ) |
| **PATTERSON, MARGARET D. PATTERSON,** | ) |
| **JOHN R. PERGOLIZZI, TREASURE VIEW LLC,** | ) |
| **GEORGE PILLORGE, DEBORAH PILLORGE,** | ) |
| **SCOTT L. HARTSHORN, CLAUDETTE C.** | ) |
| **HARTSHORN, HEINZ G. FISHER, LINDA G.** | ) |
| **BURDET TRUSTEES OF THE HEINZ G. FISHER** | ) |
| **TRUST, DONALD DURANTE, SAFIA B.** | ) |
| **DURANTE, CRAIG E. MITCHELL, ALAN** | ) |
| **MARTIN KAUFMAN, RACHELLE KAUFMAN,** | ) |
| **JEFFREY J. McCRAVE, ANN McCRAVE,** | ) |
| **DOROTHY K. JANOSKO, WILLIAM R. KINCER,** | ) |
| **SUSAN B. KINCER, SUSAN GREER** | ) |
| **LITTLEFIELD, WAYNE CHESTERFIELD,** | ) |
| **MONIQUE FRANCOIS, PEDRITO FRANCOIS,** | ) |
| **SALT POND VISTA LLC, V.I. JOSEPH** | ) |
| **PALMINTERI, CARRIE GLENN, MARC KAVE,** | ) |
| **EMILY J. BRATTON, RICK HATHAWAY, RENE** | ) |

A. SERVANT aka RENE H. SERVANT, MARIE       )
THERESE L. SERVANT, LORI JANE SNACK,        )
BRIAN K. WALDEN,                            )
MINISTER ISHMAEL R. MUHAMMED, MICHAEL)
CARPER, REUBEN WHEATLEY, et al.,            )
              Defendants.                      )
                                               )
_____)

### ORDER

**BEFORE THE COURT** is Plaintiff Ida Smith's ("Smith") "motion to reopen and for relief pursuant to title 28 Virgin Islands codes 372 through 376 action to determine boundary lines to estate 14 John's Folly with reference to the original government survey register number T3783," hereinafter "motion to reopen," filed at ECF No. 630. For the reasons set forth below, the Court will interpret Smith's motion to reopen as a motion for relief under Fed. R. Civ. P. 60(b) and deny the motion.

Liberally construed,[1] Smith seeks relief from the Court's judgment pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "Although the text of Rule 60(b)(6) states simply that a court may grant relief from a final judgment 'for any other reason that justifies relief,' courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citing, *e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005)).

---

[1] Smith's motion states that "The Court has overlooked/ignored important facts and law pertinent to this action… ." ECF No. 630, at 3 (emphasis removed). Because Smith's motion was filed seventeen months after this Court's judgment was entered, her motion would be time barred if construed under Rule 60(b)(1) as alleging mistake. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Thus, the Court will give deference to Smith's status as a *pro se* plaintiff and construe her motion to reopen under the Rule 60(b)(6) catch-all provision, affording her motion the opportunity to be evaluated substantively.

However, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255; *Ackerman v. U.S.*, 340 U.S. 193, 198-99 (1950) (petitioner could not show the existence of extraordinary circumstances when he voluntarily chose not to appeal due to the modest expenses that an appeal would require). The Eighth Circuit has interpreted this requirement as making relief "available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Moreover, a motion under Rule 60(b)(6) must be made "in a reasonable amount of time." Fed. R. Civ. P. 60(c)(1).

The Court has carefully reviewed Smith's motion, and finds that Smith has not set forth any "extraordinary circumstances" to justify reopening the judgment, nor has she demonstrated any exceptional circumstances that have prevented her from fully litigating her claims or receiving adequate redress. Here, Smith had a full and fair opportunity to litigate her claims. The United States was dismissed on August 1, 2016 (ECF No. 505), and Smith was given "multiple opportunities to demonstrate standing" against other parties (ECF No. 606, at 16). The Court ultimately issued its final judgment on March 28, 2017, dismissing this matter in its entirety. ECF No. 607. Following the Court's judgment, Smith filed no notice of appeal. *Cf. U.S. v. Fiorelli,* 337 F.3d 282, 288 (3d Cir. 2003) (stating that "a Rule 60(b) motion may not be used as a substitute for an appeal"). Smith filed a motion to vacate (ECF No. 611) and memorandum in support thereof (ECF No. 612) on April 28, 2017. The Court analyzed the motion to vacate both as a motion to reconsider and a motion to amend the judgment under Rule 59(e), and denied the motion under both standards. *See generally* ECF No. 625. Smith then waited one year and five months after the Court denied her motion to vacate to file her instant motion to reopen. Now, the arguments presented in her instant motion to reopen are substantively identical to those rejected by the Court in her motion to vacate. *Compare* ECF No. 630 *with* ECF No. 612. For these reasons, the Court finds not only that Smith has failed to demonstrate extraordinary circumstances to justify the reopening of this Court's judgment under Rule 60(b)(6), but that the seventeen month delay between the

*Smith v. All Persons Claiming a Present or Future Interest, et al.*
Case No. 3:11-cv-0041
Order
Page **4** of **4**

denial of her previous motion to vacate and the instant motion, with no new evidence alleged or new arguments raised, does not constitute a reasonable amount of time.

The premises considered, it is hereby

**ORDERED** that Smith's motion to reopen, ECF No. 630, is **DENIED.** It is further

**ORDERED** that pursuant to the Court's judgment at ECF No. 609, the Clerk of Court shall **CLOSE** this case.

**Dated:** March 19, 2021                                         */s/ Robert A. Molloy*
                                                                                    **ROBERT A. MOLLOY**
                                                                                    **District Judge**