IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| IDA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-0041 |
| | ) |
| ALL PERSONS CLAIMING A PRESENT | ) |
| OR FUTURE INTEREST IN ESTATE | ) |
| 13 FRIIS *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

**THIS MATTER** is before the Court upon Defendants Paul Hoffman and Jane Hoffman's (the "Hoffmans") Motion for Finding of Contempt and Imposition of Appropriate Sanctions (ECF No. 642), filed on May 12, 2023. The time for Plaintiff, Ida Smith ("Plaintiff" or "Smith"), to file any response has expired. For the reasons stated below the Court will grant the motion.

**I.**

On September 30, 2015, for the reasons articulated in the accompanying Memorandum Opinion (ECF No. 388), Judgment (ECF No. 389) was entered in favor of Paul Hoffman, Jane Hoffman-Walker,[1] and David, A. Bornn, Trustee of the GAF Trust, and Smith's claims against Paul Hoffman, Jane Hoffman-Walker, and David A. Bornn, Trustee of the GAF Trust, were dismissed. This Judgment confirmed the boundary between Parcel No. 1 Estate Friise and Parcel No. 14I Estate John's Folly that was determined in *Dudley v. Meyers*, 422 F.2d 1389 (3d Cir. 1970), and entered judgment against Smith for attempting to relitigate the same claims presented in both *Dudley v. Meyers* and *Hodge v. McGowan*.[2] ECF No. 388 at 18.

---

[1] Defendant Jane Hoffman identifies herself as "Jane Hoffman Walker" and "Jane Hoffman-Walker" up to and including ECF No. 532. In her next filing, ECF No. 622, she is identified as "Jane Walker." And, beginning with her next filing, ECF No. 635, she is identified as "Jane Hoffman (formerly Jane Hoffman Walker)."

[2] The same type of claim asserted in *Dudley* regarding the property was later ruled precluded in *Hodge v. McGowan*, 29 V.I. 142 (D.V.I. App. Div. 1993).

On March 28, 2017, regarding the Motion for Sanctions and a Contempt Finding Against Plaintiff (ECF No. 465) filed by Paul Hoffman, Jane Hoffman-Walker, and David A. Bornn, Trustee of the GAF Trust (the "Friis Defendants"), the Court agreed (ECF No. 605) with the Report and Recommendation of the Magistrate Judge (ECF No. 592), wherein the Magistrate Judge recommended denying the request for sanctions, but recommended finding Smith "in contempt of the Court's November 4, 2011 Order to remove the *lis pendens* filed on October 18, 2011." ECF No. 592 at 15. The Court then gave Plaintiff a deadline of no later than April 30, 2017 to "submit on the docket certified proof obtained from the Recorder of Deeds that the October 18, 2011, *lis pendens* was removed from the public record" and to "submit on the docket certified prof obtained from the Recorder of Dees that the January 8, 2016, *lis pendens* was either (1) removed from the public record; or (2) does not bear on the Friis Defendants' property." ECF No. 605 at 6. Plaintiff also was directed not to "file any further *lis pendens* against the real property at Parcel No. 1 Estate Friis, St. John, United States Virgin Islands without advance leave of the court." *Id*. at 7.

Also on March 28, 2017, the Court entered another Judgment (ECF No. 607) against Plaintiff, dismissing Plaintiff's Second Amended Complaint (ECF No. 4), for lack of standing, and closing the case.

Over two years later, Plaintiff filed a Motion to Reopen and for Relief Pursuant to Title 28 Virgin Islands Codes 372 Through 376-Action to Determine Boundary Lines to Estate 14 John's Folly with Reference to the Original Government Survey Register Number T3783 (ECF No. 630). By Order (ECF No. 634), entered on March 19, 2021, the Court denied the motion and ordered the Clerk of Court to close the case "pursuant to the Court's judgment at ECF No. 609 [sic]."[3] ECF No. 634 at 4.

Thereafter, the Hoffmans moved for an order to show cause why Plaintiff should not be held in contempt and for other relief. (ECF No. 635.) On April 24, 2023, the Court granted the motion. (ECF No. 640.) In its Order, the Court directed "that Plaintiff shall **SHOW CAUSE** within ten (10) days from the date of this Order why she should not be held in contempt of court for violating this Court's Orders," specifically the "orders of September 30, 2015, March

---

[3] This appears to be a typographical error. The Court's Judgment is docketed at ECF No. 607.

28, 2017, and March 19, 2021 . . . ."[4] ECF No. 640 at 2. (*See* ECF Nos. 389, 605,[5] and 634, respectively.)

A review of the record shows that Plaintiff has not complied with any of the Court's Orders, including failing to show cause why she should not be held in contempt, as required by this Court's order of April 24, 2023. (ECF No. 640.)[6]

## II.

It is well established that the Court has inherent power to sanction parties. *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 175 (W.D. Pa. 2015) ("Courts possess an inherent power to assess sanctions where a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons,' for example by 'delaying or disrupting the litigation or by hampering enforcement of a court order.'" (quoting *Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991)). This authority extends to exercising contempt powers. *See, e.g., Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others.' *United States v. Hudson*, 7 Cranch 32, 34 (1812). The most prominent of these is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court. . . .' *Cooke v. United States*, 267 U.S. 517, 539 (1925); see 4 W. Blackstone, Commentaries *282-*285."); *see also, e.g., Shillitani v. United States*, 384 U.S. 364, 370 (1966)

---

[4] The Order also directed that a copy of the Order be "delivered to Plaintiff at her address shown in the records of this case," ECF No. 640 at 2, namely, 510 Main Street #468, New York, NY 10044. A copy of the certified mail receipt, tracking number 70221670000145725845, is docketed at ECF No. 641. According to the United States Postal Service website, the envelope was delivered, stating that the "item was picked up at the post office at 3:22 p.m. on May 8, 2023 NEW YORK, NY 10044." https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70221670000145725845 (last accessed on March 29, 2025).

[5] The Order (ECF No. 605) entered March 28, 2017, similar to this order, finds Smith in contempt for violating the order of the Court and is referred to herein as the Court's first contempt order.

[6] The Court notes that Plaintiff did not respond to the Order to Show Cause, but did file a motion to take judicial notice wherein she asks the Court to "[t]ake judicial notice of the unsigned [sic] order of the court April 24, 2023, and that Paul Hoffman et al [sic] did not mail their [sic] order to show cause to Ida Smith's address of record," ECF No. 644 at 2-3, and also attaches as Exhibit 2 to the motion, a copy of the document docketed at ECF No. 641, which is a photocopy of a properly addressed envelope, with certified mail receipt, containing a copy of the Order to Show Cause sent by the Clerk's office to Plaintiff. Further, the address Plaintiff gives under the signature line of her said motion (ECF No. 644 at 3) is the same address that appears on the copy of the envelope at ECF No. 641.

("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." (citations omitted)).

Contempt may be either civil or criminal in nature. Moreover, an "individual who refuses obedience to a valid order is subject to both civil and criminal contempt for the same acts." *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982) (citing *Yates v. United States*, 355 U.S. 66, 74 (1957)). Further, a sanction for civil contempt may include imprisonment. *See, e.g., Petito*, 671 F.2d at 72 (where the court states, "'The power to impose coercive imprisonment in a civil contempt proceeding is limited by the individual's ability to comply with the court's order"); *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command . . . ." *cited in Chadwick v. Janecka*, 302 F.3d 107, 118 (3d Cir. 2002)). As observed by the Third Circuit Court of Appeals:

> Significantly, the key distinction between civil and criminal contempt lies in the court's purpose. Civil contempt sanctions are intended to coerce or to compensate; criminal contempt sanctions to punish. See, for example, *Harrisburg Grand Jury*, 658 F2d at 217. "Criminal contempt, more specifically, is reserved for those instances where the court must vindicate its authority." *Waste Conversion*, 893 F2d at 612.
>
> Nor do we interpret the "least possible power" doctrine to mean that courts must always attempt to coerce a contemnor before they may punish him or her. Otherwise, the court's ability to deal with situations where punishment is necessary to vindicate the court's authority would be greatly circumscribed. . . . In addition, the well-established practice of imposing both civil and criminal contempt for the same conduct contradicts the idea that courts must always attempt civil contempt sanctions before resorting to criminal contempt sanctions. When a party refuses to obey a court order, for example, civil sanctions may be used to coerce compliance and criminal sanctions to punish the disobedient conduct.

*Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 896 (3d Cir. 1992).

In addition, Federal Rules of Civil Procedure Rule 70, titled "Enforcing a Judgment for a Specific Act," provides, in relevant part: "The court may also hold the disobedient party in contempt." Fed. R. Civ. P. 70(e).

Thus, the Court finds that it has the authority to grant the relief sought by the Hoffmans in the matter at bar.

**III**.

Before the Court can grant such relief, the Hoffmans have a "'heavy burden to show a [party] guilty of civil contempt. It must be done by "clear and convincing evidence," and where there is ground to doubt the wrongfulness of the conduct, he should not be adjudged in contempt.'" *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) (quoting *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982) (*quoting Fox v. Capital Co.*, 96 F.2d 684, 686 (3d Cir. 1938))). Here, the Court finds that the Affirmation of Paul Hoffman in support of the motion and the absence in the record of any filing of proof of the removal of the *lis pendenses* as required by the Court's first contempt order docketed at ECF No. 465, in addition to Plaintiff's refusal to respond to the Order to Show Cause (ECF No. 640), provide such clear and convincing evidence. Based upon this evidence, the Court finds Smith in contempt of court.

**IV**.

Having found Smith in contempt, the Court has wide discretion when determining the sanction to be imposed. *Robin Woods Inc.*, 28 F.3d at 399 ("The standard of our review of a district court sanction for civil contempt is whether the district court abused its wide discretion in fashioning a remedy." (citing *Delaware Valley Citizens' Council v. Pennsylvania*, 678 F.2d 470, 478 (3d Cir. 1982), *cert. denied*, 459 U.S. 969 (1982))); *see also, e.g., Carty v. Turnbull*, 144 F. Supp. 2d 395, 418 (D.V.I. 2001) ("'The law affords courts great . . . discretion in fashioning an appropriate sanction for contempt.'" (quoting *Carty v. Schneider*, 986 F. Supp. 933, 938 (D.V.I. 1997) (citing *Robin Woods*, 28 F.3d at 399))).

Here, where Smith has defied the Court's first contempt order and continues to disobey the Court's orders, the Court deems a monetary sanction assessed daily until completed compliance appropriate to force compliance. In addition, the Court will award the Hoffmans their attorney's fees and costs related to the filing of both their motion for order to show cause and the motion for sanctions currently before the Court as compensation for Smith's contempt.[7]

Accordingly, it is hereby

---

[7] Although the Court stops short of imposing incarceration or finding criminal contempt, the Court hereby gives Plaintiff notice that further contumacious conduct will result in the imposition of more severe sanctions and may include imprisonment, either as a civil sanction to coerce compliance or as a criminal sanction to punish her disobedience.

**ORDERED** that Defendants Paul Hoffman and Jane Hoffman's Motion for Finding of Contempt and Imposition of Appropriate Sanctions, ECF No. 642, is **GRANTED**. It is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is hereby found in **CONTEMPT of COURT** for her violation of this Court's Orders, and upon her failure to show cause why she should not be so adjudged within the time as stated in the Court's Order of April 24, 2023, (ECF No. 640), and the Court hereby finds in support of this order, the following facts established by the Hoffmans' motion and supporting evidence, and uncontradicted by the Plaintiff:

1. Plaintiff did knowingly and intentionally violate the Court's orders of September 30, 2015, and of March 28, 2017, confirming the boundary between Parcel No. 1 Estate Friise and Parcel No. 14I Estate John's Folly.

2. Despite being directed to purge herself of contempt by performing specific actions set forth in the order of March 28, 2017, Plaintiff failed to take any steps to do so, and therefore remained and remains in contempt of court from the date of those orders up to and including the present.

3. The conduct of Plaintiff, including recording two invalid notices of *lis pendens* against the Hoffmans' property and thereafter executing and causing to be recorded an invalid "Notice of Patent" to further cloud the Hoffmans' title, constituted acts of contempt of court, in that they violated the outstanding orders cited, which were well known to Plaintiff.

4. The conduct of Plaintiff, described in the Hoffmans' motion, affidavit, and affirmation, clearly has caused the Hoffmans harm, by placing a cloud on their title, in complete defiance of the orders of this Court (and other courts of the Virgin Islands) and then taking action to physically invade and trespass upon the Hoffmans' property in reliance upon the unlawfully recorded invalid documents.

**WHEREFORE**, it is

**ORDERED** that Plaintiff **SHALL** pay to the Court, the amount of $100.00 per day, from the date of receipt of this order until she causes her improper notices of *lis pendens* to be removed and duly recorded in the Office of the Recorder of Deeds and submits to the Court clear evidence of her compliance with this Order, such amounts to be rescinded in the event

Plaintiff purges her contempt within 14 days from the date of receipt of this Order; it is further

**ORDERED** that Plaintiff **SHALL,** within 14 days from the date of receipt of this Order, physically remove from the Hoffmans' property the storage trailer and all other illegally placed items; it is further

**ORDERED** that, in the event of Plaintiff's failure to physically remove the storage trailer and other items placed on the Hoffmans' property, including the pole, rope and sign, within 14 days from the date of receipt of this Order, the Hoffmans are authorized and allowed to effect the removal of such items from their property and to dispose of the same at a public dump or disposal site and to recover from Plaintiff the reasonable cost of such removal, upon submission to the Court of receipts establishing the amount of such costs; it is further

**ORDERED** that Plaintiff **SHALL** pay Defendants their costs and attorneys' fees incurred in the bringing of the motion for order to show cause and motion for sanctions, upon submission of an attorney's certificate in customary form; it is further

**ORDERED** that Plaintiff **SHALL** comply with all directives in this order, within 14 days from the receipt hereof, to purge herself of contempt, and **SHALL** refrain from any further acts in violation of any of the referenced orders of this Court; and it is finally

**ORDERED** that a copy of this Order shall be delivered to the Hoffmans' counsel of record and to the Plaintiff at her address shown in the record of this case by certified mail, return receipt requested.

**Dated:** March 31, 2025                             */s/Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**