IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| **IDA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:11-cv-0041** |
| | ) | |
| **ALL PERSONS CLAIMING A PRESENT** | ) | |
| **OR FUTURE INTEREST IN ESTATE** | ) | |
| **13 FRIIS** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## JUDGMENT AND ORDER

**THIS MATTER** came before the Court on March 11, 2026, for hearing upon Plaintiff Ida Smith's Motion to Vacate ECF Order No. 670 and for a Hearing (ECF No. 677) and 2ND Request to Vacate ECF Order No. 670 and for a Hearing (ECF No. 682). Despite being ordered to appear in person (*see* Order (ECF No. 684)), Plaintiff was not present. Maria Tankenson Hodge, Esq., appeared on behalf of Defendants Paul Hoffman and Jane Hoffman (the Hoffmans).

As stated on and evidenced by the record, Plaintiff has continually failed and refused to comply with the Court's orders. Specifically, the Court makes the following findings of fact:

1. By the original complaint (ECF No. 1) filed in this matter on March 24, 2011, Plaintiff sought the Court's determination of the boundary lines of Estate John's Folly, Coral Bay Quarter, St. John, United States Virgin Islands. She also requested the Court to perfect her title to the "remnant" or "remaining" lands of Estate John's Folly. Complaint (ECF No. 1) at 2-3. She subsequently filed a first and second amended complaint, which requested essentially the same relief. *See* ECF Nos. 4 and 17.

2. Title to the property owned by Defendants Paul Hoffman, Jane Hoffman,[1] and David A. Bornn as Trustee for the GAF Trust (the Friis Defendants) has been fully adjudicated. In fact, the boundary between Estate Friis and Estate John's Folly has been repeatedly adjudicated. *See Dudley v. Meyers*, 422 F.2d 1389 (3d Cir. 1970); *Hodge v. McGowan*, 50 V.I. 296 (V.I. 2008); *Hodge v. McGowan*, 29 V.I. 142 (D.V.I. App. Div. 1993).[2] There no longer is any issue to be litigated on the ownership of or the location of the boundary between these two properties. This Court held in 1993: "[A]ppellants [namely, the John's Folly Owners] are precluded from asserting any claims to land located within the bounds of Parcel No. 1 Estate Friise [sic] set by the Wells survey, as modified by the court in Dudley." *Hodge*, 29 V.I. at 152. Parcel No. 1 Estate Friis is the land owned by the Friis Defendants. As evidenced by the judgment in *Hodge v. McGowan*, 29 V.I. 142 (D.V.I. App. Div. 1993), their title has been adjudicated for over thirty years.

3. Despite this boundary having been determined and adjudicated at the time of the commencement of this action, as part of this litigation, Plaintiff filed a *lis pendens* with the Recorder of Deeds against Parcel No.  Estate Friis. *See* Notice of Lis Pendens (ECF No. 169), dated October 12, 2011.

4. After an initial pretrial conference with the parties held before Magistrate Judge Ruth Miller, Judge Miller ordered that "plaintiff shall cause the lis pendens to be removed from the public record as against all affected properties within 10 days of the date of this Order." Order (ECF No. 183), November 4, 2011.

5. Plaintiff did not comply with that directive. And, in fact, filed a second *lis pendens* against the property. *See* Notice of Lis Pendens (ECF No. 456), filed January 8, 2016.

6. As a result of Plaintiff's failure to comply with the Court's Order (ECF No. 183) to remove the first *lis pendens* and in response to the filing of the second *lis*

---

[1] Defendant Jane Hoffman identifies herself as "Jane Hoffman Walker" and "Jane Hoffman-Walker" up to and including ECF No. 532. In her next filing, ECF No. 622, she is identified as "Jane Walker." And, beginning with her next filing, ECF No. 635, she is identified as "Jane Hoffman (formerly Jane Hoffman Walker)."

[2] This opinion contains an excellent summary of the complex factual and legal history of this land dispute.

*pendens*, the Friis Defendants moved for sanctions against Plaintiff and a finding of contempt of court. *See* ECF Nos. 465 and 466 (filed March 1, 2016). Later that same day, Plaintiff counter-moved for sanctions against counsel for the Friis Defendants. *See* ECF No. 467. District Judge Curtis V. Gomez referred the motions to the Magistrate Judge for a report and recommendation. *See* Order (ECF No. 588), entered February 13, 2017.

7.  On September 30, 2015, Judgment (ECF No. 389) was entered in this matter in favor of the Friis Defendants and against Plaintiff, and Plaintiff's claims against the Friis Defendants were dismissed. In addition, the Court awarded the Friis Defendants, as the prevailing party, their attorney's fees in the amount of $19,712.50. *See* Order (ECF No. 525), entered September 28, 2016. This award has never been paid.

8.  By Order (ECF No. 505), entered August 1, 2016, the Court dismissed Plaintiff's claims against the United States of America.[3]

9.  The Court also dismissed all claims against Defendants Treasure View, LLC; Kevin Walsh; Salt Pond Vista, LLC; Carrie Glenn; Lori Jane Snack; William Poppelton; Lorraine A. Poppelton; Charles M. Perdue; Monica Perdue; Heinz G. Fischer; Linda G. Burdet; Trustees of the Heinz G. Fischer Family Trust; Maria K. Struraitis; Donald Durante; Safia B. Durante; and, Stanley Selengut. Order (ECF No. 530), entered September 30, 2016.

10. After further proceedings, on March 28, 2017, a final Judgment (ECF No. 607) was entered, dismissing Plaintiff's Second Amended Complaint, dismissing the case, and directing the Clerk of Court to close the case.

11. On that same date, March 28, 2017, the Court entered an Order (ECF No. 605), resolving the Friis Defendants' motion for sanctions. The Court adopted, in part, the Report and Recommendation of the Magistrate Judge (R&R) (ECF No. 592), wherein Judge Miller recommended denying the request for sanctions, but also recommended finding Smith "in contempt of the Court's November 4, 2011

---

[3] Plaintiff was granted leave to amend her claims against the United States of America, but Plaintiff failed to file a compliant amended complaint.

Order to remove the lis pendens filed on October 18, 2011." R&R (ECF No. 592) at 15. The Court then gave Plaintiff a deadline of no later than April 30, 2017, to "submit on the docket certified proof obtained from the Recorder of Deeds that the October 18, 2011, *lis pendens* was removed from the public record" and to "submit on the docket certified proof obtained from the Recorder of Deeds that the January 8, 2016, *lis pendens* was either (1) removed from the public record; or (2) does not bear on the Friis Defendants' property." Order (ECF No. 605) at 6. Plaintiff also was directed not to "file any further lis pendens against the real property at Parcel No. 1 Estate Friis, St. John, United States Virgin Islands without advance leave of the court." Id. at 7.

12. Despite the Court's Judgments and other rulings, to date, Plaintiff has not removed either *lis pendens* from the public record, nor has she recognized or acknowledged the adjudication of the boundary of the Friis Defendants' property. She also has recorded with the Recorder of Deeds a document titled, "Notice of Certificate of Acceptance and Declarations of Assignees Update of Patent," purporting to establish ownership of Estate 13 Friis and land bordering Estate 14 John's Folly. *See* ECF No. 635-3.

13. Because of Plaintiff's continued violation of the Court's orders, upon motion of the Friis Defendants, *see* ECF No. 642, the Court again found Plaintiff in contempt of court. *See* Order (ECF No. 670), entered March 31, 2025. The Court also levied a sanction of $100 per day, from the date of receipt of the order until Plaintiff purged herself of the contempt by causing the improper notices of *lis pendens* to be removed and duly recorded in the Office of the Recorder of Deeds and submitting to the Court clear evidence of her compliance with this Order. *Id*. at 6. The Court further ordered Plaintiff to physically remove from the Hoffmans' property the storage trailer and all other items she had illegally placed there, and, in the event Plaintiff failed to do so, authorizing the Hoffmans to effectuate the removal of the items and recover from Plaintiff the reasonable cost of such removal. *Id*. at 7.

*Smith v All Persons Claiming a Present or Future Interest in Estate 13 Friis, et. al.*
Case No. 3:11-cv-0041
Order
Page 5 of 7

14. Plaintiff, continuing her contumacious conduct, did not comply; instead, Plaintiff filed motions to vacate the order. *See* ECF Nos. 677 and 682.[4]

15. In addition to Plaintiff's complete disregard for and noncompliance with court orders, she also has filed submissions with this Court containing what can only be interpreted as death threats or, at the very least, threats of physical violence, addressed to the defendants.[5] Smith's conduct, including her failure to appear at the hearing on her own motion to vacate the Court's Order docketed at ECF No. 670 finding her in contempt, fully justifies both the finding that she continues to be in contempt of this Court, and that firm sanctions are required to have any effect upon her or her conduct.

16. Due to Plaintiff's defiance of the Court's contempt orders, and her failure to even appear at a hearing she sought to vacate the most recent contempt order, the daily fine previously imposed will be converted to a fixed amount that can no longer be avoided, as more fully set forth below.

The Court being duly satisfied in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Plaintiff is hereby found in **CONTEMPT OF COURT** for her continued violation of this Court's Orders and for her failure to appear at the March 11, 2026, hearing, convened at Plaintiff's request.

It is further **ORDERED, ADJUDGED, AND DECREED** that **JUDGMENT** is entered in favor of Defendants Paul Hoffman and Jane Hoffman and against Plaintiff, Ida Smith, in the

---

[4] The said motions also requested a hearing, which the Court granted. Order (ECF No. 684), entered January 30, 2026. Plaintiff failed to appear at the hearing, despite being ordered to appear in person. *See id.* This order is issued as the outcome of that hearing.

[5] As part of Plaintiff's response to the Friis Defendants' Motion for Finding Contempt and Imposition of Appropriate Sanctions (ECF No. 642), Plaintiff declares "under oath penalty of perjury," that "I, declarant, Ida Smith will stand my ground as afforded in the second amendment to the U.S. constitution." Declaration (ECF No. 646), filed May 24, 2023. In addition, Harold Alexander Smith, in his affidavit filed in support of Plaintiff's motion to vacate docketed at ECF No. 677, attachment #3, states, "I demand that the Court order ECF document number 670 in 2011-cv-0041, an action to determine the external boundary lines to Estate 14 John's Folly with reference to the United States official original government survey Register No. T3783 [sic], to do otherwise is to cause bloodshed." Affidavit to Dispute Court Jurisdiction by Harold A. Thomas III (ECF No. 677-3) at 3, ¶ 16. Plaintiff's cousin, Ademola Olugebefola, also states what cam be perceived as a threat, stating, "My family and I will not continue to be on the defense against landgrabbers, we will stand our ground." Affidavit of Patent Holder Ademola Olugebefola to Contest the Virgin Islands Courts Jurisdiction (ECF No. 677-4), at 2, ¶ 8.

amounts of $19,712,50[6] and $17,774.03,[7] with interest accruing at the statutory rate; it is further

**ORDERED** that Plaintiff **SHALL** pay to the Clerk of Court the amount of $34,500.00, representing the daily fine imposed by the Court's March 31, 2025, Order (ECF No. 670), from the date of such order through March 11, 2026; it is further

**ORDERED** that Plaintiff **SHALL** pay Defendants Paul Hoffman and Jane Hoffman their costs and attorneys' fees incurred in defending against Plaintiff's motions to vacate upon submission to the Court of an attorney's certificate in customary form; it is further

**ORDERED** that Plaintiff **SHALL** pay Defendants Paul Hoffman and Jane Hoffman the costs for removal and disposal of items Plaintiff has illegally placed on said Defendants' property upon submission to the Court of receipts establishing the amount of such costs; it is further

**ORDERED** that Defendants Paul Hoffman and Jane Hoffman, and those acting on their behalf, shall have no liability whatever to Plaintiff or to anyone acting in concert with Plaintiff for the removal and disposal of any items placed on the Hoffman's property at Estate Friis without their consent; it is further

**ORDERED** that the notices of *lis pendens* recorded October 11, 2011 and January 8, 2016, and the "notice of certificate of acceptance and declaration of assignees update of patent" (*see* ECF No. 635-3) filed with the office of the Recorder of Deeds by Ida Smith and others working in collaboration with her **SHALL** be removed from the Records of the Recorder of Deeds for St. Thomas & St. John, being designated as judicially without validity, and a copy of this order may be recorded to so indicate if the Recorder of Deeds does not remove the same for the records of that office in response to this order; it is further

**ORDERED** that Plaintiff is **PROHIBITED AND BARRED** from recording any further notice of *lis pendens* or similar legal claim or judicial lien related to Estate Friis, St. John, U.S. Virgin Islands or this concluded litigation; it is further

---

[6] This amount represents the award of attorney's fees contained in Order (ECF No. 525), entered September 28, 2016.

[7] The Court accepts and approves the amounts for attorney's fees submitted (ECF No. 681 and 683) in compliance with the Court's Order (ECF No. 670), directing the same.

**ORDERED** that Plaintiff **SHALL** refrain from any contact, or organizing any such contact by or with any person whatsoever, with Paul Hoffman, Jane Hoffman, the Friis Defendants, their children or family members, or any of them. Plaintiff **SHALL** send any communications regarding this matter or any claim or communication related hereto to the Hoffmans' attorneys in conformity with the usual and customary restrictions that would apply to such communications by Plaintiff's counsel, as she appears in this matter *pro se*; it is further

**ORDERED** that Plaintiff, and any person under her direction or control, **SHALL NOT ENTER** upon any part of No. 1 Estate Friis, as defined by the judgment of this Court; Plaintiff, and all persons acting in concert with the Plaintiff, **SHALL** maintain a distance of not less than one hundred (100) feet from the Friis Defendants and their attorneys at all times and in all places; Plaintiff, and any person acting under her direction or control, **SHALL NOT OBSTRUCT OR IMPEDE** any work being undertaken by the Friis Defendants or any person engaged to perform work on the Friis property for the Friis Defendants; it is further

**ORDERED** that Plaintiff **SHALL** be subject to penalties of criminal contempt of court for any violation of any order or directive contained herein; it is further

**ORDERED** that a copy of this Order shall be delivered to the parties' counsel of record and to the Plaintiff at her address shown in the records of this case and shall be recorded in the Office of the Recorder of Deeds for the District of St. Thomas and St. John, U.S. Virgin Islands.

**Dated:** July 30, 2026         */s/Robert A. Molloy*
                                     **ROBERT A. MOLLOY**
                                     **Chief Judge**